**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------X
Edhadji Mbaye, and Modou Diop, *on behalf of*
*themselves and others similarly situated in the*
*proposed FLSA Collective Action,*

                                          *Plaintiffs*,

                      - against -

RCI Hospitality Holdings, Inc., Peregrine
Enterprises Inc. (d/b/a Rick's Cabaret New York),
RCI 33rd Ventures, Inc. (d/b/a Hoops Cabaret and
Sports Bar), 48 West 33rd Street Corp. (d/b/a
Hoops Cabaret and Sports Bar), RCI Dining
Services (37th Street), Inc. (d/b/a Vivid Cabaret),
Eric Langan, and Kes Senevi,

                                    *Defendants*.
-------------------------------------------------------------X

Case No.:

**Jury Trial Demanded**

**<u>COMPLAINT</u>**

       Plaintiffs Edhadji Mbaye ("Mbaye"), and Modou Diop ("Diop", and collectively, the

"Plaintiffs") on behalf of themselves and others similarly situated, by and through their attorneys,

Levin-Epstein & Associates, P.C., upon personal knowledge as to themselves and upon

information and belief as to others, brings this complaint against Defendants RCI Hospitality

Holdings, Inc., Peregrine Enterprises Inc. (d/b/a Rick's Cabaret New York), RCI 33rd Ventures,

Inc. (d/b/a Hoops Cabaret and Sports Bar), 48 West 33rd Street Corp. (d/b/a Hoops Cabaret and

Sports Bar), RCI Dining Services (37th Street), Inc. (d/b/a Vivid Cabaret) (collectively, the

"Corporate Defendants"), Eric Langan, and Kes Senevi (collectively, the "Individual

Defendants", and with the Corporate Defendants, the "Defendants") and state as follows:

<b>NATURE OF THE ACTION</b>

       1.    Plaintiffs worked as bathroom attendants in Defendants adult night clubs known

as: (i) "Rick's Cabaret New York", located at: 50 West 33rd St., New York, NY 10001 ("Rick's

1

Cabaret"); (ii) "Hoops Cabaret", located at 48 West 33rd St., New York, NY 10001 ("Hoops Cabaret"; and (iii) "Vivid Cabaret", located at 61 West 37th St., New York, NY 10018 ("Vivid Cabaret" and collectively with Rick's Cabaret Hoops Cabaret, "Defendants' Nightclubs").

2.      During their employment, Plaintiffs were not paid *any* wages for the hours they worked. Plaintiffs only received gratuities from customers.

3.      In further violation of controlling federal and state labor laws, Plaintiffs were also required to purchase "tools of the trade", including *inter alia*, cologne, mints, gum, and mouthwash, which Defendants required them to purchase. This is truly exploitative – and shameful.

4.      Plaintiffs bring this lawsuit seeking recovery, for themselves and on behalf of all other similarly situated individuals, against Defendants' violations of the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.* (the "FLSA"), Articles 6 and 19 of the New York State Labor Law ("NYLL") and supporting New York Department of Labor ("NYDOL") Regulations.

5.      Plaintiffs seeks injunctive and declaratory relief and to recover unpaid minimum wages, recovery of equipment costs, liquidated and statutory damages, pre- and post-judgment interest, and attorneys' fees and costs pursuant to the FLSA, NYLL, and the NYLL's Wage Theft Prevention Act ("WTPA").

## JURISDICTION AND VENUE

6.      The Court has subject matter jurisdiction of this case pursuant to 29 U.S.C. § 216 (b), 28 U.S.C. § 1331 and 28 U.S.C. § 1337, and has supplemental jurisdiction over Plaintiffs' claims under the NYLL pursuant to 28 U.S.C. § 1367(a).

7.      This Court has federal question jurisdiction over Plaintiffs' claims pursuant to 28 U.S.C. § 1331 because their claims arise under the FLSA.

8.      Venue is proper in this District under 28 U.S.C. § 1391(b) and (c), because all events relevant to this action occurred in this District, and the acts and omissions giving rise to the claims herein alleged took place in this District.

## THE PARTIES

**EDHADJI MBAYE**

9.      Plaintiff Mbaye was employed as a bathroom attendant at Rick's Cabaret from on or around September 2009 to, through and including May 2013, and again from January 15, 2016 to, through and including March 2020.

10.      Plaintiff Mbaye was employed as a non-managerial employee at Rick's Cabaret from on or around September 2009 to, through and including May 2013, and again from January 15, 2016 to, through and including March 2020.

11.      At all relevant times, Plaintiff Mbaye has been an employee within the meaning of Section 3(e) of the FLSA, 29 U.S.C. § 203(e).

**PLAINTIFF MODOU DIOP**

12.      Plaintiff Diop was employed as a bathroom attendant at Rick's Cabaret from on or around June 2013 to, through and including January 2016.

13.      Plaintiff Diop was employed as a bathroom attendant at Vivid Cabaret and Hoops Cabaret from on or around February 2016 to, through and including the present date.

14.      Plaintiff Diop was employed as a non-managerial employee at Defendants' Nightclubs from on or around October 2021 through and including the present date.

15.      At all relevant times, Plaintiff Diop has been an employee within the meaning of Section 3(e) of the FLSA, 29 U.S.C. § 203(e).

**DEFENDANT RCI HOSPITALITY HOLDINGS, INC.**

16.     Upon information and belief, Defendant RCI Hospitality Holdings, Inc. is a foreign corporation organized and existing under the laws of the State of Texas. Upon information and belief, it maintains its principal place of business located at: (i) 50 West 33rd St., New York, NY 10001 (*i.e.,* Rick's Cabaret New York); (ii) 61 West 37th St., New York, NY 10018 (*i.e.,* Vivid Cabaret); and (iii) 48 West 33rd  St., New York, NY 10001 (*i.e.,* Hoops Cabaret), and alternate addresses located at: (iv) 10737 Cutten Rd., Houston, TX 77066-5007; and (v) 1502 Augusta Dr., Suite 320, attn: Robert D. Axelrod, Houston, TX 77057.

17.     At all times relevant to this Complaint, Defendant RCI Hospitality Holdings, Inc.: (i) has had and continues to have employees engaged in commerce or in the production of goods and services for commerce and handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and (ii) has had and continues to have an annual gross volume of sales of not less than $500,000.00.

18.     At all times relevant to this Complaint, Defendant RCI Hospitality Holdings, Inc. was and is a covered employer within the meaning of the FLSA, 29 U.S.C. § 203(d) and, at all times relevant to this Complaint, employed employees, including Plaintiffs.

19.     At all times relevant to this Complaint, Defendant RCI Hospitality Holdings, Inc. was and is an employer within the meaning of the 29 U.S.C. 201 *et seq.* and NYLL Section 190(3), and employed employees, including Plaintiffs.

**DEFENDANT PEREGRINE ENTERPRISES INC. (D/B/A RICK'S CABARET NEW YORK)**

20.     Upon information and belief, Defendant Peregrine Enterprises Inc. (d/b/a Rick's Cabaret New York) is a domestic limited liability company organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principal place of business

located at (i) 50 West 33rd St., New York, NY 10001 (*i.e.,* Rick's Cabaret New York), and alternate addresses located at: (ii) 600 Mamaroneck Ave., Suite #400, Harrison, NY 10528; and (iii) 10737 Cutten Rd., Houston, TX 77066-5007.

21.     At all times relevant to this Complaint, Defendant Peregrine Enterprises Inc. (d/b/a Rick's Cabaret New York): (i) has had and continues to have employees engaged in commerce or in the production of goods and services for commerce and handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and (ii) has had and continues to have an annual gross volume of sales of not less than $500,000.00.

22.     At all times relevant to this Complaint, Defendant Peregrine Enterprises Inc. (d/b/a Rick's Cabaret New York) was and is a covered employer within the meaning of the FLSA, 29 U.S.C. § 203(d) and, at all times relevant to this Complaint, employed employees, including Plaintiffs.

23.     At all times relevant to this Complaint, Defendant Peregrine Enterprises Inc. (d/b/a Rick's Cabaret New York) was and is an employer within the meaning of the 29 U.S.C. 201 *et seq.* and NYLL Section 190(3), and employed employees, including Plaintiffs.

**DEFENDANT RCI 33RD VENTURES, INC.,**

24.     Upon information and belief, Defendant RCI 33rd Ventures, Inc. (d/b/a Hoops Cabaret and Sports Bar) is a domestic limited liability company organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principal place of business located at: (i) 48 West 33rd St., New York, NY 10001 (*i.e.,* Hoops Cabaret), and alternate addresses located at: (ii) 600 Mamaroneck Ave., Suite #400, Harrison, NY 10528; and (iii) 10737 Cutten Rd., Houston, TX 77066-5007.

25.     At all times relevant to this Complaint, Defendant RCI 33rd Ventures, Inc. (d/b/a

Hoops Cabaret and Sports Bar): (i) has had and continues to have employees engaged in commerce or in the production of goods and services for commerce and handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and (ii) has had and continues to have an annual gross volume of sales of not less than $500,000.00.

26.     At all times relevant to this Complaint, Defendant RCI 33rd Ventures, Inc. (d/b/a Hoops Cabaret and Sports Bar) was and is a covered employer within the meaning of the FLSA, 29 U.S.C. § 203(d) and, at all times relevant to this Complaint, employed employees, including Plaintiffs.

27.     At all times relevant to this Complaint, Defendant RCI 33rd Ventures, Inc. (d/b/a Hoops Cabaret and Sports Bar) was and is an employer within the meaning of the 29 U.S.C. 201 *et seq.* and NYLL Section 190(3), and employed employees, including Plaintiffs.

**DEFENDANT 48 WEST 33RD STREET CORP. (D/B/A HOOPS CABARET AND SPORTS BAR)**

28.     Upon information and belief, Defendant RCI 48 West 33rd Street Corp. (d/b/a Hoops Cabaret and Sports Bar) is a domestic limited liability company organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principal place of business located at: (i) 48 West 33rd St., New York, NY 10001 (*i.e.,* Hoops Cabaret), and an alternate addresses located at: (ii) 1808 West Merrick Road, Merrick, NY 11566.

29.     At all times relevant to this Complaint, Defendant 48 West 33rd Street Corp. (d/b/a Hoops Cabaret and Sports Bar): (i) has had and continues to have employees engaged in commerce or in the production of goods and services for commerce and handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and (ii) has had and continues to have an annual gross volume of sales of not less than

$500,000.00.

30.     At all times relevant to this Complaint, Defendant 48 West 33rd Street Corp. (d/b/a Hoops Cabaret and Sports Bar) was and is a covered employer within the meaning of the FLSA, 29 U.S.C. § 203(d) and, at all times relevant to this Complaint, employed employees, including Plaintiffs.

31.     At all times relevant to this Complaint, Defendant 48 West 33rd Street Corp. was and is an employer within the meaning of the 29 U.S.C. 201 *et seq.* and NYLL Section 190(3), and employed employees, including Plaintiffs.

**DEFENDANT RCI DINING SERVICES (37TH STREET), INC. (D/B/A VIVID CABARET)**

32.     Upon information and belief, Defendant RCI Dining Services (37th Street), Inc. (d/b/a Vivid Cabaret) is a domestic limited liability company organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principal place of business located at: (i) 61 West 37th St., New York, NY 10018 (*i.e.,* Vivid Cabaret).

33.     At all times relevant to this Complaint, Defendant RCI Dining Services (37th Street), Inc. (d/b/a Vivid Cabaret): (i) has had and continues to have employees engaged in commerce or in the production of goods and services for commerce and handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and (ii) has had and continues to have an annual gross volume of sales of not less than $500,000.00.

34.     At all times relevant to this Complaint, Defendant RCI Dining Services (37th Street), Inc. (d/b/a Vivid Cabaret) was and is a covered employer within the meaning of the FLSA, 29 U.S.C. § 203(d) and, at all times relevant to this Complaint, employed employees, including Plaintiffs.

35.     At all times relevant to this Complaint, Defendant RCI Dining Services (37th Street), Inc. (d/b/a Vivid Cabaret) was and is an employer within the meaning of the 29 U.S.C. 201 *et seq.* and NYLL Section 190(3), and employed employees, including Plaintiffs.

**DEFENDANT ERIC LANGAN**

36.     Defendant Eric Langan is an individual engaging (or who was engaged) in business within this judicial district during the relevant time period.

37.     Defendant Eric Langan is sued individually and in his capacity as an owner, officer and/or agent of the Corporate Defendants.

38.     Defendant Eric Langan possesses or possessed operational control over the Corporate Defendants, or controlled significant functions of the Corporate Defendants.

39.     Defendant Eric Langan determined the wages and compensation of employees, including Plaintiffs, established the schedules of employees, maintained employee records, and had the authority to hire and fire employees.

40.     At all times relevant to this Complaint, Defendant Eric Langan was and is an employer within the meaning of the 29 U.S.C. 201 *et seq.* and NYLL Section 190(3), and employed employees, including Plaintiffs.

**DEFENDANT KES SENEVI**

41.     Defendant Kes Senevi is an individual engaging (or who was engaged) in business within this judicial district during the relevant time period.

42.     Defendant Kes Senevi is sued individually and in his capacity as an owner, officer and/or agent of the Corporate Defendants.

43.     Defendant Kes Senevi possesses or possessed operational control over the Corporate Defendants, or controlled significant functions of the Corporate Defendants.

44.     Defendant Kes Senevi determined the wages and compensation of employees, including Plaintiffs, established the schedules of employees, maintained employee records, and had the authority to hire and fire employees.

45.     At all times relevant to this Complaint, Defendant Kes Senevi was and is an employer within the meaning of the 29 U.S.C. 201 *et seq*. and NYLL Section 190(3), and employed employees, including Plaintiffs.

**DEFENDANTS CONSTITUTE JOINT EMPLOYERS**

46.     Defendants own, operate and/or control a group of adult night clubs primarily doing business as (i) "Rick's Cabaret", located at: 50 West 33rd St., New York, NY 10001; (ii) "Hoops Cabaret", located at 48 West 33rd  St., New York, NY 10001; and (iii) "Vivid Cabaret", located at 61 West 37th St., New York, NY 10018.

47.     The Individual Defendants possess operational control over the Corporate Defendants, possesses an ownership interest in the Corporate Defendants, and controls significant functions of the Corporate Defendants.

48.     Defendants are associated and joint employers, act in the interest of each other with respect to employees, pay employees by the same method, and share control over the employees.

49.     Each Defendant possessed substantial control over Plaintiffs' (and other similarly situated employees') working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiffs, and all similarly situated individuals, referred to herein.

50.     Defendants jointly employed Plaintiffs, and all similarly situated individuals, and are Plaintiffs' (and all similarly situated individuals') employers within the meaning of 29 U.S.C.

201 *et seq*. and the NYLL.

51.    In the alternative, Defendants constitute a single employer of Plaintiffs and/or similarly situated individuals.

52.     Upon information and belief, the Individual Defendants operate the Corporate Defendants as either an alter ego of themselves, and/or fails to operate the Corporate Defendants as entities legally separate and apart from themselves, by, among other things:

a.    failing to adhere to the corporate formalities necessary to operate the Corporate Defendants as separate and legally distinct entities;

b.    defectively forming or maintaining the Corporate Defendants, by among other things failing to hold annual meetings or maintaining appropriate corporate records;

c.    transferring assets and debts freely as between all Defendants;

d.    operating the Corporate Defendants for their own benefit as the majority shareholders;

e.    operating the Corporate Defendants for their own benefit and maintaining control over it as closed corporations or closely controlled entities;

f.    intermingling assets and debts of their own with the Corporate Defendants;

g.    diminishing and/or transferring assets of the Corporate Defendants to protect their own interests; and

h.    other actions evincing a failure to adhere to the corporate form.

53.    Upon information and belief, Defendants' Nightclubs co-mingle resources, including employees.

54.    At all relevant times, Defendants were Plaintiffs' employers within the meaning of

the FLSA and NYLL.

55.     Defendants had the power to hire and fire Plaintiffs, control the terms and conditions of employment, and determine the rate and method of any compensation in exchange for Plaintiffs' services.

## FACTUAL ALLEGATIONS

### *Factual Allegations Pertaining Specifically to Plaintiff Mbaye*

56.     Plaintiff Mbaye was an employee of Defendants.

57.     Plaintiff Mbaye worked as a bathroom attendant at Rick's Cabaret from on or around September 2009 to, through and including May 2013, and again from January 15, 2016 to, through and including March 2020.

58.     As a bathroom attendant at Rick's Cabaret, Plaintiff Mbaye's primary duties and responsibilities consisted of turning on the tap for bathroom patrons, providing soap and towels to bathroom patrons, and offering bathroom patrons various items, including, *inter alia*, cologne, mints, gum, and mouthwash.

59.     As a bathroom attendant at Rick's Cabaret, Plaintiff Mbaye's primary duties and responsibilities also consisted of cleaning the bathroom counter and water basin, and cleaning and unclogging the bathroom toilets.

60.     From approximately September 2009 to, through and including May 2013, and again from January 15, 2016 to, through and including March 2020, Plaintiff Mbaye worked two (2) days a week at Rick's Cabaret (typically, Sundays and Mondays): from approximately 7:00 p.m. or 8:00 p.m. to 3:00 a.m. or 4:00 a.m., (*i.e.,* approximately 8 hours each day), and for a total period of approximately 16 hours during each of the weeks, respectively.

61.     From approximately September 2009 to, through and including May 2013, and

again from January 15, 2016 to, through and including March 2020, Plaintiff Mbaye's was not paid *any* wages for the hours he worked at Rick's Cabaret.

62.     Plaintiff Mbaye's compensation exclusively consisted of gratuities received directly from customers.

*Factual Allegations Pertaining Specifically to Plaintiff Diop*

63.     Plaintiff Diop was an employee of Defendants.

64.     Plaintiff Diop worked as a bathroom attendant at Rick's Cabaret from on or around June 2013 to, through and including January 2016.

65.     Plaintiff Diop worked as a bathroom attendant at Vivid Cabaret and Hoops Cabaret from on or around February 2016 to, through and including the present date.

66.     As a bathroom attendant at Defendant's Nightclubs, Plaintiff Diop's primary duties and responsibilities consisted of turning on the tap for bathroom patrons, providing soap and towels to bathroom patrons, and offering bathroom patrons various items, including, *inter alia*, cologne, mints, gum, and mouthwash.

67.     As a bathroom attendant at Defendant's Nightclubs, Plaintiff Diop's primary duties and responsibilities also consisted of cleaning the bathroom counter and water basin, and cleaning and unclogging the bathroom toilets.

68.     From approximately June 2013 to, through and including January 2016, Plaintiff Diop worked two (2) days a week at Rick's Cabaret (typically, Sundays and Mondays): from approximately 7:00 p.m. or 8:00 p.m. to 3:00 a.m. or 4:00 a.m., (*i.e.,* approximately 8 hours each day), and for a total period of approximately 16 hours during each of the weeks, respectively.

69.     From approximately February 2016 to, through and including the present date, Plaintiff Diop worked three (3) days a week at Vivid Cabaret and Hoops Cabaret (typically,

Tuesdays, Wednesdays, and Thursdays): from approximately 9:00 p.m. to 4:00 a.m., (*i.e.,* approximately 7 hours each day), and for a total period of approximately 21 hours during each of the weeks, respectively.

70. From approximately June 2013 to, through and including January 2016, and again from February 2016 to, through and including the present date, Plaintiff Diop's was not paid *any* wages for the hours he worked at Rick's Cabaret.

71. Plaintiff Diop's compensation exclusively consisted of gratuities received directly from customers.

*Factual Allegations Pertaining to all Plaintiffs*

72. Plaintiffs' work duties required neither discretion nor independent judgment.

73. No notification, either in the form of posted notices, or other means, was ever given to Plaintiffs regarding wages are required under the FLSA or NYLL.

74. Defendants did not provide Plaintiffs a statement of wages, as required by NYLL 195(3).

75. Defendants did not give any notice to Plaintiffs of their rate of pay, employer's regular pay day, and such other information as required by NYLL § 195(1).

76. Defendant's failure to provide accurate wage notices and accurate wage statements denied Plaintiffs their statutory right to receive true and accurate information about the nature of their employment and related compensation policies.

77. Moreover, the breach of Defendants' obligations injured Plaintiffs by denying them the right to know the conditions of their compensation and resulted in the underpayment of wages averred above.

78. Plaintiffs were ostensibly employed as tipped workers. However, they were

required to spend a considerable part their workday performing non-tipped duties, including but not limited to cleaning the bathroom counter and water basin, and cleaning and unclogging the bathroom toilets (collectively, the "non-tipped duties").

79.     Upon information and belief, Defendants employed the policy and practice of disguising Plaintiffs' actual duties in payroll records by designating them as tipped workers instead of non-tipped employees. This allowed Defendants to avoid paying Plaintiffs at the prevailing minimum wage rate and enabled them to pay Plaintiffs at or below the tip-credit rate.

80.     However, under both the FLSA and NYLL, Defendants were not entitled to take a tip credit because these Plaintiffs' non-tipped duties exceeded 20% of each workday, or 2 hours per day, whichever is less in each day. 12 N.Y.C.R.R. §146.

## FLSA COLLECTIVE ACTION ALLEGATIONS

81.     Plaintiffs brings the First and Fifth Claims for Relief as a collective action pursuant to FLSA §16(b), 29 U.S.C. §216(b), on behalf of all non-exempt persons (including but not limited to bathroom attendants) employed by Defendants on or after the date that is three years before filing of the Complaint in this case, as defined herein ("FLSA Collective Plaintiffs").

82.     At all relevant times, Plaintiffs and FLSA Collective Plaintiffs are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subject to Defendants' decision, policy, plan and common policies, programs, practices, procedures, protocols, routines and rules willfully failing and refusing to pay them at the legally required minimum wages, and requiring them to purchase "tools of the trade". These claims of the Plaintiffs are essentially the same as those of the FLSA Collective Plaintiffs.

83.     The First and Fifth Claims for Relief are properly brought under and maintained as an opt-in collective action pursuant to under FLSA §16(b), 29 U.S.C. §216(b). The FLSA

Collective Plaintiffs are readily ascertainable. For purpose of notice and others related to this action, their names and addresses are readily available from the Defendants. Notice can be provided to the FLSA Collective Plaintiffs via first class mail to the last address known to Defendants.

84.     Plaintiffs reserve the right to re-define the FLSA Collective Plaintiffs prior to notice or collective certification, and thereafter, as necessary.

### FIRST CLAIM
### (FLSA – Unpaid Minimum Wages, 29 U.S.C. § 201 *et seq*.)

85.     Plaintiffs repeat and incorporate all foregoing paragraphs as if fully set forth herein.

86.     Defendants willfully and intentionally failed to compensate the Plaintiff with the applicable minimum hourly wage in violation of the FLSA, 29 U.S. Code § 206.

87.     Defendants have failed to make a good faith effort to comply with the FLSA with respect to compensation of Plaintiffs.

88.     Due to Defendants' violations of the FLSA, Plaintiffs, on behalf of themselves and FLSA Collective Plaintiffs, are entitled to recover from Defendants, jointly and severally, their unpaid minimum wages and an equal amount in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the action, pursuant to the FLSA, all in an amount to be determined at trial. 29 U.S.C. § 216(b).

### SECOND CLAIM
### (NYLL – Unpaid Minimum Wages, N.Y. Stat. § 650 *et seq*.)

89.     Plaintiffs repeat and incorporate all foregoing paragraphs as if fully set forth herein.

90.     Defendants willfully and intentionally failed to compensate the Plaintiffs with the

applicable minimum hourly wage in violation of the NYLL §650 *et seq*.

91.    Defendants have failed to make a good faith effort to comply with the NYLL with respect to compensation of Plaintiffs.

92.    Due to Defendants' violations of the NYLL, Plaintiffs, on behalf of themselves and FLSA Collective Plaintiffs, are entitled to recover from Defendants, jointly and severally, their unpaid minimum wages and an equal amount in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the action, in an amount to be determined at trial, pursuant to the NYLL § 663.

### THIRD CLAIM
### (NYLL WTPA– Failure to Provide Wage Notices)

93.    Plaintiffs repeat and incorporate all foregoing paragraphs as if fully set forth herein.

94.    The NYLL and the WTPA require employers to provide all employees with a written notice of wage rates at the time of hire.

95.    In violation of NYLL §195 (1), Defendants failed to furnish to Plaintiffs at the time of hiring, or whenever their rate(s) of pay changed, with a wage notice containing the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other, allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer in accordance with NYLL §191; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address, if different; the telephone number of the employer, and anything otherwise required by law.

96.    Due to Defendants' violations of NYLL §195 (1), Plaintiffs are entitled to recover their liquidated damages, reasonable attorney's fees and cost and disbursement of the action,

pursuant to the NYLL §198 (1-b).

## FOURTH CLAIM
### (Violation of the Wage Statement Provisions of the NYLL)

97.     Plaintiffs repeat and incorporate all foregoing paragraphs as if fully set forth herein.

98.     With each payment of wages, Defendants failed to provide Plaintiffs with a statement listing each of the following the dates of work covered by the payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; the number of regular hours worked; the number of overtime hours worked, as required by the NYLL § 195(3).

99.     As a result of Defendant's violation of the WTPA, Plaintiffs are entitled to damages of at least $150 per week during which the violations occurred.

## FIFTH CLAIM
### (Recovery of Equipment Costs - FLSA)

100.     Plaintiffs repeat and incorporate all foregoing paragraphs as if fully set forth herein.

101.     Defendants required Plaintiffs to pay, without reimbursement, the costs and expenses for purchasing and maintaining equipment and "tools of the trade" required to perform their jobs, further reducing their wages in violation of the FLSA, including *inter alia*, cologne, mints, gum, and mouthwash. 29 U.S.C. § 206(a); 29 C.F.R. § 531.35.

102.     These expenses incurred by Plaintiffs reduced their wages below the minimum thresholds under the FLSA.

103.     Plaintiffs were damaged in an amount to be determined at trial.

17

## SIXTH CLAIM
### (Recovery of Equipment Costs - NYLL)

104.    Plaintiffs repeat and incorporate all foregoing paragraphs as if fully set forth herein.

105.    Defendants required Plaintiffs to pay, without reimbursement, the costs and expenses for purchasing and maintaining equipment and "tools of the trade" required to perform their jobs, further reducing their wages in violation of the NYLL, including *inter alia*, cologne, mints, gum, and mouthwash. N.Y. Lab. Law §§ 193 and 198-b.

106.    These expenses incurred by Plaintiffs reduced their wages below the minimum thresholds under the NYLL.

107.    Plaintiffs were damaged in an amount to be determined at trial.

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiffs, on behalf of themselves and FLSA Collective Plaintiffs, respectfully requests that this Court enter a judgment:

   a.    authorizing Plaintiffs at the earliest possible time to give notice of this collective action, or that the Court issue such notice, to all persons who are presently, or have up through the extent allowable under the statute of limitations and including the date of issuance of court-supervised notice, been employed by Defendants as nonexempt employees. Such notice shall inform them that the civil notice has been filed, of the nature of the action, of their right to join this lawsuit if they believe they were denied minimum wages and required to purchase "tools of the trade";

   b.    certification of this case as a collective action pursuant to the FLSA;

   c.    issuance of notice pursuant to 29 U.S.C. § 216(b), to all similarly situated members of the FLSA opt-in class, apprising them of the pendency of this action, and permitting them to assert timely FLSA claims and state claims in this action by filing individual Consent to Sue forms pursuant to 29 U.S.C. § 216(b), and appointing Plaintiffs and their counsel to represent the FLSA Collective Plaintiffs;

d.    declaring that Defendants violated the minimum wage provisions of the FLSA, the NYLL and the NYDOL regulations;

e.    declaring that Defendants violated the notice statement pay provisions of the NYLL and WTPA;

f.    awarding Plaintiffs unpaid minimum wages;

g.    awarding Plaintiffs liquidated damages in an amount equal to the total amount of wages found to be due;

h.    awarding unpaid wages under the NYLL and the New York State contract law;

i.    awarding Plaintiffs statutory damages as a result of Defendants' failure to furnish accurate wage notice pursuant to the NYLL;

j.    awarding Plaintiffs pre- and post-judgment interest under the NYLL;

k.    awarding Plaintiffs reasonable attorneys' fees and the costs and disbursements of this action; and

l.    Such other relief as this Court deems just and proper.


Dated: New York, New York
       April 8, 2023

Respectfully submitted,


By: /s/ Joshua Levin-Epstein
    Joshua Levin-Epstein
    Jason Mizrahi
    Levin-Epstein & Associates, P.C.
    60 East 42nd Street, Suite 4700
    New York, New York 10165
    Tel: (212) 792-0046
    Email: Joshua@levinepstein.com
    *Attorneys for the Plaintiffs and proposed FLSA Collection Action Plaintiffs*