UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Edhadji Mbaye, and Modou Diop, *on behalf of themselves and others similarly situated in the proposed FLSA Collective Action*,

                              *Plaintiffs*,

-against-

RCI Hospitality Holdings, Inc., Peregrine Enterprises Inc. (d/b/a Rick's Cabaret New York), RCI 33rd Ventures, Inc. (d/b/a Hoops Cabaret and Sports Bar), 48 West 33rd Street Corp. (d/b/a Hoops Cabaret and Sports Bar), RCI Dining Services (37th Street), Inc. (d/b/a Vivid Cabaret), Eric Langan, and Kes Senevi,

                              *Defendants*.

Case No. 1:23-cv-02967-VSB

## **DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO THE COMPLAINT**

Defendants RCI Hospitality Holdings Inc., fka Rick's Cabaret International, Inc. ("RCIHH"); Peregrine Enterprises, Inc., dba Rick's Cabaret New York ("Rick's Cabaret"); RCI 33rd Ventures, Inc. ("RCI 33rd"); 48 West 33rd Street Corp. ("48 West 33rd Street"); RCI Dining Services (37th Street), Inc. ("Vivid Cabaret"); Eric Langan ("Mr. Langan"); and Kes Senevi ("Mr. Senevi") (collectively, "Defendants"), by and through their attorneys, Akerman LLP, for their Answer to Plaintiffs' Complaint filed April 8, 2023 (the "Complaint"), state and allege as follows:

### **RESPONSE TO "NATURE OF THE ACTION"**

1.    Defendants admit the allegations set forth in Paragraph 1 of the Complaint, except admit that Plaintiffs were independent bathroom attendants at certain Clubs operated by certain of the Defendants.

2. Defendants deny the allegations set forth in Paragraph 2 of the Complaint, except admit that Plaintiffs were not paid wages by Defendants because Plaintiffs were not employed by Defendants during the time period relevant to the Complaint.

3. Defendants deny the allegations set forth in Paragraph 3 of the Complaint.

4. Defendants deny the allegations set forth in Paragraph 4 of the Complaint, except admit that Plaintiffs purport to proceed as alleged.

5. Defendants deny the allegations set forth in Paragraph 5 of the Complaint, except admit that Plaintiffs purport to proceed as alleged.

## RESPONSE TO "JURISDICTION AND VENUE"

6. Defendants admit that Plaintiffs purport to allege that the Court has subject matter and supplemental jurisdiction over this matter, but deny the substance of Plaintiffs' claims and deny the remaining allegations set forth in Paragraph 6 of the Complaint.

7. Defendants admit that Plaintiffs purport to allege that the Court has federal question jurisdiction over this matter, but deny the substance of Plaintiffs' claims and deny the remaining allegations set forth in Paragraph 7 of the Complaint.

8. Defendants admit that Plaintiffs purport to allege that venue is proper in this District, but deny the substance of Plaintiffs' claims and deny the remaining allegations set forth in Paragraph 8 of the Complaint.

## RESPONSE TO "PARTIES"

9. Defendants deny the allegations set forth in Paragraph 9 of the Complaint.

10. Defendants deny the allegations set forth in Paragraph 10 of the Complaint.

11. Defendants deny the allegations set forth in Paragraph 11 of the Complaint.

12. Defendants deny the allegations set forth in Paragraph 12 of the Complaint.

13. Defendants deny the allegations set forth in Paragraph 13 of the Complaint.

14. Defendants deny the allegations set forth in Paragraph 14 of the Complaint.

15. Defendants deny the allegations set forth in Paragraph 15 of the Complaint.

16. Defendants deny the allegations set forth in Paragraph 16 of the Complaint, except admit that RCIHH is a company incorporated in the state of Texas headquartered at 10737 Cutten Road, Houston, Texas 77066.

17. Defendants deny the allegations set forth in Paragraph 17 of the Complaint.

18. Defendants deny the allegations set forth in Paragraph 18 of the Complaint.

19. Defendants deny the allegations set forth in Paragraph 19 of the Complaint.

20. Defendants deny the allegations set forth in Paragraph 20 of the Complaint, except admit that Rick's Cabaret is a company incorporated in the state of New York with its principal place of business located at 50 West 33rd Street, New York, New York 10001.

21. Defendants admit the allegations set forth in Paragraph 21 of the Complaint.

22. Defendants deny the allegations set forth in Paragraph 22 of the Complaint.

23. Defendants deny the allegations set forth in Paragraph 23 of the Complaint.

24. Defendants deny the allegations set forth in Paragraph 24 of the Complaint, except admit that RCI 33rd is a company incorporated in the state of New York with its principal place of business located at 48 West 33rd St., New York, NY 10001.

25. Defendants admit the allegations set forth in Paragraph 25 of the Complaint.

26. Defendants deny the allegations set forth in Paragraph 26 of the Complaint.

27. Defendants deny the allegations set forth in Paragraph 27 of the Complaint.

28. Defendants deny the allegations set forth in Paragraph 28 of the Complaint, except admit that 48 West 33rd Street is a company incorporated in the state of New York with its principal place of business located at 48 West 33rd St., New York, NY 10001.

29. Defendants deny the allegations set forth in Paragraph 29 of the Complaint.

30. Defendants deny the allegations set forth in Paragraph 30 of the Complaint.

31. Defendants deny the allegations set forth in Paragraph 31 of the Complaint.

32. Defendants deny the allegations set forth in Paragraph 32 of the Complaint, except admit that Vivid Cabaret is a company incorporated in the state of New York with its principal place of business located at 61 West 37th St, New York, New York 10018.

33. Defendants admit the allegations set forth in Paragraph 33 of the Complaint.

34. Defendants deny the allegations set forth in Paragraph 34 of the Complaint.

35. Defendants deny the allegations set forth in Paragraph 35 of the Complaint.

36. Defendants deny the allegations set forth in Paragraph 36 of the Complaint.

37. Defendants deny the allegations set forth in Paragraph 37 of the Complaint, except admit that Plaintiffs purport to proceed as alleged.

38. Defendants deny the allegations set forth in Paragraph 38 of the Complaint.

39. Defendants deny the allegations set forth in Paragraph 39 of the Complaint.

40. Defendants deny the allegations set forth in Paragraph 40 of the Complaint.

41. Defendants deny the allegations set forth in Paragraph 41 of the Complaint.

42. Defendants deny the allegations set forth in Paragraph 42 of the Complaint, except admit that Plaintiffs purport to proceed as alleged.

43. Defendants deny the allegations set forth in Paragraph 43 of the Complaint.

44. Defendants deny the allegations set forth in Paragraph 44 of the Complaint.

45. Defendants deny the allegations set forth in Paragraph 45 of the Complaint.

46. Defendants deny the allegations set forth in Paragraph 46 of the Complaint.

47. Defendants deny the allegations set forth in Paragraph 47 of the Complaint.

48. Defendants deny the allegations set forth in Paragraph 48 of the Complaint.

49. Defendants deny the allegations set forth in Paragraph 49 of the Complaint.

50. Defendants deny the allegations set forth in Paragraph 50 of the Complaint.

51. Defendants deny the allegations set forth in Paragraph 51 of the Complaint.

52. Defendants deny the allegations set forth in Paragraph 52 of the Complaint, including subparagraphs a through h.

53. Defendants deny the allegations set forth in Paragraph 53 of the Complaint.

54. Defendants deny the allegations set forth in Paragraph 54 of the Complaint.

55. Defendants deny the allegations set forth in Paragraph 55 of the Complaint.

## **RESPONSE TO "FACTUAL ALLEGATIONS"**

56. Defendants deny the allegations set forth in Paragraph 56 of the Complaint.

57. Defendants deny the allegations set forth in Paragraph 57 of the Complaint.

58. Defendants deny the allegations set forth in Paragraph 58 of the Complaint, except admit that bathroom attendants at Rick's Cabaret were, at the relevant time period, free to provide various services to patrons including offering soap, towels, cologne, gum, and mouthwash.

59. Defendants deny the allegations set forth in Paragraph 59 of the Complaint.

60. Defendants deny the allegations set forth in Paragraph 60 of the Complaint.

61. Defendants deny the allegations set forth in Paragraph 61 of the Complaint, except admit that Plaintiff Mbaye was not paid wages by Defendants because Plaintiff Mbaye was not employed by Defendants during the time period relevant to the Complaint.

62. Defendants deny the allegations set forth in Paragraph 62 of the Complaint, except admit that Plaintiff Mbaye was not paid wages by Defendants because Plaintiff Mbaye was not employed by Defendants during the time period relevant to the Complaint.

63. Defendants deny the allegations set forth in Paragraph 63 of the Complaint.

64. Defendants deny the allegations set forth in Paragraph 64 of the Complaint.

65. Defendants deny the allegations set forth in Paragraph 65 of the Complaint.

66. Defendants deny the allegations set forth in Paragraph 66 of the Complaint, except admit that bathroom attendants at the certain clubs operated by certain Defendants were, at the relevant time period, free to provide various services to patrons including offering soap, towels, cologne, gum, and mouthwash.

67. Defendants deny the allegations set forth in Paragraph 67 of the Complaint.

68. Defendants deny the allegations set forth in Paragraph 68 of the Complaint.

69. Defendants deny the allegations set forth in Paragraph 69 of the Complaint.

70. Defendants deny the allegations set forth in Paragraph 70 of the Complaint, except admit that Plaintiff Diop was not paid wages by Defendants because Plaintiff Diop was not employed by Defendants during the time period relevant to the Complaint.

71. Defendants deny the allegations set forth in Paragraph 71 of the Complaint, except admit that Diop was not paid wages by Defendants because Diop was not employed by Defendants during the time period relevant to the Complaint.

72. Defendants deny the allegations set forth in Paragraph 72 of the Complaint.

73. Defendants deny the allegations set forth in Paragraph 73 of the Complaint.

74. Defendants deny the allegations set forth in Paragraph 74 of the Complaint.

75. Defendants deny the allegations set forth in Paragraph 75 of the Complaint.

76. Defendants deny the allegations set forth in Paragraph 76 of the Complaint.

77. Defendants deny the allegations set forth in Paragraph 77 of the Complaint.

78. Defendants deny the allegations set forth in Paragraph 78 of the Complaint.

79. Defendants deny the allegations set forth in Paragraph 79 of the Complaint.

80. Paragraph 80 of the Complaint calls for a legal conclusion, and Defendants respectfully refer the Court to the statute referenced therein for its full and accurate contents. To the extent that a response is deemed required, Defendants deny the allegations set forth in Paragraph 80 of the Complaint.

### RESPONSE TO "FLSA COLLECTIVE ACTION ALLEGATIONS"

81. Defendants deny the allegations set forth in Paragraph 81 of the Complaint, except admit that Plaintiffs purport to proceed as alleged.

82. Defendants deny the allegations set forth in Paragraph 82 of the Complaint.

83. Defendants deny the allegations set forth in Paragraph 83 of the Complaint.

84. Defendants deny the allegations set forth in Paragraph 84 of the Complaint, except admit that Plaintiffs purport to proceed as alleged.

### RESPONSE TO "FIRST CLAIM"

85. Defendants repeat their responses set forth in Paragraphs 1 through 84 of this Answer by reference as if fully set forth herein in response to the allegations set forth in

Paragraph 85 of the Complaint.

86. Defendants deny the allegations set forth in Paragraph 86 of the Complaint.

87. Defendants deny the allegations set forth in Paragraph 87 of the Complaint.

88. Defendants deny the allegations set forth in Paragraph 88 of the Complaint.

### RESPONSE TO "SECOND CLAIM"

89. Defendants repeat their responses set forth in Paragraphs 1 through 88 of this Answer by reference as if fully set forth herein in response to the allegations set forth in Paragraph 89 of the Complaint.

90. Defendants deny the allegations set forth in Paragraph 90 of the Complaint.

91. Defendants deny the allegations set forth in Paragraph 91 of the Complaint.

92. Defendants deny the allegations set forth in Paragraph 92 of the Complaint.

### RESPONSE TO "THIRD CLAIM"

93. Defendants repeat their responses set forth in Paragraphs 1 through 92 of this Answer by reference as if fully set forth herein in response to the allegations set forth in Paragraph 93 of the Complaint.

94. Paragraph 94 of the Complaint calls for a legal conclusion, and Defendants respectfully refer the Court to the statutes referenced therein for their full and accurate contents. To the extent that a response is deemed required, Defendants deny the allegations set forth in Paragraph 94 of the Complaint.

95. Defendants deny the allegations set forth in Paragraph 95 of the Complaint.

96. Defendants deny the allegations set forth in Paragraph 96 of the Complaint.

## **RESPONSE TO "FOURTH CLAIM"**

97. Defendants repeat their responses set forth in Paragraphs 1 through 96 of this Answer by reference as if fully set forth herein in response to the allegations set forth in Paragraph 97 of the Complaint.

98. Defendants deny the allegations set forth in Paragraph 98 of the Complaint.

99. Defendants deny the allegations set forth in Paragraph 99 of the Complaint.

## **RESPONSE TO "FIFTH CLAIM"**

100. Defendants repeat their responses set forth in Paragraphs 1 through 99 of this Answer by reference as if fully set forth herein in response to the allegations set forth in Paragraph 100 of the Complaint.

101. Defendants deny the allegations set forth in Paragraph 101 of the Complaint.

102. Defendants deny the allegations set forth in Paragraph 102 of the Complaint.

103. Defendants deny the allegations set forth in Paragraph 103 of the Complaint.

## **RESPONSE TO "SIXTH CLAIM"**

104. Defendants repeat their responses set forth in Paragraphs 1 through 103 of this Answer by reference as if fully set forth herein in response to the allegations set forth in Paragraph 104 of the Complaint.

105. Defendants deny the allegations set forth in Paragraph 105 of the Complaint.

106. Defendants deny the allegations set forth in Paragraph 106 of the Complaint.

107. Defendants deny the allegations set forth in Paragraph 107 of the Complaint.

## RESPONSE TO "PRAYER FOR RELIEF"

To the extent not otherwise denied, Defendants deny that Plaintiffs are entitled to any relief or remedy specified in the "Wherefore" clause set forth in the Complaint, including subparagraphs (a) through (l) alleged therein.

## AFFIRMATIVE DEFENSES

Defendants state the following affirmative defenses without assuming the burden of proof on such defenses that would otherwise rest with Plaintiffs.  Defendants also reserve the right to assert such additional defenses that may become applicable during the course of this litigation.

### FIRST AFFIRMATIVE DEFENSE

Each of the claims in the Complaint are subject to arbitration

### SECOND AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred by the applicable statutory limitations periods.

### THIRD AFFIRMATIVE DEFENSE

The Complaint as a whole and each and every purported cause of action alleged therein fails to state facts sufficient to constitute or state a claim against Defendants.

### FOURTH AFFIRMATIVE DEFENSE

Defendants are not the "employer" and/or "joint employer" of Plaintiffs pursuant to the Fair Labor Standards Act ("FLSA") and/or the New York Labor Law ("NYLL").

### FIFTH AFFIRMATIVE DEFENSE

Defendants, at all times, and in all manners, acted in accordance with any and all duties and obligations they may have had under the FLSA and/or the NYLL.

**SIXTH AFFIRMATIVE DEFENSE**

Plaintiffs cannot establish that any alleged acts or omissions were willful, and/or not undertaken in good faith, under the FLSA and/or NYLL.

**SEVENTH AFFIRMATIVE DEFENSE**

Plaintiffs' claims are barred to the extent that Plaintiffs seek to assert claims on behalf of others who are not similarly situated for purposes of the FLSA and/or NYLL with respect to matters alleged in the Complaint.

**EIGHTH AFFIRMATIVE DEFENSE**

Plaintiffs lack standing to bring the proposed collective action under the FLSA or the purported class action under Fed. R. Civ. P. 23.

**NINTH AFFIRMATIVE DEFENSE**

This Court lacks subject matter jurisdiction over some or all of the claims asserted by Plaintiffs.

**TENTH AFFIRMATIVE DEFENSE**

Defendants are entitled to any and all offsets and/or set offs permissible by law.

**ELEVENTH AFFIRMATIVE DEFENSE**

Plaintiffs' claims are barred due to the *de minimis* rule.

**TWELFTH AFFIRMATIVE DEFENSE**

At no point relevant hereto, did Defendants "suffer or permit" Plaintiffs to perform any compensable services for which they are entitled to additional compensation under the FLSA and/or NYLL, beyond that which has already been paid to Plaintiffs.

**THIRTEENTH AFFIRMATIVE DEFENSE**

At no point relevant hereto did Plaintiffs work any hours for which they were not compensated in accordance with that which is required by the FLSA and/or NYLL.

**FOURTEENTH AFFIRMATIVE DEFENSE**

If Plaintiffs suffered any damages as a result of the matters alleged in the Complaint, such damages were caused in whole or in part by Plaintiffs' own culpable conduct. Any judgment recovered by Plaintiffs must be reduced in proportion to the extent that their culpable conduct contributed to the alleged damages.

**FIFTEENTH AFFIRMATIVE DEFENSE**

Defendants have not willfully failed to pay Plaintiffs any wages and/or monies claimed due, and there is a *bona fide*, good faith dispute with respect to Defendants' obligation to pay any sum that may be alleged to be due.

**SIXTEENTH AFFIRMATIVE DEFENSE**

At all relevant times hereto, Plaintiffs' compensation has been in accordance with each and every provision of the FLSA, NYLL and their respective regulations.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

Plaintiffs are not entitled to some or all of the relief sought under the doctrine of consent.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

Plaintiffs' claims are barred to the extent that they have waived the right of recovery.

**NINETEENTH AFFIRMATIVE DEFENSE**

All claims are barred, in or whole in part, to the extent that the work performed falls within exemptions, exclusions, exceptions, or credits provided for in Sections 7 or 13 of the

FLSA, 29 U.S.C. § 207 and 29 U.S.C. § 213, or any other exemption set forth in the FLSA, NYLL, or other applicable law and/or regulation.

### TWENTIETH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred by the equitable doctrines of waiver, laches, estoppel and unclean hands.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

Because the Complaint is phrased in conclusory terms, Defendants reserve the right to raise any additional affirmative defenses as discovery may reveal.

**WHEREFORE**, Defendants respectfully demand judgment against Plaintiffs as follows:

a. Plaintiffs' Complaint be dismissed with prejudice and in its entirety;

b. Each and every prayer for relief set forth in the Complaint be denied;

c. Judgment be entered in favor of Defendants;

d. All costs, including reasonable attorneys' fees, be awarded to Defendants and against Plaintiff pursuant to applicable laws; and

e. Defendants be granted such further relief as this Court deems just and proper.

Date: New York, New York
October 4, 2023

Respectfully submitted,

*AKERMAN LLP*

*/s/ Jeffrey Kimmel*
Jeffrey Kimmel, Esq.
1251 Avenue of the Americas, 37th Floor
New York, New York 10020
jeffrey.kimmel@akerman.com

*Attorneys for Defendants*