UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Case No. l:23-cv-02967-VSB

Edhadji Mbaye, Modou Diop, Tahirou Diakite, and Talla Samb, *on behalf of themselves and others similarly situated in the proposed FLSA Collective Action*,

                              *Plaintiffs*,

                -against-

RCI Hospitality Holdings, Inc., Peregrine Enterprises Inc. (d/b/a Rick's Cabaret New York), RCI 33rd Ventures, Inc. (d/b/a Hoops Cabaret and Sports Bar), 48 West 33rd Street Corp. (d/b/a Hoops Cabaret and Sports Bar), RCI Dining Services (37th Street), Inc. (d/b/a Vivid Cabaret), Eric Langan, Kes Senevi,

                              *Defendants*.

## DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO THE FIRST AMENDED COMPLAINT

Defendants RCI Hospitality Holdings Inc., fka Rick's Cabaret International, Inc. ("RCIHH"); Peregrine Enterprises, Inc., dba Rick's Cabaret New York ("Rick's Cabaret"); RCI 33rd Ventures, Inc. ("RCI 33rd"); 48 West 33rd Street Corp. ("48 West 33rd Street"); RCI Dining Services (37th Street), Inc. ("Vivid Cabaret"); Eric Langan ("Mr. Langan"); and Kes Senevi ("Mr. Senevi") (collectively, "Defendants"), by and through their attorneys, Akerman LLP, for their Answer to Plaintiffs' First Amended Complaint filed November 15, 2023 (the "FAC"), state and allege as follows:

1

## RESPONSE TO "NATURE OF THE ACTION"

1.      Defendants admit the allegations set forth in Paragraph 1 of the FAC, except admit that Plaintiffs were independent bathroom attendants at certain Clubs operated by certain of the Defendants.

2.      Defendants deny the allegations set forth in Paragraph 2 of the FAC, except admit that Plaintiffs were not paid wages by Defendants during the time period relevant to the allegations in the FAC because they were not employees of Defendants.

3.      Defendants deny the allegations set forth in Paragraph 3 of the FAC.

4.      Defendants deny the allegations set forth in Paragraph 4 of the FAC.

5.      Defendants deny the allegations set forth in Paragraph 5 of the FAC, except admit that Plaintiffs purport to proceed as alleged therein.

6.      Defendants deny the allegations set forth in Paragraph 6 of the FAC, except admit that Plaintiffs purport to proceed as alleged therein.

## RESPONSE TO "JURISDICTION AND VENUE"

7.      Defendants admit that Plaintiffs purport to allege that the Court has subject matter and supplemental jurisdiction over this matter, but deny the substance of Plaintiffs' claims and deny the remaining allegations set forth in Paragraph 7 of the FAC.

8.      Defendants admit that Plaintiffs purport to allege that the Court has federal question jurisdiction over this matter, but deny the substance of Plaintiffs' claims and deny the remaining allegations set forth in Paragraph 8 of the FAC.

9.      Defendants admit that Plaintiffs purport to allege that venue is proper in this District, but deny the substance of Plaintiffs' claims and deny the remaining allegations set forth in Paragraph 9 of the FAC.

## **RESPONSE TO "PARTIES"**

10.     Defendants deny the allegations set forth in Paragraph 10 of the FAC.

11.     Defendants deny the allegations set forth in Paragraph 11 of the FAC

12.     Defendants deny the allegations set forth in Paragraph 12 of the FAC.

13.     Defendants deny the allegations set forth in Paragraph 13 of the FAC.

14.     Defendants deny the allegations set forth in Paragraph 14 of the FAC.

15.     Defendants deny the allegations set forth in Paragraph 15 of the FAC.

16.     Defendants deny the allegations set forth in Paragraph 16 of the FAC.

17.     Defendants deny the allegations set forth in Paragraph 17 of the FAC.

18.     Defendants deny the allegations set forth in Paragraph 18 of the FAC.

19.     Defendants deny the allegations set forth in Paragraph 19 of the FAC.

20.     Defendants deny the allegations set forth in Paragraph 20 of the FAC.

21.     Defendants deny the allegations set forth in Paragraph 21 of the FAC.

22.     Defendants deny the allegations set forth in Paragraph 22 of the FAC.

23.     Defendants deny the allegations set forth in Paragraph 23 of the FAC.

24.     Defendants deny the allegations set forth in Paragraph 24 of the FAC.

25.     Defendants deny the allegations set forth in Paragraph 25 of the FAC.

26.     Defendants deny the allegations set forth in Paragraph 26 of the FAC.

27.     Defendants deny the allegations set forth in Paragraph 27 of the FAC.

28.     Defendants deny the allegations set forth in Paragraph 28 of the FAC.

29.     Defendants deny the allegations set forth in Paragraph 29 of the FAC, except admit that RCIHH is a company incorporated in the state of Texas headquartered at 10737 Cutten Road, Houston, Texas 77066.

30.     Defendants deny the allegations set forth in Paragraph 30 of the FAC.

31.     Defendants deny the allegations set forth in Paragraph 31 of the FAC.

32.     Defendants deny the allegations set forth in Paragraph 32 of the FAC.

33.     Defendants deny the allegations set forth in Paragraph 33 of the FAC, except admit that Rick's Cabaret is a company incorporated in the state of New York with its principal place of business located at 50 West 33rd Street, New York, New York 10001.

34.     Defendants admit the allegations set forth in Paragraph 34 of the FAC.

35.     Defendants deny the allegations set forth in Paragraph 35 of the FAC.

36.     Defendants deny the allegations set forth in Paragraph 36 of the FAC.

37.     Defendants deny the allegations set forth in Paragraph 37 of the FAC, except admit that RCI 33rd is a company incorporated in the state of New York with its principal place of business located at 48 West 33rd St., New York, NY 10001.

38.     Defendants admit the allegations set forth in Paragraph 38 of the FAC.

39.     Defendants deny the allegations set forth in Paragraph 39 of the FAC.

40.     Defendants deny the allegations set forth in Paragraph 40 of the FAC.

41.     Defendants deny the allegations set forth in Paragraph 41 of the FAC, except admit that 48 West 33rd Street is a company incorporated in the state of New York with its principal place of business located at 48 West 33rd St., New York, NY 10001.

42.     Defendants deny the allegations set forth in Paragraph 42 of the FAC.

43.     Defendants deny the allegations set forth in Paragraph 43 of the FAC.

44.     Defendants deny the allegations set forth in Paragraph 44 of the FAC.

45.     Defendants deny the allegations set forth in Paragraph 45 of the FAC, except admit that Vivid Cabaret is a company incorporated in the state of New York with its principal place of business located at 61 West 37th St, New York, New York 10018.

46.     Defendants admit the allegations set forth in Paragraph 46 of the FAC.

47.     Defendants deny the allegations set forth in Paragraph 47 of the FAC.

48.     Defendants deny the allegations set forth in Paragraph 48 of the FAC.

49.     Defendants deny the allegations set forth in Paragraph 49 of the FAC.

50.     Defendants deny the allegations set forth in Paragraph 50 of the FAC, except admit that Plaintiffs purport to proceed as alleged therein.

51.     Defendants deny the allegations set forth in Paragraph 51 of the FAC.

52.     Defendants deny the allegations set forth in Paragraph 52 of the FAC.

53.     Defendants deny the allegations set forth in Paragraph 53 of the FAC.

54.     Defendants deny the allegations set forth in Paragraph 54 of the FAC.

55.     Defendants deny the allegations set forth in Paragraph 55 of the FAC, except admit that Plaintiffs purport to proceed as alleged therein.

56.     Defendants deny the allegations set forth in Paragraph 56 of the FAC.

57.     Defendants deny the allegations set forth in Paragraph 57 of the FAC.

58.     Defendants deny the allegations set forth in Paragraph 58 of the FAC.

59.     Defendants deny the allegations set forth in Paragraph 59 of the FAC.

60.     Defendants deny the allegations set forth in Paragraph 60 of the FAC.

61.     Defendants deny the allegations set forth in Paragraph 61 of the FAC.

62.     Defendants deny the allegations set forth in Paragraph 62 of the FAC.

63.     Defendants deny the allegations set forth in Paragraph 63 of the FAC.

64.     Defendants deny the allegations set forth in Paragraph 64 of the FAC.

65.     Defendants deny the allegations set forth in Paragraph 65 of the FAC, including subparagraphs a through h.

66.     Defendants deny the allegations set forth in Paragraph 66 of the FAC.

67.     Defendants deny the allegations set forth in Paragraph 67 of the FAC.

68.     Defendants deny the allegations set forth in Paragraph 68 of the FAC.

## RESPONSE TO "FACTUAL ALLEGATIONS"

69.     Defendants deny the allegations set forth in Paragraph 69 of the FAC.

70.     Defendants deny the allegations set forth in Paragraph 70 of the FAC.

71.     Defendants deny the allegations set forth in Paragraph 71 of the FAC.

72.     Defendants deny the allegations set forth in Paragraph 72 of the FAC.

73.     Defendants deny the allegations set forth in Paragraph 73 of the FAC, except admit that Plaintiff Mbaye was not paid wages by Defendants because Plaintiff Mbaye was not employed by Defendants during the time period relevant to the allegations in FAC.

74.      Defendants lack knowledge or information sufficient to admit or deny the allegations set forth in Paragraph 76 of the FAC.

75.     Defendants deny the allegations set forth in Paragraph 75 of the FAC.

76.     Defendants lack knowledge or information sufficient to admit or deny the allegations set forth in Paragraph 76 of the FAC.

77.     Defendants deny the allegations set forth in Paragraph 77 of the FAC, except admit that Plaintiff Mbaye was not paid reimbursed for any "tools of the trade" because Plaintiff Mbaye was not employed by Defendants during the time period relevant to the allegations in the FAC and was not required to make any such purchases.

78.     Defendants deny the allegations set forth in Paragraph 78 of the FAC.

79.     Defendants deny the allegations set forth in Paragraph 79 of the FAC.

80.     Defendants deny the allegations set forth in Paragraph 80 of the FAC.

81.     Defendants deny the allegations set forth in Paragraph 81 of the FAC.

82.     Defendants deny the allegations set forth in Paragraph 82 of the FAC.

83.     Defendants deny the allegations set forth in Paragraph 83  of the FAC.

84.     Defendants deny the allegations set forth in Paragraph 84 of the FAC, except admit that Plaintiff Diop was not paid wages by Defendants because Plaintiff Diop was not employed by Defendants during the time period relevant to the allegations in the FAC.

85.      Defendants lack knowledge or information sufficient to admit or deny the allegations set forth in Paragraph 85 of the FAC.

86.     Defendants deny the allegations set forth in Paragraph 86 of the FAC.

87.     Defendants deny the allegations set forth in Paragraph 87 of the FAC.

88.     Defendants deny the allegations set forth in Paragraph 88 of the FAC.

89.     Defendants lack knowledge or information sufficient to admit or deny the allegations set forth in Paragraph 89 of the FAC.

90.     Defendants deny the allegations set forth in Paragraph 90 of the FAC, except admit that Plaintiff Diop was not paid reimbursed for any "tools of the trade" because Plaintiff Diop was not employed by Defendants during the time period relevant to the allegations in the FAC and was not required to make any such purchases.

91.     Defendants deny the allegations set forth in Paragraph 91 of the FAC.

92.     Defendants deny the allegations set forth in Paragraph 92 of the FAC.

93.     Defendants deny the allegations set forth in Paragraph 93 of the FAC.

94.     Defendants deny the allegations set forth in Paragraph 94 of the FAC.

95.     Defendants deny the allegations set forth in Paragraph 95 of the FAC.

96.     Defendants deny the allegations set forth in Paragraph 96 of the FAC.

97.     Defendants deny the allegations set forth in Paragraph 97 of the FAC.

98.     Defendants deny the allegations set forth in Paragraph 98 of the FAC, except admit that Plaintiff Diakite was not paid wages by Defendants because Plaintiff Diakite was not employed by Defendants during the time period relevant to the allegations in the FAC.

99.     Defendants lack knowledge or information sufficient to admit or deny the allegations set forth in Paragraph 99 of the FAC.

100.     Defendants deny the allegations set forth in Paragraph 100 of the FAC.

101.     Defendants lack knowledge or information sufficient to admit or deny the allegations set forth in Paragraph 101 of the FAC.

102.     Defendants deny the allegations set forth in Paragraph 102 of the FAC, except admit that Plaintiff Diakite was not paid reimbursed for any "tools of the trade" because Plaintiff

Diakite was not employed by Defendants during the time period relevant to the allegations in the FAC and was not required to make any such purchases.

103.    Defendants deny the allegations set forth in Paragraph 103 of the FAC.

104.    Defendants deny that Plaintiff Samb was an employee of Defendants during the time period relevant to the allegations in the FAC.

105.    Defendants deny the allegations set forth in Paragraph 105 of the FAC.

106.    Defendants deny the allegations set forth in Paragraph 106 of the FAC.

107.    Defendants deny the allegations set forth in Paragraph 107 of the FAC.

108.    Defendants deny the allegations set forth in Paragraph 108 of the FAC.

109.    Defendants deny the allegations set forth in Paragraph 109 of the FAC, except admit that Plaintiff Samb was not paid wages by Defendants because Plaintiff Samb was not employed by Defendants during the time period referenced in this paragraph.

110.     Defendants lack knowledge or information sufficient to admit or deny the allegations set forth in Paragraph 110 of the FAC.

111.    Defendants deny the allegations set forth in Paragraph 111 of the FAC.

112.    Defendants deny the allegations set forth in Paragraph 112 of the FAC.

113.    Defendants deny the allegations set forth in Paragraph 113 of the FAC.

114.    Defendants lack knowledge or information sufficient to admit or deny the allegations set forth in Paragraph 114 of the FAC.

115.    Defendants deny the allegations set forth in Paragraph 102 of the FAC, except admit that Plaintiff Samb was not paid reimbursed for any "tools of the trade" because Plaintiff

Samb was not employed by Defendants during the time period relevant to the allegations in the FAC and was not required to make any such purchases.

116. Defendants deny the allegations set forth in Paragraph 116 of the FAC.

117. Defendants deny the allegations set forth in Paragraph 117 of the FAC.

118. Defendants deny the allegations set forth in Paragraph 118 of the FAC.

119. Defendants deny the allegations set forth in Paragraph 119 of the FAC.

120. Defendants deny the allegations set forth in Paragraph 120 of the FAC.

121. Defendants deny the allegations set forth in Paragraph 121 of the FAC.

122. Defendants deny the allegations set forth in Paragraph 122 of the FAC.

123. Defendants lack knowledge or information sufficient to admit or deny the allegations set forth in Paragraph 123 of the FAC.

124. Defendants deny the allegations set forth in Paragraph 124 of the FAC.

125.  Defendants deny the allegations set forth in Paragraph 125 of the FAC.

126. Defendants deny the allegations set forth in Paragraph 126 of the FAC, and affirmatively state that they did not "take" any share of the tips earned by Plaintiffs.

127. Defendants lack knowledge or information sufficient to admit or deny the allegations set forth in Paragraph 127 of the FAC.

128. Defendants deny the allegations set forth in Paragraph 128 of the FAC, and affirmatively state that Plaintiffs were not subject to any "tip sharing" scheme while performing services at the Clubs.

129.  Defendants deny the allegations set forth in Paragraph 129 of the FAC, except state that Defendants were not required to establish, maintain, or preserve any tip-related records

as to Plaintiffs because Plaintiffs were not tipped employees of Defendants during the time period relevant to the allegations in the FAC.

130.    Defendants deny the allegations set forth in Paragraph 130 of the FAC.

131.    Defendants deny the allegations set forth in Paragraph 131 of the FAC.

132.    Defendants deny the allegations set forth in Paragraph 132 of the FAC, except state that Defendants were not required to provide wage-related notices to Plaintiffs because Plaintiffs were not employees of Defendants during the time period relevant to the allegations in the FAC.

133.    Defendants deny the allegations set forth in Paragraph 133 of the FAC, except state that Defendants were not required to provide wage-related statements to Plaintiffs because Plaintiffs were not employees of Defendants during the time period relevant to the allegations in the FAC.

134.    Defendants deny the allegations set forth in Paragraph 134 of the FAC, except state that Defendants were not required to provide wage-related notices to Plaintiffs because Plaintiffs were not employees of Defendants during the time period relevant to the allegations in the FAC.

135.    Defendants deny the allegations set forth in Paragraph 135 of the FAC.

136.    Defendants deny the allegations set forth in Paragraph 136 of the FAC.

137.    Defendants deny the allegations set forth in Paragraph 137 of the FAC.

138.    Defendants deny the allegations set forth in Paragraph 138 of the FAC.

139.    Paragraph 139 of the FAC calls for a legal conclusion, and Defendants respectfully refer the Court to the statute referenced therein for its full and accurate contents.  To the extent

that a response is deemed required, Defendants deny the allegations set forth in Paragraph 139 of the FAC, except state that Plaintiffs were not tipped employees of Defendants during the time period relevant to the allegations in the FAC.

<b>RESPONSE TO "FLSA COLLECTIVE ACTION ALLEGATIONS"</b>

140.    Defendants deny the allegations set forth in Paragraph 140 of the FAC, except admit that Plaintiffs purport to proceed as alleged therein.

141.    Defendants deny the allegations set forth in Paragraph 141 of the FAC.

142.    Defendants deny the allegations set forth in Paragraph 142 of the FAC.

143.    Defendants deny the allegations set forth in Paragraph 143 of the FAC, except admit that Plaintiffs purport to proceed as alleged therein.

<b>RESPONSE TO RULE 23 CLASS ACTION ALLEGATIONS</b>

144.    Defendants deny the allegations set forth in Paragraph 144 of the FAC, except admit that Plaintiffs purport to proceed as alleged therein.

145.    Defendants deny the allegations set forth in Paragraph 145 of the FAC.

146.    Defendants deny the allegations set forth in Paragraph 146 of the FAC.

147.    Defendants deny the allegations set forth in Paragraph 147 of the FAC.

148.    Defendants deny the allegations set forth in Paragraph 148 of the FAC, including subparagraphs (a) through (i).

149.    Defendants deny the allegations set forth in Paragraph 149.

150.    Defendants deny the allegations set forth in Paragraph 150.

151.    Paragraph 151 of the FAC calls for a legal conclusion, and Defendants respectfully refer the Court to the statute referenced therein for its full and accurate contents.  To the extent

that a response is deemed required, Defendants deny the allegations set forth in Paragraph 151 of the FAC.

152.   Defendants deny the allegations set forth in Paragraph 152.

153.   Defendants deny the allegations set forth in Paragraph 153.

154.   Defendants deny the allegations set forth in Paragraph 154.

155.   Defendants deny the allegations set forth in Paragraph 155.

156.   Defendants lack knowledge or information sufficient to admit or deny the allegations set forth in Paragraph 156 of the FAC.

157.   Defendants lack knowledge or information sufficient to admit or deny the allegations set forth in Paragraph 157 of the FAC.

158.   Defendants lack knowledge or information sufficient to admit or deny the allegations set forth in Paragraph 158 of the FAC.

159.   Defendants lack knowledge or information sufficient to admit or deny the allegations set forth in Paragraph 159 of the FAC.

160.   Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 160 of the FAC.

161.   Defendants deny the allegations set forth in Paragraph 161.

162.   Defendants deny the allegations set forth in Paragraph 162.

163.   Defendants deny the allegations set forth in Paragraph 163.

164.   Defendants deny the allegations set forth in Paragraph 164, and affirmatively state that neither Plaintiffs nor members of any putative class are entitled to damages from Defendants.

165.   Defendants deny the allegations set forth in Paragraph 165.

**RESPONSE TO "FIRST CLAIM"**

166.    Defendants repeat their responses set forth in Paragraphs 1 through 165 of this Answer by reference as if fully set forth herein in response to the allegations set forth in Paragraph 166 of the FAC.

167.    Defendants deny the allegations set forth in Paragraph 167 of the FAC.

168.    Defendants deny the allegations set forth in Paragraph 168 of the FAC.

169.    Defendants deny the allegations set forth in Paragraph 169 of the FAC.

**RESPONSE TO "SECOND CLAIM"**

170.    Defendants repeat their responses set forth in Paragraphs 1 through 169 of this Answer by reference as if fully set forth herein in response to the allegations set forth in Paragraph 170 of the FAC.

171.    Defendants deny the allegations set forth in Paragraph 171 of the FAC.

172.    Defendants deny the allegations set forth in Paragraph 172 of the FAC.

173.    Defendants deny the allegations set forth in Paragraph 173 of the FAC.

**RESPONSE TO "THIRD CLAIM"**

174.    Defendants repeat their responses set forth in Paragraphs 1 through 173 of this Answer by reference as if fully set forth herein in response to the allegations set forth in Paragraph 174 of the FAC.

175.    Paragraph 175 of the FAC calls for a legal conclusion, and Defendants respectfully refer the Court to the statutes referenced therein for their full and accurate contents.  To the extent that a response is deemed required, Defendants deny the allegations set forth in Paragraph 175 of the FAC.

176.    Defendants deny the allegations set forth in Paragraph 176 of the FAC, except state that Defendants were not required to provide wage-related notices to Plaintiffs because Plaintiffs were not employees of Defendants during the time period relevant to the allegations in the FAC.

177.    Defendants deny the allegations set forth in Paragraph 177 of the FAC.

## RESPONSE TO "FOURTH CLAIM"

178.    Defendants repeat their responses set forth in Paragraphs 1 through 177 of this Answer by reference as if fully set forth herein in response to the allegations set forth in Paragraph 178 of the FAC.

179.    Defendants deny the allegations set forth in Paragraph 179 of the FAC, except state that Defendants were not required to provide wage-related statements to Plaintiffs because Plaintiffs were not employees of Defendants during the time period relevant to the allegations in the FAC.

180.    Defendants deny the allegations set forth in Paragraph 180 of the FAC.

## RESPONSE TO "FIFTH CLAIM"

181.    Defendants repeat their responses set forth in Paragraphs 1 through 180 of this Answer by reference as if fully set forth herein in response to the allegations set forth in Paragraph 181 of the FAC.

182.    Defendants deny the allegations set forth in Paragraph 182 of the FAC.

183.    Defendants deny the allegations set forth in Paragraph 183 of the FAC.

184.    Defendants deny the allegations set forth in Paragraph 184 of the FAC.

## RESPONSE TO "SIXTH CLAIM"

185.    Defendants repeat their responses set forth in Paragraphs 1 through 184 of this Answer by reference as if fully set forth herein in response to the allegations set forth in Paragraph 185 of the FAC.

186.    Defendants deny the allegations set forth in Paragraph 186 of the FAC.

187.    Defendants deny the allegations set forth in Paragraph 187 of the FAC.

188.    Defendants deny the allegations set forth in Paragraph 188 of the FAC.

**RESPONSE TO "SEVENTH CLAIM"**

189.    Defendants repeat their responses set forth in Paragraphs 1 through 188 of this Answer by reference as if fully set forth herein in response to the allegations set forth in Paragraph 189 of the FAC.

190.    Defendants deny the allegations set forth in Paragraph 190 of the FAC.

191.    Paragraph 191 of the FAC calls for a legal conclusion, and Defendants respectfully refer the Court to the statute referenced therein for its full and accurate contents.  To the extent that a response is deemed required, Defendants deny the allegations set forth in Paragraph 191 of the FAC.

192.    Defendants deny the allegations set forth in Paragraph 192 of the FAC.

193.    Defendants deny the allegations set forth in Paragraph 193 of the FAC.

194.    Defendants deny the allegations set forth in Paragraph 194 of the FAC.

**RESPONSE TO "EIGHTH CLAIM"**

195.    Defendants repeat their responses set forth in Paragraphs 1 through 194 of this Answer by reference as if fully set forth herein in response to the allegations set forth in Paragraph 195 of the FAC.

196.   Defendants deny the allegations set forth in Paragraph 196 of the FAC.

197.   Paragraph 197 of the FAC calls for a legal conclusion, and Defendants respectfully refer the Court to the statute referenced therein for its full and accurate contents.  To the extent that a response is deemed required, Defendants deny the allegations set forth in Paragraph 197 of the FAC.

198.   Defendants deny the allegations set forth in Paragraph 198 of the FAC.

199.   Defendants deny the allegations set forth in Paragraph 199 of the FAC.

200.   Defendants deny the allegations set forth in Paragraph 200 of the FAC.

**RESPONSE TO "NINTH CLAIM"**

201.   Defendants repeat their responses set forth in Paragraphs 1 through 200 of this Answer by reference as if fully set forth herein in response to the allegations set forth in Paragraph 201 of the FAC.

202.   Defendants deny the allegations set forth in Paragraph 202 of the FAC.

203.   Defendants deny the allegations set forth in Paragraph 203 of the FAC, except state that Defendants did not make any "deductions" from compensation earned by Plaintiffs for their work as independent bathroom attendants at certain Clubs operated by certain of the Defendants.

204.   Defendants deny the allegations set forth in Paragraph 204 of the FAC, except state that Defendants made no "deductions" from compensation earned by Plaintiffs for their work as independent bathroom attendants at certain Clubs operated by certain of the Defendants.

205.   Defendants deny the allegations set forth in Paragraph 205 of the FAC.

206.   Defendants deny the allegations set forth in Paragraph 206 of the FAC.

17

## RESPONSE TO "PRAYER FOR RELIEF"

To the extent not otherwise denied, Defendants deny that Plaintiffs are entitled to any relief or remedy specified in the "Wherefore" clause set forth in the FAC, including subparagraphs (a) through (r) alleged therein.

## AFFIRMATIVE DEFENSES

Defendants state the following affirmative defenses without assuming the burden of proof on such defenses that would otherwise rest with Plaintiffs.  Defendants also reserve the right to assert such additional defenses that may become applicable during the course of this litigation.

## FIRST AFFIRMATIVE DEFENSE

Each of the claims in the FAC are subject to arbitration

## SECOND AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred by the applicable statutory limitations periods.

## THIRD AFFIRMATIVE DEFENSE

The FAC as a whole and each and every purported cause of action alleged therein fails to state facts sufficient to constitute or state a claim against Defendants.

## FOURTH AFFIRMATIVE DEFENSE

Defendants were not the "employer" and/or "joint employer" of Plaintiffs during the time period relevant to the allegations in the FAC pursuant to the Fair Labor Standards Act ("FLSA") and/or the New York Labor Law ("NYLL").

## FIFTH AFFIRMATIVE DEFENSE

Defendants, at all times, and in all manners, acted in accordance with any and all duties and obligations they may have had under the FLSA and/or the NYLL.

**SIXTH AFFIRMATIVE DEFENSE**

Plaintiffs cannot establish that any alleged acts or omissions were willful, and/or not undertaken in good faith, under the FLSA and/or NYLL.

**SEVENTH AFFIRMATIVE DEFENSE**

Plaintiffs' claims are barred to the extent that Plaintiffs seek to assert claims on behalf of others who are not similarly situated for purposes of the FLSA and/or NYLL with respect to matters alleged in the FAC.

**EIGHTH AFFIRMATIVE DEFENSE**

Plaintiffs lack standing to bring the proposed collective action under the FLSA or the purported class action under Fed. R. Civ. P. 23.

**NINTH AFFIRMATIVE DEFENSE**

This Court lacks subject matter jurisdiction over some or all of the claims asserted by Plaintiffs.

**TENTH AFFIRMATIVE DEFENSE**

Defendants are entitled to any and all offsets and/or set offs permissible by law.

**ELEVENTH AFFIRMATIVE DEFENSE**

Plaintiffs' claims are barred due to the *de minimis* rule.

**TWELFTH AFFIRMATIVE DEFENSE**

At no point relevant hereto, did Defendants "suffer or permit" Plaintiffs to perform any compensable services for which they are entitled to additional compensation under the FLSA and/or NYLL, beyond that which has already been paid to Plaintiffs.

**THIRTEENTH AFFIRMATIVE DEFENSE**

At no point relevant hereto did Plaintiffs work any hours for which they were not compensated in accordance with that which is required by the FLSA and/or NYLL.

### FOURTEENTH AFFIRMATIVE DEFENSE

If Plaintiffs suffered any damages as a result of the matters alleged in the FAC, such damages were caused in whole or in part by Plaintiffs' own culpable conduct. Any judgment recovered by Plaintiffs must be reduced in proportion to the extent that their culpable conduct contributed to the alleged damages.

### FIFTEENTH AFFIRMATIVE DEFENSE

Defendants have not willfully failed to pay Plaintiffs any wages and/or monies claimed due, and there is a *bona fide*, good faith dispute with respect to Defendants' obligation to pay any sum that may be alleged to be due.

### SIXTEENTH AFFIRMATIVE DEFENSE

At all relevant times hereto, Plaintiffs' compensation has been in accordance with each and every provision of the FLSA, NYLL and their respective regulations.

### SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiffs are not entitled to some or all of the relief sought under the doctrine of consent.

### EIGHTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred to the extent that they have waived the right of recovery.

### NINETEENTH AFFIRMATIVE DEFENSE

All claims are barred, in or whole in part, to the extent that the work performed falls within exemptions, exclusions, exceptions, or credits provided for in Sections 7 or 13 of the

FLSA, 29 U.S.C. § 207 and 29 U.S.C. § 213, or any other exemption set forth in the FLSA, NYLL, or other applicable law and/or regulation.

### TWENTIETH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred by the equitable doctrines of waiver, laches, estoppel and unclean hands.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

The Court should not exercise supplemental jurisdiction over the counts in the FAC that are purported to arise under New York State law.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

Plaintiffs and any members of a putative class and/or collective lack standing to bring wage statement and/or wage notice claims under NYLL.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

Because the FAC is phrased in conclusory terms, Defendants reserve the right to raise any additional affirmative defenses as discovery may reveal.

**WHEREFORE**, Defendants respectfully demand judgment against Plaintiffs as follows:

a.      Plaintiffs' FAC be dismissed with prejudice and in its entirety;

b.      Each and every prayer for relief set forth in the FAC be denied;

c.      Judgment be entered in favor of Defendants;

d.      All costs, including reasonable attorneys' fees, be awarded to Defendants and against Plaintiff pursuant to applicable laws; and

e.      Defendants be granted such further relief as this Court deems just and proper.

Date:   New York, New York
        November 29, 2023

Respectfully submitted,

**AKERMAN LLP**

*/s/ Jeffrey Kimmel*_____
Jeffrey Kimmel, Esq.
1251 Avenue of the Americas, 37th Floor
New York, New York 10020
jeffrey.kimmel@akerman.com

*Attorneys for Defendants*