

Jeffrey A. Kimmel

Akerman LLP
1251 Avenue of the Americas, 37th
Floor | New York, NY 10020
D: 212-259-6435 | C: 917-837-0121

March 11, 2024

**VIA ECF**

The Honorable Judge Dale E Ho
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

**Re:** ***Mbaye et al v. RCI Hospitality Holdings, Inc. et al***
**Case No. 1:23-cv-02967(DEH)**

Dear Judge Ho:

We represent Defendants RCI Hospitality Holdings, Inc., Peregrine Enterprises Inc., RCI 33rd Ventures, Inc., 48 West 33rd Street Corp., RCI Dining Services (37th Street), Inc., Eric Langan, and Kes Senevi (collectively "Defendants") in the above-captioned matter. We write in opposition to Plaintiffs' letter motion to compel discovery and in support of Defendants' motion to compel discovery.

**A. Plaintiffs' Motion to Compel Discovery**

As an initial matter, it should be noted that Plaintiffs' letter motion is littered with blatant inaccuracies that undermine the relief requested by Plaintiffs. For instance, Plaintiffs claim that Defendants have only produced 19 pages worth of documents in response to Plaintiffs' request for production. To the contrary, Defendants have produced 237 documents[1], which include a multitude of text and audio messages responsive to Plaintiffs' document requests. Indeed, Defendants supplemented their original document production on February 27, 2024 with an additional 84 pages of documents and on February 29, 2024 with an additional 14 pages of documents. Moreover, on March 8, 2024, the date by which the parties agreed to supplement their production, Defendants produced another 118 documents.

Additionally, Plaintiffs mislead the Court by claiming that there have been 6 meet and confer conferences related to the alleged discovery deficiencies noted in Plaintiffs' letter motion.

---

[1] Comprising this total are the number of pages of documents produced plus other individual items such as audio recordings.

In fact, the only meet-and-confer conferences related to the discovery deficiencies alleged by Plaintiffs took place on February 28, 2024 and March 1, 2024. Moreover, it should be noted that Plaintiffs' counsel sprang their deficiency letter on Defendants *during* the parties' February 28, 2024 meet-and-confer call (which had been scheduled the week prior), allowing Defendants no time to review the letter prior to the call. During the same call, Plaintiffs' counsel demanded that counsel for Defendants immediately respond to each of the alleged deficiencies noted in the letter and stated that he would be writing to the Court if Defendants refused to withdraw certain objections or amend certain responses. In other words, Plaintiffs have not acted in good faith to resolve discovery issues with Defendants but have instead engaged in gamesmanship.

Plaintiffs' letter motion also fails on its merits. First, Plaintiffs objects to purported "boiler-plate" objections in Defendants discovery responses but does not explain why they believe the objections are "boiler-plate" or are inapplicable to the relevant requests.[2] Second, Plaintiffs object to the alleged refusal to provide substantive responses to certain discovery requests without explaining how Defendants responses are inadequate. Defendants objected to producing discovery related to restroom attendants who are not yet parties to this case because, at the time, no conditional collective or class had been certified and no putative class or collective members had joined the case. Courts routinely deny discovery on these bases. *See e.g*., *Da Silva Moore v. Publicis Groupe*, 868 F.Supp.2d 137, 169 (S.D.N.Y.2012) (noting discovery should be limited to the named plaintiffs and company policies prior to class certification); *see also Beaton v. Verizon New York, Inc*., 2020 WL 6449235, at *3 (E.D.N.Y., 2020). The parties have since agreed that Defendants will disclose the identities and contact information members of the putative collective by March 18.

With regard to Plaintiffs' requests related to Defendants' "employer liability" and "enterprise coverage" liability[3], it is apparent that Plaintiffs' requests are overly broad, unduly burdensome, and/or go beyond the scope of Local Rules of the United States District Court for the Southern District of New York, Local Civil Rule 33.3. For instance, Plaintiffs interrogatory requests Nos. 16 and 17 ask for "Defendants' Gross Volume of Sales for 2017 through and including the current date" and to "State the method or process by which the corporate Defendants accounts for their Gross Volume of Sales." These requests seek information well beyond what is required by Local Civil Rule 33.3 which limits interrogatories to identification of relevant witnesses, computation of alleged damages, and identification of relevant damages. Plaintiffs' interrogatory requests are also overly broad and irrelevant in that they seek the identity of individuals such as all "shareholders, equity owners, managers, directors or supervisors" of each corporate defendant. *See* Plfs' Exhibit B (Plfs ROG No. 12). Plaintiffs have not and cannot explain how the identities of such individuals (and others) are relevant to this wage-and-hour litigation or how such a request is proportional to the needs of this case.

[2] It should be noted that Defendants' specific objections to the discovery requests differ depending on the request and were not simply repeated verbatim in every response.

[3] Plaintiffs' interrogatory requests numbers 11, 12, 13, 14, 15, 16, 17, and 18 and Plaintiffs' document request numbers 9, 12, 13, 14, 15, 16, 20, and 23.

---

Plaintiffs' document requests fare no better. For instance, Plaintiffs are broadly (and without sufficient justification) requesting "[a]ll corporate documents (including organization charts and shareholder ledgers) and licenses of corporate Defendants, and their parent or subsidiary companies," and "[a]ll leases entered into by Defendants in respect of real property." *See* Exhibit C (RFPD Nos. 20, 23). Plaintiffs have not and cannot explain the relevance of such documents to the instant wage-and-hour litigation or how such a request is proportional to the needs of this case.

In sum, Plaintiffs' letter motion to compel discovery should be denied because Defendants are in compliance with their discovery obligations.

**B. Defendants' Motion to Compel Discovery**

While Defendants are in compliance with their discovery obligations, Plaintiffs have seemingly failed to comply with their discovery obligations. As an initial matter, it should be noted that Plaintiffs responded to Defendants discovery requests one week after the parties' agreed-upon deadline to respond to discovery requests and have thus waived any objections to responding to the requests.[4] *See Cohalan v. Genie Indus., Inc.*, 276 F.R.D. 161, 163 (S.D.N.Y. 2011) ("[a] failure to respond or object to a discovery request in a timely manner waives any objection which may have been available") (internal quotations and citations omitted).

In addition to belatedly responding to Defendants' discovery requests, Plaintiffs have failed to produce ***any*** income tax returns, W2s, 1099s, checks/receipts, schedules/calendars, documents referencing any tips earned by Plaintiffs when they worked at the Clubs, documents related to "dance dollars," or any texts, emails, and WhatsApp messages between Plaintiffs and employees of the clubs, Defendants, or to third parties as they relate to the claims in this case (responsive to Defendants' document request numbers 1, 2, 3, 5, 7, 9, 10, 11, 12, 13, 52, 65, 68). *See* Defs' Exhibit 1. Moreover, the majority of Plaintiffs' interrogatory responses lack specificity in that they simply refer to their initial disclosures which list a large and broad set of witness (responses to interrogatory request numbers 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 20), instead of listing the identities of witnesses in a form which is responsive to the specific requests. *See* Defs' Exhibit 2. During the parties' February 28, 2024 meet-and-confer, Plaintiffs stated that they would supplement and amend their responses to produce missing responsive documents and information[5] by March 8, 2024 but have yet to do so. *See* Defs' Exhibit 3. Defendants notified Plaintiffs that they would be seeking relief from the Court if Plaintiffs failed to timely supplement and amend their responses. *See id.*

---

[4] The parties set a deadline of January 19, 2024 to respond to initial discovery requests and Plaintiffs responded to discovery requests on January 26, 2024.

[5] Except for income tax returns, W2s, and 1099s which Plaintiffs have categorically refused to produce. These documents are clearly relevant to the allegations in this case because they relate to whether Plaintiffs were paid wages by Defendants which is in turn relevant to whether Plaintiffs were misclassified as independent contractors as alleged by Plaintiffs.

---

Accordingly, Defendants respectfully request that the Court compel Plaintiffs to produce the aforementioned outstanding documents and information.

Respectfully Submitted,

*/s/ Jeffrey A. Kimmel*
Jeffrey A. Kimmel
Partner
For the Firm

cc: Plaintiffs' attorney (via ECF)