

# LEVIN-EPSTEIN & ASSOCIATES, P.C.

60 East 42nd Street • Suite 4700 • New York, New York 10165
T: 212.792.0048 • E: Jason@levinepstein.com

March 6, 2024

*VIA ECF*
The Honorable Dale E. Ho, U.S.D.J.
U.S. District Court, Southern District of New York
40 Foley Square
New York, NY 10007

The parties are directed to meet before the Court on **March 15, 2024, at 11:00 a.m. (E.T.)**. The parties shall dial 646-453-4442, enter the meeting code 274780112, and press pound (#). SO ORDERED.

Dale E. Ho
United States District Judge
New York, New York
Dated: March 12, 2024

Re: *Mbaye et al v. RCI Hospitality Holdings, Inc. et al*
   **Case No.: 23-cv-02967**

Dear Honorable Judge Ho:

This law firm represents Plaintiffs Elhadji Mbaye ("Mbaye"), Modou Diop ("Diop") Tahirou Diakite ("Diakite") and Talla Samb ("Samb", and collectively, the "Plaintiffs"), on behalf of themselves and others similarly situated in the proposed Fair Labor Standards Act ("FLSA") collective Action, in the above-referenced matter.

Pursuant to Local Civil Rule ("LCR") 37.2, Your Honor's Individual Motion Practice Rules 4(a) and 4(j), and the directives contained in Your Honor's February 15, 2024 Memo Endorsement [Dckt. No. 70], the instant letter motion respectfully seeks to compel Defendants[1] to cure the deficiencies in their January 19, 2024 responses and objections to Plaintiffs' First Set of Interrogatories, and First Requests for the Production of Documents.[2]

## I. Introduction

Defendant RCI Hospitality Holdings, Inc. is a publicly traded company with reported revenues of $267.6 million in 2022.[3] In SEC filings to their shareholders, RCIHH touts having:

> "[D]eveloped comprehensive policies aimed at ensuring that the operation of each of our nightclubs is conducted in conformance with local, state and federal laws. We have a 'no tolerance' policy on illegal drug use in or around our facilities. We continually monitor the actions of entertainers, waitresses and customers to ensure that proper behavior standards are met...[M]anagement believes that our policies are reasonably effective in achieving their purposes.'"

*See* Dckt. No. 58-1 [RCIHH 2022 Form 10-K at p. 12].

According to two (2) sworn affidavits, each dated August 12, 2021[4], and signed under penalty of perjury under 28 U.S.C. § 1746, by two (2) of RCIHH's General Managers:

---

[1] "Defendants" collectively refers to RCI Hospitality Holdings, Inc. ("RCIHH"), Peregrine Enterprises Inc. (d/b/a Rick's Cabaret New York), RCI 33rd Ventures, Inc. (d/b/a Hoops Cabaret and Sports Bar), 48 West 33rd Street Corp. (d/b/a Hoops Cabaret and Sports Bar), RCI Dining Services (37th Street), Inc. (d/b/a Vivid Cabaret) (collectively, the "Corporate Defendants"), Eric Langan, and Kes Senevi (collectively, the "Individual Defendants", and with the Corporate Defendants, the "Defendants").
[2] Annexed hereto as Exhibits "A" and "B", respectively.
[3] *See* Dckt. No. 58-1 [RCIHH 2022 Form 10-K at p. 4]. During fiscal 2021, and 2020, on a consolidated basis, revenues were $195.3 million, and $132.3 million, respectively. *Id.*
[4] *i.e.,* nearly two (2) years before the filing of the instant action, on April 8, 2023. [*See* Dckt. No. 1].

> "[S]afety and security are paramount [at Defendants' Nightclub]."
>
> "[General Managers] are tasked with overseeing…staff and independent contractors performing security and entertainment services, monitoring patron activity at [Defendants' Nightclub], ensuring continued security presence and a safe, orderly atmosphere…
>
> Accordingly, [Defendants' Nightclub]…*employs bathroom attendants to discourage drug use or other illegal activity*..."

*See* Dckt. Nos. 58-3; 58-4 [Campbell Aff. at ¶ 6]; [Castro Aff. at ¶ 6] (emphasis added).

Plaintiffs are four (4) individuals, who worked as restroom attendants at three (3)[5] of Defendants' adult nightclubs. Collectively, Plaintiffs have worked for Defendants for over ***28 years***.

As Defendants repeatedly admit in their October 4, 2023 Answer with Affirmative Defenses [Dckt. No. 41], and November 29, 2023 Answer with Affirmative Defenses [Dckt. No. 51], for ***decades,*** "[bathroom attendants] *were not paid* [*any*] *wages by Defendants*."[6] This is truly shameful, and exploitative.

Presumably aware that no technical, or factual, justification havens their corporate graft, Defendants have stipulated to the conditional certification of an FLSA collective action consisting of all individuals employed as restroom attendants at (i) Rick's Cabaret ; (ii) Hoops Cabaret ; or (iii) Vivid Cabaret (the "FLSA Collective") since April 8, 2020. [*See* Dckt. No. 72].

However, in a desperate attempt to stymie the inevitable, Defendants are withholding critical information in their possession regarding the FLSA Collective, and regarding Plaintiff's wage-and-hour claims.

As set forth more fully below, and as detailed in Plaintiff's February 28, 2024 deficiency letter, annexed hereto as Exhibit "C", Defendants have littered their responses and objections with improper boiler-plate objections, and have categorically refused to respond to specific requests regarding: (i) the "third party" through whom Defendants allegedly contracted restroom attendants; (ii) Defendants' communications with Plaintiffs; (iii)   class certification and covered employees; (iv) Defendants' "employer" liability; and (v) Defendants' enterprise coverage liability.

To be clear – in response to Plaintiffs' requests for the production of documents, Defendants have only produced nineteen (19) individual pages of documents consisting of: a three (3) page arbitration agreement, and four (4) four-page "restroom attendant agreements".  [*See, e.g.,* Dckt. No. 58-7]. Moreover, in response to Plaintiffs' interrogatories, Defendants have only provided: (i) one name and telephone number of the "third party" through whom Defendants allegedly contracted restroom attendants; and (ii) the names of three (3) individuals who are or were general managers of Vivid Cabaret, Hoops Cabaret, and Rick's Cabaret New York between 2017 and 2023.

---

[5] *To wit*: (i) Rick's Cabaret, located at: 50 West 33rd St., New York, NY 10001 ("Rick's Cabaret"); (ii) Hoops Cabaret, located at 48 West 33rd St., New York, NY 10001 ("Hoops Cabaret"); and (iii) Vivid Cabaret, located at 61 West 37th St., New York, NY 10018 ("Vivid Cabaret").

[6] *See* Dckt. No. 51 at ¶¶ 2, 73, 77, 84, 90, 98, 102, 109, 115; *see also* Dckt. No. 41 at ¶¶ 2, 61, 62, 70, 71. (Emphasis added).

After six (6) meet-and-conferral telephonic conferences, spanning multiple hours[7], held on: (i) December 8, 2024 at 12:14 p.m.; (ii) January 12, 2024 at 1:36 p.m.; (iii) January 26, 2024 at 10:11 a.m.; (iv) February 14, 2024 at 4:11 p.m.; (v) February 28, 2024 at 9:26 a.m.; and (vi) March 1, 2024 at 10:09 a.m., Plaintiffs must now turn to this Honorable Court to compel the production of critical discovery.

## II.   Defendants' Boiler-Plate Objections

As set forth more fully in §§ I(A)-(D), and §§ II(A)–(E) of Plaintiffs' February 28, 2024 deficiency letter [Ex. C], Defendants' January 19, 2024 discovery responses were littered with boiler-plate: (i) general objections[8]; (ii) objections as to privilege[9]; (iii) reservations to supplement responses at a later date[10]; and (iv) objections as to overbreadth and undue burden.[11]

Defendants' counsel has stated that they do not intend to withdraw their boiler-plate objections.

## III.   Defendants' Refusal to Respond to Plaintiffs' Specific Discovery Requests

Defendants have refused to provide *any* substantive responses to virtually all of Plaintiffs' interrogatories and document requests. Defendants must accurately and completely respond to specific requests regarding: (i) the "third party" through whom Defendants allegedly contracted restroom attendants[12]; (ii) Defendants' communications with Plaintiffs[13]; (iii) class certification and covered employees[14]; (iv) Defendants' "employer" liability[15]; and (v) Defendants' enterprise coverage liability.[16]

Defendants' counsel has stated that they intend to supplement their responses only to items nos.: (i) and (ii), and that they will not be withdrawing their boiler-plate objections.

## IV.   Conclusion

"Rule 26(g) is intended to deter and curb discovery abuses, including evasive responses, by 'explicitly encouraging the imposition of sanctions.'" *Kiobel v. Royal Dutch Petroleum Co.,* 2009 WL 1810104, at *2 (S.D.N.Y. 2009*)* (quoting Fed.R.Civ.P. 26 advisory committee's note). The certification requirement of Fed.R.Civ.Pro. "obliges each attorney to stop and think about the legitimacy of the discovery request, a response thereto, or an objection." *Metro. Opera Ass'n, Inc.*

---

[7] Defendants were informed that Plaintiffs believes the parties to be at an impasse, and that Plaintiffs would be requesting a conference with the Court. [*See also* Dckt. No. 70].

[8] Defendants have violated Fed.R.Civ.Pro. 24, 34(b)(2)(B), and 34(b)(2)(C). *See Fischer v. Forrest*, 2017 WL 773694, at 3 (S.D.N.Y. 2017); *see also Carl v. Edwards*, 2017 WL 4271443, at 4 (E.D.N.Y. 2017). Thus, their objections may be deemed to be waived.

[9] Defendants have violated Fed.R.Civ.P. 26(b)(5)(A) and LCR 26.2. *See also Lopez v. City of New York*, 2007 WL 869590, at *3 (E.D.N.Y. 2007). Thus, their objections may be deemed to be waived.

[10] Defendants were first on notice of this Action as early as April 10, 2023 (*i.e.,* for nearly one (1) year). Defendants cannot unilaterally reserve documents for production on a later date.

[11] Defendants have violated the December 1, 2015 amendments to the Fed.R.Civ.P. Thus, their objections may be deemed to be waived.

[12] Interrogatory Nos. 1 and 2, and Doc. Reqs. Nos. 1 and 2.

[13] Interrogatory Nos. 19(c), and Doc. Reqs. Nos. 25 and 28.

[14] Interrogatory Nos. 3, 5, 6 and 8, and Doc. Reqs. Nos. 4, 5, 6, 8, 17, 18, and 19.

[15] Interrogatory Nos. 11, 12, and 13, and Doc. Reqs. Nos. 9, 16, 20 and 23.

[16] Interrogatory Nos. 14, 15, 16, 17 and 18, and Doc. Reqs. Nos. 12, 13, 14, and 15.

*v. Local 100, Hotel Employees and Rest, Employees Int'l Union*, 212 F.R.D. 178, 218-19 (S.D.N.Y. 2003) (quoting Fed.R.Civ.P. 26(g), advisory committee's note to 1983 Amendment). "[A]ll attorneys conducting discovery owe the court a heightened duty of candor." *Kosher Sports, Inc. v. Queens Ballpark Co., LLC*, 2011 WL 3471508, at * 7 (E.D.N.Y. 2011)

      Defendants have no justification for refusing to answer specific requests, and for obfuscating their discovery deficiencies through boiler-plate objections. Defendants are sophisticated businessmen, and RCIHH is publicly traded on the NASDAQ. They have exploited their bathroom attendants for ***decades***. Respectfully, enough is enough.

      We thank the Court for its attention to this matter, and are available at the Court's convenience to answer any questions related to the foregoing.

                                            LEVIN-EPSTEIN & ASSOCIATES, P.C.

                                            By:   */s/ Jason Mizrahi*
                                                    Jason Mizrahi
                                                    60 East 42nd Street, Suite 4747
                                                    New York, NY 10170
                                                    Tel. No.:  (212) 792-0048
                                                    Email: Jason@levinepstein.com
                                                    *Attorneys for Plaintiffs*

VIA ECF: All Counsel

Encl.