UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| EDHADJI MBAYE, et al.<br><br>                          Plaintiffs,<br><br>             v.<br><br>RCI HOSPITALITY HOLDINGS, INC., et al.,<br><br>                         Defendants. | 23-CV-2967 (DEH)<br><br>ORDER |

DALE E. HO, United States District Judge:

On March 4, 2024, the Court granted the parties' proposed order "stipulat[ing] and consent[ing] to the conditional certification of [a Fair Labor standards Act ("FLSA")] collective action." Conditional Collective Order, ECF No. 72. On March 6, 2024, Plaintiffs filed a motion to compel Defendants to cure alleged deficiencies in their responses and objections to Plaintiffs' interrogatories and requests for production. *See* Mot. to Compel, ECF No. 73. On March 11, 2024, Defendants filed a letter in opposition to Plaintiffs' motion and cross-moved to compel Plaintiffs to cure alleged deficiencies in their responses and objections to Defendants' interrogatories and requests for production. Def.s' Opp'n to Mot. to Compel, ECF No. 79. On March 15, 2024, the parties met before the Court to discuss on the record all outstanding discovery disputes. *See* Order, ECF No. 81.

For the reasons discussed below, Plaintiffs' motion to compel is **GRANTED** in part and **DENIED** in part. Defendants' cross-motion to compel is **DENIED**.

I.  **Plaintiffs' Motion to Compel**

Plaintiffs' motion to compel is **GRANTED** in part and **DENIED** in part, as explained in detail below.

1) *Third party and Plaintiff communications*

Plaintiffs' requests regarding (i) the "third party" through whom Defendants allegedly contracted restroom attendants and (ii) Defendants' communications with Plaintiffs—*i.e.*, Interrogatory Nos. 1, 2, and 19(c), and Document Requests 1, 2, 25, and 28—are **DENIED as moot**, without prejudice to renewal, as Defendants have represented that they have cured alleged deficiencies with their responses.[1] To the extent Defendants' responses remain deficient, Plaintiffs' counsel may renew their motion after conferring in good faith with Defendants' counsel, according to the Court's Individual Rule 4(k).

2) *Class certification and covered employees*

Plaintiffs' motion is **GRANTED** in part and **DENIED** in part as to Interrogatory 3—the request regarding employees' names and contact information, as follows. Plaintiffs' request is **GRANTED** only to the extent that the records and information sought relate to putative class members, including the plaintiffs,[2] as it is "proper for courts in collective actions to order the discovery of names, addresses, telephone numbers, email addresses, and dates of employment for potential collective members." *Singh v. Anmol Food Mart, Inc.*, No. 22 Civ. 5475, 2024 WL

---

[1] Counsel for the Defendants represented on the record that since Plaintiffs filed their motion to compel, Defendants have submitted an additional production and intended to supplement their production by the close of the business day on March 15, 2024.

[2] The collective action is defined as "[a]ll individuals employed as restroom attendants at (i) Rick's Cabaret; (ii) Hoops Cabaret; or (iii) Vivid Cabaret . . . since April 8, 2020." Conditional Collective Order.

2

308241, at *4 (E.D.N.Y. Jan. 26, 2024) [3]; *see also Lazaar v. Anthem Companies, Inc.*, No. 22 Civ. 3075 (JGK), 2023 WL 4113034, at *5 (S.D.N.Y. June 22, 2023) (ordering defendants to produce a "list of names and contact information for all putative collective members"). Plaintiffs' request is **DENIED** to the extent that Plaintiffs more broadly seek information on individuals outside the putative class, [4] as such information is irrelevant and disproportionate to the needs of this case. *See Thompson v. Glob. Contact Servs.*, LLC, No. 20-CV-651-MKB-SJB, 2021 WL 1103029, at *2 (E.D.N.Y. Feb. 16, 2021) (denying the motion to compel to the extent that plaintiff requested records for "all non-exempt employees," but granting the motion to the extent that plaintiff sought records on "putative class members" only).

Next, Plaintiffs' motion to compel is **GRANTED** in part and **DENIED** in part as to Interrogatory Numbers 5, 6, and 8, and Document Requests 4, 5, 6, 8, 17, 18, and 19. Specifically, the motion is **GRANTED** to the extent that Plaintiffs seek information and records regarding putative class members only. It is **DENIED** as to individuals outside the putative class,[5] and to the extent Plaintiffs seek information or production of documents outside the relevant time period.[6]

Defendants' objections are insufficient. Defendants first apply boilerplate language to argue that these requests are vague, ambiguous, overbroad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and beyond the scope of Local Civil

---

[3] In all quotations from cases, the Court omits citations, footnotes, emphases, internal quotation marks, brackets, and ellipses, unless otherwise indicated.

[4] Interrogatory 3 broadly requests information on "all current and former non-exempt bathroom attendants" from six years before the filing of the Complaint (i.e., April 8, 2017), onward.

[5] *See supra* discussion above; *see also* Conditional Collective Order.

[6] The relevant time is the period after April 8, 2020. *See* Conditional Collective Order.

3

Rule 33.3.  *See* Def.s' Responses to Interrogatories 5-6, ECF No. 73-1; Def.s' Responses to Requests for Production 3-5, ECF No. 73-2.  Defendants provide no basis in support of these general, boilerplate assertions—and the Court sees none.  *See Thompson v. Glob. Contact Servs., LLC*, No. 20 Civ 651, 2021 WL 1103029, at *1 (E.D.N.Y. Feb. 16, 2021) (explaining that "following [*Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338 (2011)], a blanket refusal to provide class and collective discovery would be inappropriate").

Next, Defendants claim that Plaintiffs' requests are premature because "no class or collective has been certified (conditionally or otherwise)."  *See* Def.s' Responses to Requests for Production ¶ 12.  This objection is moot, given that the Court has conditionally certified the collective.  *See* Conditional Collective Order.  On the record before the Court, Defendants insisted that the requests are nonetheless premature because the class has not yet been "finalized."  Presumably, Defendants are suggesting that because the Court has not yet reached the second stage of its two-step process for certifying a collective action under the FLSA, Plaintiffs are not entitled to discovery on the putative class.  They are wrong.  In certifying a FLSA collective, the Court first "mak[es] an initial determination to send notice to potential opt-in plaintiffs who may be 'similarly situated' to the named plaintiffs with respect to whether a FLSA violation has occurred."  *Myers v. Hertz Corp.*, 624 F.3d 537, 555 (2d Cir. 2010) (collecting cases).  This is the "conditional certification" stage, *Amador v. Morgan Stanley & Co. LLC*, No. 11 Civ. 4326, 2013 WL 494020, at *2 (S.D.N.Y. Feb. 7, 2013), and it has been completed here, *see* Conditional Collective Order.  "At the second stage, the district court will, *on a fuller record*, determine whether a so-called 'collective action' may go forward by determining whether the plaintiffs who have opted in are in fact 'similarly situated' to the named plaintiffs."  *Myers*, 624 F.3d at 555 (emphasis added).  At this stage, "the court . . . has broad discretion to order discovery."  *Searson v. Concord Mortg. Corp.*, No. Civ. 07-3909, 2008 WL

4

961624, at *1 (E.D.N.Y. Apr. 8, 2008).  Indeed, such discovery is necessary for the Court to determine whether the "plaintiffs who have opted in are in fact 'similarly situated' to the named plaintiffs." *Myers*, 624 F.3d at 555.  The Court does not see how Plaintiffs' request could be construed as "premature" at this stage.

Finally, Defendants generally object to Plaintiffs' requests on confidentiality grounds. To the extent that Defendants have any confidentiality concerns, they may meet and confer with Plaintiffs within **two weeks** of this Order to jointly propose a protective order.

3) *Defendants' employer liability*

Plaintiffs' motion to compel is **GRANTED** in part and **DENIED** in part as to Interrogatory Numbers 11, 12, and 13, and Document Requests 9, 16, 20 and 23.  Specifically, the requests are **GRANTED** only to the extent that Plaintiffs seek discovery on scheduling and payroll matters, in the relevant period (i.e., after April 8, 2020), and with respect to putative collective members only, *see* Conditional Collective Order.  The Court therefore **DENIES** Plaintiffs' requests to the extent that they reach beyond scheduling and payroll, beyond the relevant period, and beyond the relevant class.

4) *Defendants' enterprise liability*

Plaintiffs' motion to compel is **DENIED** as to Interrogatories 14, 15, 16, 17 and 18, and Document Requests 12, 13, 14, and 15.  Plaintiffs state only that the requested information is "indispensable to Plaintiffs' claims because[] Defendants are disputing that enterprise coverage liability applies in this action."  Letter of Deficiency 7, ECF No. 73-3.  Plaintiffs' general assertion regarding the relevance of their requests is inadequate.  It is unclear to the Court how, for example, Interrogatory 14 (requesting that Defendants "[i]dentify any employee(s) of corporate Defendants or other person acting on the behalf of Defendants, who was responsible

5

for preparing federal or state taxes forms for Corporate Defendants") is either relevant or "proportional to the needs of the case, considering[, *inter alia*,] . . . the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26. Accordingly, Plaintiffs' motion with respect to Interrogatories 14, 15, 16, 17 and 18, and Document Requests 12, 13, 14, and 15 is denied.

5) *Defendants' Boilerplate objections*

Finally, for the reasons discussed on the record, the Court **DENIES** Plaintiffs' motion to compel insofar as it requests that the Court prohibit Defendants from using certain boilerplate objections in their responses. *See* Pl.s' Mot. to Compel 3. There can be no doubt that Defendants' use of boilerplate language, without more, is insufficient to meet Defendants' discovery obligations. *See Jacoby v. Hartford Life & Acc. Ins. Co.*, 254 F.R.D. 477, 478 (S.D.N.Y. 2009) (holding that Defendants' "boilerplate objections that include unsubstantiated claims of undue burden, overbreadth and lack of relevancy . . . are a paradigm of discovery abuse."). Nonetheless, the Court notes that circumstances may arise in which the language employed by Defendants, if substantiated, would adequately respond to Plaintiffs' requests, and it declines to censor Defendants at this time.

II. **Defendants' Motion to Compel**

Defendants' motion to compel is **DENIED** in full for the following reasons:

Regarding Plaintiffs' tax documents, Defendants have failed to demonstrate either that the documents are relevant, or that Defendants have a compelling need for this production. *See Rosas v. Alice's Tea Cup, LLC*, 127 F. Supp. 3d 4, 11 (S.D.N.Y. 2015) (denying discovery of

6

plaintiffs' tax documents and further holding that compelling the production of "tax information from plaintiffs would serve no obvious purpose other than intimidation.").[7]

All remaining requests by Defendants are **DENIED as moot**, without prejudice to renewal, as Plaintiffs have represented on the record before the Court that they will supplement their responses to resolve all other outstanding issues. To the extent Plaintiffs' responses remain deficient, Defendants' counsel may renew their motion after conferring in good faith with Plaintiffs' counsel, according to the Court's Individual Rule 4(k).

SO ORDERED.

Dated: March 19, 2024
New York, New York

DALE E. HO
United States District Judge

---

[7] *See also Peralta v. Regent Catering, Inc.*, 2022 WL 6799407, at *7 (E.D.N.Y. 2022) ("Tax returns will not resolve the central issue of how many hours Plaintiffs worked for Defendants and whether Defendants properly paid or otherwise compensated Plaintiffs."); *Santillan v. Henao*, 822 F.Supp.2d 284, 294 (E.D.N.Y. 2011) (citing *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 687 (1946)) (noting that the employer has the "duty for the[] maintenance [of these records] under section 11(c) of the FLSA").