

Jeffrey A. Kimmel

Akerman LLP
1251 Avenue of the Americas, 37th
Floor | New York, NY 10020
D: 212-259-6435 | C: 917-837-0121

May 14, 2024

**VIA ECF**

The Honorable Judge Dale E Ho
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

**Re:**   *Mbaye et al v. RCI Hospitality Holdings, Inc. et al*
          <u>Case No.  1:23-cv-02967(DEH)</u>

Dear Judge Ho:

      We represent Defendants RCI Hospitality Holdings, Inc., Peregrine Enterprises Inc., RCI 33rd Ventures, Inc., 48 West 33rd Street Corp., RCI Dining Services (37th Street), Inc., Eric Langan, and Kes Senevi (collectively "Defendants") in the above-captioned matter. We write in opposition to Plaintiffs' letter motion to compel discovery. Specifically, Defendants write to oppose Plaintiffs' motion to compel the depositions of (1) Mustafa Diop and (2) Eric Langan. Plaintiffs' motion has no basis and should be denied.

**A.   Defendants Are Not Required to Produce Mustafa Diop for a Deposition**

      Mustafa Diop (referred to by Plaintiffs in their letter as "Mr. Thiam") is a restroom attendant employee with one of the Clubs at issue in this case. Prior to August 2023, Mr. Diop was not an employee of any Club, but rather a third party with whom the Clubs contracted for the services of restroom attendants. One of Defendants' primary defenses in this case is that Mr. Diop, not Defendants, was Plaintiffs' employer. As such, this firm cannot produce Mr. Diop for a deposition, or represent him.

      Moreover, Defendants are not required to produce Mr. Diop for a deposition simply because Mr. Diop is an employee of one of the Defendants. It is well-settled law that "[a] corporate employee or agent who does not qualify as an officer, director, or managing agent is not subject to deposition by notice." *Ruinsky v Harrah's Entertainment, Inc.*, CV03-4781RJDVVP, 2006 WL 681200, at *1 (EDNY Mar. 15, 2006) (quoting *JSC Foreign Economic Ass'n Technostroyexport v. International Development and Trade Services, Inc.*, 220 F.R.D. 235, 237 (S.D.N.Y.2004)).

Attendance of these non-party employees at a deposition must instead be procured by subpoena addressed to the particular employees. *Id*. Mr. Diop is not an "officer, director, or managing agent" of any of the Defendants and therefore Defendants are not under any obligation to produce him for a deposition.

**B.   Defendants Are Not Required to Produce Eric Langan for a Deposition**

Defendants are also not required to produce Mr. Langan for a deposition in this case.

As an initial matter, it should be noted that contrary to Plaintiffs' claim, Plaintiffs' counsel has not "met-and-conferred" with counsel for Defendants regarding Plaintiffs' request to depose Mr. Langan. Rather, after the deposition of Plaintiff Elhadji Mbaye which took place on May 10, 2024, counsel for Plaintiffs, without prior notice, demanded that Defendants produce Mr. Langan for a deposition. Counsel for Plaintiffs had not requested a meet-and-confer to discuss this issue prior to bringing it up, out of the blue. In fact, after Plaintiffs' counsel initially noticed Mr. Langan's deposition in November 2023 and after counsel for Defendants' advised Plaintiffs that they would not be producing him for deposition in December 2023 as noticed, Plaintiffs' counsel did not mention this issue again until approximately *six months* later in May 2024. In other words, Plaintiffs have had six months notice that Defendants will not be producing Mr. Langan for a deposition, and only now, six days before the May 16 discovery deadline in this case, are demanding his deposition and seeking relief from the Court.

Moreover, Plaintiffs' purported reason for seeking to depose Mr. Langan, to elicit testimony regarding "comprehensive policies" pertaining to clubs located nationwide, is plainly improper. Plaintiffs claim that this information "is crucial in developing the factual predicate of Plaintiffs' anticipated motion for a nationwide collective and/or class action." However, this Court has already conditionally certified a collective (as stipulated by the parties) of restroom attendants who worked for three Clubs located only in New York City [*see* ECF Dkt. No. 72], restroom attendants working for clubs other than these three Clubs are plainly not part of the collective. Plaintiffs cannot certify a nationwide New York Labor Law ("NYLL") class of restroom attendants either since employees outside of the state of New York are not subject to the protections of the NYLL. Further, the pertinent allegations in the operative Complaint in this action relate solely to restroom attendants working for the three Clubs located in New York City.

Additionally, Eric Langan is the President and CEO of RCI Hospitality Holdings Inc., a NASDAQ listed public company that indirectly owns and operates gentlemen's clubs, restaurants, websites, and real estate holdings. As such, under the "apex doctrine" he is entitled to an extra layer of protection from unnecessary depositions. Under the doctrine, those seeking to depose an executive must show that the executive has "unique evidence, personal knowledge of the claims at issue, or that other witnesses are incapable of providing testimony about the conduct alleged." *Iowa Pub. Employees' Ret. Sys. v. Merrill Lynch, Pierce, Fenner & Smith Inc.*, No. 17 CIV. 6221 (KPF), 2020 WL 6273396, at *1 (S.D.N.Y. Aug. 28, 2020). The doctrine applies no less in instances, such as here, where the executive is named as an individual defendant. *See Myun-Uk Choi v. Tower Rsch. Cap. LLC*, No. 14-CV-9912 (KMW), 2019 WL 6271324, at *2 (S.D.N.Y.

The Honorable Dale E. Ho
May 13, 2024
Page 3
_____

Nov. 25, 2019) (affirming magistrate judge's order preventing named defendant's deposition where plaintiffs had failed to come forward with any evidence that the defendant had knowledge of any of the claims or defenses in the case or information that could not easily be obtained through other discovery). Plaintiffs have presented no evidence (nor can they) that Mr. Langan has personal knowledge about policies related to restroom attendants, if any, nationwide across approximately 70 nightclubs. Nor have Plaintiffs even attempted to demonstrate that other witnesses are incapable of providing the testimony sought by Plaintiffs. The simple fact is that the only reason that Mr. Langan is named as a defendant and that Plaintiffs seek to depose him is to harass him in the misguided hope that by doing so and by perhaps inconveniencing the CEO of the company, they will gain some sort of tactical advantage in this case unrelated to the merits.

Accordingly, Defendants respectfully request that the Court deny Plaintiffs' motion to compel arbitration.

Respectfully Submitted,

*/s/ Jeffrey A. Kimmel*
Jeffrey A. Kimmel
Partner
For the Firm

cc:   Plaintiffs' attorney (via ECF)