# LEVIN-EPSTEIN & ASSOCIATES, P.C.

60 East 42nd Street • Suite 4700 • New York, New York 10165
T: 212.792.0048 • E: Jason@levinepstein.com

May 10, 2024

**VIA ECF**
The Honorable Dale E. Ho, U.S.D.J.
U.S. District Court, Southern District of New York
40 Foley Square
New York, NY 10007



Re:   *Mbaye et al v. RCI Hospitality Holdings, Inc. et al*
      <u>Case No.: 23-cv-02967</u>

Dear Honorable Judge Ho:

This law firm represents Plaintiffs Elhadji Mbaye ("Mbaye"), Modou Diop ("Diop") Tahirou Diakite ("Diakite") and Talla Samb ("Samb", and collectively, the "Plaintiffs"), on behalf of themselves and others similarly situated in the proposed Fair Labor Standards Act ("FLSA") collective Action, in the above-referenced matter.

Pursuant to Your Honor's Individual Motion Practice Rules 4(a) and (j), the instant letter motion respectfully serves to request the scheduling of a conference to discuss Plaintiffs' motion to compel Defendants'[1] to produce Mostapha Diop a/k/a Modou Thiam a/k/a/ Mostapha Thiam ("Mr. Thiam") for his deposition; and (ii) to produce discovery relating to Defendants' "comprehensive" policies, across their 70 nightclubs.

### I. Defendants' Refusal to Produce Mr. Thiam for his Deposition

Plaintiffs' counsel noticed the deposition of Mr. Thiam on February 9, 2024.[2] Mr. Thiam's deposition was scheduled for February 27, 2024 at 10:00 a.m. [*See* Ex. A].

Via email circulated on February 22, 2024 at 4:23 p.m., and February 23, 2024 at 3:46 p.m., the undersigned emailed counsel for Defendants, asking them to "confirm [Mr. Thiam's] availability for a deposition on Tuesday (2/27)." Via email transmitted on February 26, 2024, at 8:45 a.m. (*i.e.*, one (1) day before Mr. Thiam's duly-noticed deposition), Defendants' counsel responded as follows:

> "February 27 does not work for [Mr. Thiam's] deposition. Please provide alternative dates and we will get back to you regarding his availability."

On February 27, 2024, the undersigned emailed three (3) proposed dates[3] for Mr. Thiam's in-person deposition. Defendants' counsel never responded to this email.

During a meet-and-conferral phone call on February 28, 2024 at 4:30 p.m., Defendants' counsel represented that he has a phone call scheduled with Mr. Thiam, and that he would confirm Mr. Thiam's availability for an in-person deposition after his scheduled phone call.

---
[1] "Defendants" collectively refers to RCI Hospitality Holdings, Inc. ("RCIHH"), Peregrine Enterprises Inc. (d/b/a Rick's Cabaret New York), RCI 33rd Ventures, Inc. (d/b/a Hoops Cabaret and Sports Bar), 48 West 33rd Street Corp. (d/b/a Hoops Cabaret and Sports Bar), RCI Dining Services (37th Street), Inc. (d/b/a Vivid Cabaret) (collectively, the "Corporate Defendants"), Eric Langan, and Kes Senevi (collectively, the "Individual Defendants", and with the Corporate Defendants, the "Defendants").
[2] A true and correct copy of Mr. Thiam's February 9, 2024 notice of deposition is annexed hereto as Exhibit "A".
[3] *To wit*: (i) March 4, 2024; (ii) March 7, 2024; or (iii) March 8, 2024.

During a meet-and-conferral phone call on March 1, 2024 at 10:00 a.m., Defendants' counsel confirmed Mr. Thiam's availability (and the Defendants' availabilities), for an in-person deposition on: (i) March 25; (ii) March 26; (iii) March 27; (iv) March 28; and (v) March 29, 2024.

Via email transmitted on March 13, 2024 at 10:03 a.m., the undersigned asked Defendants' counsel to "[p]lease confirm the date and time for [Mr. Thiam's] deposition, of the dates you had previously confirmed[,]" (*i.e.,* (i) March 25; (ii) March 26; (iii) March 27; (iv) March 28; and (v) March 29, 2024).

Via email transmitted on March 14, 2024 at 9:57 a.m., Defendants' counsel responded that, "[l]ate March no longer works for us as deposition dates—could you provide us with your availability for mid-April?"

Via email on March 14, 2024 at 10:10 a.m., the undersigned proposed ***nine (9)*** dates[4] for Mr. Thiam's deposition. The undersigned further inquired, as follows:

> "Is there a reason for the cancelation? I am asking because you had previously proposed the March deposition dates. This is also not the first time that you are asking to reschedule Defendants' depositions."

In response, via email transmitted that same day at 11:52 a.m., Defendants' counsel replied:

> "In the last week of March we are running against urgent deadlines in another case…I will reach out to those individuals to ask for their availabilities on the dates you've noted."

Via email transmitted on March 20, 2024 at 4:30 p.m., the undersigned sent a follow-up email, to confirm Mr. Thiam's (and the other Defendants') availabilities.

During a meet-and-conferral phone call on March 25, 2024 at 4:17 p.m., Defendants' counsel suggested that Mr. Thiam could be deposed on either: (i) April 29, 2024; or (ii) May 6, 2024. Via email transmitted on April 18, 2024 at 2:25 p.m. and April 23, 2024 at 4:37 p.m., the undersigned confirmed, *inter alia,* Mr. Thiam's in-person deposition for April 29, 2024 at 10:00 a.m.

In response, via email on April 29, 2024 at 4:07 p.m., Defendants' counsel replied that he would "let [Plaintiffs' counsel] know about the depositions of our witnesses shortly." Via email on April 29, 2024, at 7:07 p.m. and April 30, 2024 at 2:12 p.m., Defendants' counsel represented that he would confirm "[Mr. Thiam's] availabilit[y] soon."

Via email transmitted on April 30, 2024 at 5:23 p.m., the undersigned sent a follow-up email to Defendants' counsel, asking for confirmation on, *inter alia*, Mr. Thiam's availability for an in-person deposition. In response, at 5:40 p.m., Defendants' counsel represented that he would "follow up with [Mr. Thiam's] deposition date/time shortly." Via email transmitted on May 2, 2024 at 4:35 p.m., the undersigned sent a follow-up email to Defendants' counsel, asking for confirmation on, *inter alia*, Mr. Thiam's availability for an in-person deposition. In response, on May 3, 2024 at 12:00 p.m., Defendants' counsel represented that Mr. Thiam would "likely [be available] on May 13, but [Defendants' counsel is] still trying to confirm with [Mr. Thiam].

---

[4] *To wit*: (i) April 9, 2024; (ii) April 10, 2024; (iii) April 11, 2024; (iv) April 12, 2024; (v) April 15, 2024; (vi) April 16, 2024; (vii) April 17, 2024; (viii) April 18, 2024; and (ix) April 19, 2024.

Via email transmitted on May 7, 2024 at 11:39 a.m. and 5:00 p.m., and again on May 9, 2024 at 11:40 a.m., the undersigned sent follow-up emails to Defendants' counsel, asking for confirmation on, *inter alia*, Mr. Thiam's availability for an in-person deposition. Defendants' counsel never responded to these emails.

Following an in-person meet-and-conferral held on May 10, 2024 at approximately 1:20 p.m., Defendants' counsel took the unbelievable position that they do not represent Mr. Thiam, and thus, did not have the authority to schedule his deposition. The undersigned counsel advised Defendants' counsel that the parties were at an impasse, and that Plaintiffs would be requesting a conference with the Court.

This is a deeply troubling reversal of course, particularly in light of the fact that: (i) Defendants' counsel previously represented that Mr. Thiam was the only individual who had access to information concerning the identities and contact information of prospective FLSA Collective opt-in employees. [*See, e.g.,* Dckt. Nos. 68, 73, 74, 80]; (ii) Defendants' counsel never objected to Mr. Thiam's February 9, 2024 notice of deposition [*see* Ex. A]; (iii) Defendants' counsel purported to have complied with their discovery obligations under Fed.R.Civ.P. 33 and 34 in producing responsive discovery in Mr. Thiam's possession, custody and control, in response to Plaintiffs' discovery requests [*see, e.g.,* Dckt. No. 82 at p. 2, ¶ 1]; and (iv) counsel for the parties had met-and-conferred dozens of times since February 9, 2024, to schedule Mr. Thiam's deposition.

Defendants' gamesmanship, in impeding, delaying and frustrating the fair examination of Mr. Thiam, is sanctionable. *See* Fed.R.Civ.P. 30(d)(2).

## II. Defendants' Refusal to Produce Any Discovery, Relating to Defendants' "Comprehensive" Policies

Plaintiffs' counsel noticed the deposition of Eric Langan on November 27, 2023.[5] Mr. Langan's deposition was scheduled for January 22, 2024 at 10:00 a.m. [*See* Ex. A.]

On December 5, 2023 and December 8, 2023, Defendants' counsel noted that they are refusing to produce Mr. Langan for his deposition, on the basis that he is a high-level executive, that had no role in the day-to-day operations of the Clubs.

However, Mr. Langan's anticipated deposition testimony is crucial in developing the factual predicate of Plaintiffs' anticipated motion for a nationwide collective and/or class action. *See, e.g., Zambrano v. Strategic Delivery Solutions, LLC,* 2022 WL 3369597 (S.D.N.Y. 2015) (conditionally certifying nationwide collective action); *Meo v. Lane Bryant, Inc.*, 2019 WL 5157024 (E.D.N.Y. 2019) (same); *Mason v. Lumber Liquidators, Inc.*, 2019 WL 2088609 (E.D.N.Y. 2019) (same). As detailed in Plaintiffs' motion for conditional certification [Dckt. No. 53], in recent SEC filings, Mr. Langan personally explained how RCIHH maximizes its profitability and stock price by developing "comprehensive policies" across a total of 70 adult nightclubs, where they employ thousands of employees, including bathroom attendants. [*See* Dckt. No. 53 at pp. 1-2]. In the SEC filing, Mr. Langan states:

---

[5] A true and correct copy of Mr. Langan's November 27, 2023 notice of deposition is annexed hereto as Exhibit "B".

> ***"Activities or conduct at our nightclubs may cause us to lose necessary business licenses, expose us to liability, or result in adverse publicity, which may increase our costs and divert management's attention from our business.***
>
> We are subject to risks associated with activities or conduct at our nightclubs that are illegal or violate the terms of necessary business licenses…Illegal activities or conduct at any of our nightclubs may result in negative publicity or litigation. Such consequences may increase our cost of doing business, divert management's attention from our business and make an investment in our securities unattractive to current and potential investors, thereby lowering our profitability and our stock price.
>
> We have developed comprehensive policies aimed at ensuring that the operation of each of our nightclubs is conducted in conformance with local, state and federal laws. We have a "no tolerance" policy on illegal drug use in or around our facilities. We continually monitor the actions of entertainers, waitresses and customers to ensure that proper behavior standards are met…[M]anagement believes that our policies are reasonably effective in achieving their purposes."

[*See id*.] (emphasis in original).

Following an in-person meet-and-conferral held on May 10, 2024 at approximately 1:20 p.m., Defendants' counsel took the position that: (i) they would not be producing Mr. Langan for his deposition; (ii) nor would they be producing *any* witness, in Mr. Langan's place, who would testify as to Defendants' "comprehensive policies" across their 70 nightclubs. In support of their position, Defendants' counsel simply argued that Plaintiffs' "are not entitled to this information." The undersigned counsel advised Defendants' counsel that the parties were at an impasse, and that Plaintiffs would be requesting a conference with the Court.

### III.   Conclusion

Plaintiffs have been diligent in completing discovery within existing May 16, 2024 deadline. [*See* Dckt. No. 78]. Each and every Plaintiff sat for a deposition the week of May 6, 2024. Plaintiffs have also coordinated (and confirmed) the depositions of Thomas Campbell, Charles Castro and Shaun Kevlin for May 14, 2024, May 15, 2024 and May 16, 2024.

However, Defendants' have unreasonably delayed the completion of fact discovery by refusing to produce Mr. Thiam and Mr. Langan for their duly noticed depositions, and waiting until the proverbial eleventh hour, to raise discovery disputes.

In light of the foregoing, it is respectfully requested that the Court schedule a conference to discuss Plaintiffs' motion to compel Defendants' to produce Mr. Thiam for his deposition; and (ii) to produce Mr. Langan, or another a deponent, capable of materially testifying to Defendants' "comprehensive" policies, across their 70 nightclubs.

We thank the Court for its attention to this matter, and are available at the Court's convenience to answer any questions related to the foregoing.

LEVIN-EPSTEIN & ASSOCIATES, P.C.

By: /s/ Jason Mizrahi
Jason Mizrahi
60 East 42nd Street, Suite 4747
New York, NY 10170
Tel. No.: (212) 792-0048
Email: Jason@levinepstein.com
*Attorneys for Plaintiffs*

VIA ECF: All Counsel

Application **DENIED** without prejudice to renewal. Plaintiffs may renew their application within **one week** of this Order.

**Plaintiffs request that this Court compel the deposition of Mostapha Thiam.** "A corporate employee or agent who does not qualify as an officer, director, or managing agent is not subject to deposition by notice." *JSC Foreign Econ. Ass'n Technostroyexport v. Int'l Dev. & Trade Servs., Inc.*, 220 F.R.D. 235, 237 (S.D.N.Y. 2004). Plaintiffs have not established that Mr. Thiam was an officer, director, or managing agent of RCI Hospitality Holdings. Accordingly, his "attendance [as a] non-party employee[] of [the] corporation at a deposition must be procured by subpoena pursuant to Rule 45 of the Federal Rules of Civil Procedure." *Ruinsky v. Harrah's Ent., Inc.*, No. Civ. 03-4781, 2006 WL 681200, at *1 (E.D.N.Y. Mar. 15, 2006). Plaintiffs do not represent that they issued a subpoena; rather, they noticed the deposition of Mr. Thiam on February 9, 2024. On these facts, the Court cannot compel Mr. Thiam's deposition.

**Plaintiffs request that this Court compel the deposition of Eric Langan.** Mr. Langan is the President and CEO of RCI Hospitality Holdings. *See* ECF No. 86. "[C]ourts have recognized an additional layer of protection for senior corporate executives subject to depositions." *Iowa Pub. Employees' Ret. Sys. v. Merrill Lynch, Pierce, Fenner & Smith Inc.*, No. 17 Civ. 6221, 2020 WL 6273396, at *1 (S.D.N.Y. Aug. 28, 2020) (cleaned up). "Plaintiffs have not shown that Mr. [Langan] has unique evidence, personal knowledge of the claims at issue, or that other witnesses are incapable of providing testimony about the conduct alleged," such that his deposition would be justified. *Id.* Accordingly, Plaintiffs have not established that the Court must compel Mr. Langan's deposition.

**Plaintiffs' request that the Court order Defendants to produce discovery relating to Defendants' "comprehensive" policies, across their 70 nightclubs.** It is unclear to the Court what, exactly, Plaintiffs seek to compel. Plaintiffs must, in any renewed application, clearly explain what, exactly, it would like the Court to compel and how Defendant's responses have been deficient. Plaintiffs may attach to their renewed motion any letter notices of deficiency sent to Defendants and any documentation countering Defendant's representation that Plaintiffs' counsel never met and conferred with Defendant's counsel to discuss Mr. Langan's deposition.

The Clerk of Court is respectfully requested to terminate ECF No. 83.

5

Dale E. Ho
United States District Jusdge
New York, New York Dated:
May 16, 2024