# EXHIBIT D

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| Elhadji Mbaye, Modou Diop, Tahirou Diakite, and Talla Samb, *on behalf of themselves and others similarly situated in the proposed FLSA Collective Action and in the proposed Class,*<br><br>Plaintiffs,<br><br>- against –<br><br>RCI Hospitality Holdings, Inc., Peregrine Enterprises Inc. (d/b/a Rick's Cabaret New York), RCI 33rd Ventures, Inc. (d/b/a Hoops Cabaret and Sports Bar), 48 West 33rd Street Corp. (d/b/a Hoops Cabaret and Sports Bar), RCI Dining Services (37th Street), Inc. (d/b/a Vivid Cabaret), Eric Langan, Kes Senevi,<br><br>Defendants. | Case No. 1:23-cv-02967-VSB |

**DEFENDANTS' THIRD RESPONSES AND OBJECTIONS TO**
**PLAINTIFFS' FIRST SET OF INTERROGATORIES**

RCI Hospitality Holdings Inc., fka Rick's Cabaret International, Inc. ("RCIHH"); Peregrine Enterprises, Inc., dba Rick's Cabaret New York ("Rick's Cabaret"); RCI 33rd Ventures, Inc. ("RCI 33rd"); 48 West 33rd Street Corp. ("48 West 33rd Street"); RCI Dining Services (37th Street), Inc. ("Vivid Cabaret"); Eric Langan ("Mr. Langan"); and Kes Senevi ("Mr. Senevi") (collectively, "Defendants"), hereby amend their responses to Plaintiffs' First Set of Interrogatories dated November 27, 2023 (the "Interrogatories"), as follows:

**RESERVATION OF RIGHTS**

1. Any production of documents or responses to the Interrogatories is subject to Defendants' right to object to the competency, relevancy, materiality, or admissibility of any document or answer in any proceeding in this or any other action.

2. The responses and objections herein are based on Defendants' present knowledge, information and belief, and therefore, Defendants reserve their rights to amend, revise, correct, and/or clarify any of the answers or objections herein.

3. Inadvertent production of privileged or otherwise objectionable documents or information shall not be deemed a waiver of any such privilege.

## GENERAL OBJECTIONS AND RESPONSES

1. Defendants object to Plaintiffs' Interrogatories insofar as they are overly broad, unduly burdensome, or seek information not relevant and/or not reasonably calculated to lead to the discovery of admissible evidence.

2. Defendants object to Plaintiffs' Interrogatories insofar as they seek information in the possession, custody or control of entities or parties other than Defendants.

3. Defendants object to Plaintiffs' Interrogatories insofar as they seek information that is privileged or protected from discovery by the attorney-client privilege.

4. Defendants object to Plaintiffs' Interrogatories insofar as they seek information that is privileged or protected from discovery under Federal Rule of Civil Procedure 26(b)(3), in that the information was prepared in connection with or in anticipation of litigation or arbitration and/or constitutes the work product, mental impressions, conclusions, opinions or legal theories of counsel or other representatives of Defendants.

5. Defendants object to Plaintiffs' Interrogatories insofar as they seek to impose any obligation in addition to those imposed by the Federal Rules of Civil Procedure or the Local Rules of the United States District Court for the Southern District of New York.

6. Defendants object to Plaintiffs' Interrogatories insofar as they are unintelligible, vague or otherwise unclear as to the precise information sought.

7. Defendants object to Plaintiffs' Interrogatories to the extent that they seek facts, documents, or information already known to, or equally available to, Plaintiffs.

8. Defendants object to the use throughout Plaintiffs' Interrogatories of words and phrases that are vague, ambiguous, not sufficiently definite or susceptible to varying interpretations. Defendants' responses are based upon their understanding of such words and phrases.

9. Defendants object to Plaintiffs' Interrogatories to the extent that they seek the production or disclosure of proprietary or confidential information and documents.

10. Defendants' answering or responding to any of Plaintiffs' Interrogatories shall not be construed as a waiver of any of Defendants' specific or general objections, whether or not such objection is reiterated in the response to a given Interrogatory, and Defendants reserve the right to assert any such objection to any information or document disclosed or produced.

11. Defendants object to the Definitions and Instructions within Plaintiffs' Interrogatories to the extent they are vague, ambiguous, and overbroad.

12. These General Objections and Responses are incorporated into Defendants' response to each Interrogatory below, whether or not expressly reiterated.

### THIRD AMENDED RESPONSES AND OBJECTIONS TO PLAINTIFFS' INTERROGATORIES

3. List the names, addresses, emails, and telephone numbers of all current and former non-exempt bathroom attendants employed by Defendants on or after the date that is six (6) years before the filing of the Complaint ("Covered Employees").

> **AMENDED RESPONSE:** *See* General Objections. Defendants further object to this Interrogatory on grounds that it is vague, ambiguous, overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Defendants further object to this Interrogatory as premature as a class action has not been certified. Defendants further object to this Interrogatory to the extent that it seeks the disclosure of private and confidential information relating to third parties who are not subject to this action. Defendants further object to this Interrogatory to the extent that it is beyond the scope permitted by the Local Rules

3

of the United States District Court for the Southern District of New York, Local Civil Rule 33.3. Subject to and without waiving the foregoing objections, Defendants refer to the Collective Action Spreadsheet produced previously in this litigation for the contact information for restroom attendants who worked at the Clubs since April 8, 2020, excluding Plaintiffs who can be reached through their attorneys.

5.     Please list and describe all documents that inform the procedures and methods by which Defendants record the time and/or hours worked by Plaintiffs and Covered Employees.

**AMENDED RESPONSE:** *See* General Objections. Defendants further object to this Interrogatory on grounds that it is vague, ambiguous, overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Defendants further object to this Interrogatory insofar as it assumes that Plaintiffs were employees prior to August 2023 which they were not. Defendants further object to this Interrogatory as premature as a class has not been certified. Defendants further object to this Interrogatory to the extent that it seeks the disclosure of private and confidential information relating to third parties who are not subject to this action. Defendants further object to this Interrogatory to the extent that it is beyond the scope permitted by the Local Rules of the United States District Court for the Southern District of New York, Local Civil Rule 33.3. Subject to and without waiving the foregoing objections, Defendants state that there is no information responsive to this Interrogatory related to any time period prior to August 2023, and that they will produce responsive, non-privileged documents in their possession, custody, or control related to the time period after August 2023, if any, by April 22, 2024.

6.     Please list and describe all documents that inform the procedures and methods by which Defendants can adjust hours worked, manually or automatically, by Plaintiffs and Covered Employees.

**AMENDED RESPONSE:** *See* General Objections. Defendants further object to this Interrogatory on grounds that it is vague, ambiguous, overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Defendants further object to this Interrogatory insofar as it assumes that Plaintiffs were employees prior to August 2023 which they were not. Defendants further object to this Interrogatory as premature as a class has not been certified. Defendants further object to this Interrogatory to the extent that it seeks the disclosure of private and confidential information relating to third parties who are not subject to this action. Defendants further object to this Interrogatory to the extent that it is beyond the scope permitted by the Local Rules of the United States District Court for the Southern District of New York, Local Civil Rule 33.3. Subject to and without waiving the foregoing objections, Defendants state that they will produce responsive, non-privileged documents in their possession, custody, or control related to the time period after August 2023, if any, by April 22, 2024.

4

10. (a) Please identify all persons who were managers or assistant managers at each of the worksites where Plaintiffs performed work. Please specifically identify all documents relied upon in your response.

**AMENDED RESPONSE:** *See* General Objections. Defendants further object to this Interrogatory on grounds that it is vague, ambiguous, overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Defendants further object to this Interrogatory insofar as it assumes that Plaintiffs were employees prior to August 2023 which they were not. Defendants further object to this Interrogatory as premature as a class has not been certified. Defendants further object to this Interrogatory to the extent that it seeks the disclosure of private and confidential information relating to third parties who are not subject to this action. Defendants further object to this Interrogatory to the extent that it is beyond the scope permitted by the Local Rules of the United States District Court for the Southern District of New York, Local Civil Rule 33.3. Subject to and without waiving the foregoing objections, below is a list of individuals who are or were managers of Vivid Cabaret, Hoops Cabaret, and Rick's Cabaret New York between 2017 and 2023.

| Vivid Cabaret | Hoop's Cabaret | Rick's Cabaret NYC |
| --- | --- | --- |
| Charles Castro | Thomas Campbell | Terrence Skelly |
| Erica Ramos Yuille | Thomas Tripoulas | Oscar Abreu |
| Christopher O'Dell | Ajbabe Green | Tito Martinez |
| Thomas Mabey | Steven Deangelo | Frederick Garrido |
| Michael Morrison | Chad Davis | Joe Dimaria |
| Jean-Luc Santin | Joseph Hidalgo | Steven Deangelo |
| Stephanie Arbelaez | Michael Hosang | Jola Crapanzano |
| Jessica Rivas | Tom Mabey | Paul Marrone |
| Ursela Hybridge | Jayson Marguiles | Jayson Margulies |
| Katherine Takis | Diana Pareja | Jennifer Lewis |
| Bo Pedersen | Katherine Takis | Tyrone Bishop |
| Micheal Ledwith | Andrew Walters | Diane Estrada |
|  | Laura Rice | Amanda Martinez |
|  | Alina Mesionshink | Selenia Weinstein |
|  | Lana Ceh | Heather Morelli |
|  | Julia Borodina | Sky Kouzious |
|  | Yanina Broskaya | Timothy Ledwith |
|  |  | Bo Pedersen |

11. Identify the employees of the Defendants or other person acting on the behalf of Defendants, responsible for the following tasks:
   a. hiring or firing employees;
   b. determining employees' compensation;

5

      c.      determining employees' work hours or work schedules;
      d.      determining employees' status as exempt or nonexempt;
      e.      calculating employees' time worked;
      f.      preparing the payroll;
      g.      maintaining payroll records; and
      h.      paying employees.

**AMENDED RESPONSE:** *See* General Objections. Defendants further object to this Interrogatory on grounds that it is vague, ambiguous, overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Defendants further object to this Interrogatory on the grounds that it seeks confidential information. Defendants further object to this Interrogatory to the extent that it is beyond the scope permitted by the Local Rules of the United States District Court for the Southern District of New York, Local Civil Rule 33.3. Subject to and without waiving the foregoing objections, Defendants identify Mustafa Diop as the individual currently responsible scheduling certain restroom attendants. Defendants will further amend these responses by April 22, 2024 to produce additional responsive, non-privileged information, if any.

13. Identify the employee(s) of corporate Defendants or other person acting on the behalf of Defendants, who was responsible for submitting employee information to any other third-party payroll companies for processing.

**AMENDED RESPONSE:** *See* General Objections. Defendants further object to this Interrogatory on grounds that it is vague, ambiguous, overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Defendants further object to this Interrogatory insofar as it assumes that Plaintiffs were employees prior to August 2023 which they were not. Defendants further object to this Interrogatory as premature as a class has not been certified. Defendants further object to this Interrogatory to the extent that it seeks the disclosure of private and confidential information relating to third parties who are not subject to this action. Defendants further object to this Interrogatory to the extent that it is beyond the scope permitted by the Local Rules of the United States District Court for the Southern District of New York, Local Civil Rule 33.3. Subject to and without waiving the foregoing objections, Defendants will further amend these responses by April 22, 2024 to produce additional responsive, non-privileged information, if any.

Dated: New York, New York
      April 15, 2024

                                                                                            **AKERMAN LLP**

By: /s/ Jeffrey A. Kimmel
Jeffrey Kimmel, Esq.
1251 Avenue of the Americas, 37th Floor
New York, New York 10020
jeffrey.kimmel@akerman.com

*Attorneys for Defendants*