# LEVIN-EPSTEIN & ASSOCIATES, P.C.

60 East 42nd Street • Suite 4700 • New York, New York 10165
T: 212.792.0048 • E: Jason@levinepstein.com

May 23, 2024



**VIA ECF**
The Honorable Dale E. Ho, U.S.D.J.
U.S. District Court, Southern District of New York
40 Foley Square
New York, NY 10007

      Re: *Mbaye et al v. RCI Hospitality Holdings, Inc. et al*
        <u>Case No.: 23-cv-02967</u>

Dear Honorable Judge Ho:

  Pursuant to Your Honor's Individual Motion Practice Rule 2(e), and the directives contained in Your Honor's May 17, 2024 Order [Dckt. No. 88], the instant letter motion respectfully serves to compel Defendants to produce Mostapha Diop a/k/a Modou Thiam a/k/a Mostapha Thiam ("Mr. Thiam") for his deposition; and (ii) to provide fulsome responses, without objections, to Plaintiffs' Interrogatories Nos. 3, 4 and 5.

  **I.** **Mr. Thiam is a "Managing Agent" Under Fed.R.Civ.P. 30(b)(1)**

  "The question of whether a particular person is a 'managing agent' is to be answered pragmatically on an *ad hoc* basis…Whether a proposed deponent falls into a particular category of employees or agents is therefore less relevant than the individual's specific functions and authority." *Cambridge Capital LLC v. Ruby Has LLC*, 2022 WL 889143, at *1 (S.D.N.Y. 2022) (citations omitted). Accordingly, independent contractors have been found to be "managing agents" under Fed.R.Civ.P. 30(b)(1). *See, e.g., Schindler El. Corp. v Otis El. Co.,* 2007 WL 1771509 *8 (S.D.N.Y. 2007) (independent contractor); *United States v. Afram Lines (USA), Ltd.*, 159 F.R.D. 408, 413 (S.D.N.Y.1994) (same). With these principles in mind, courts in this District have generally considered five (5) factors in determining whether an individual is a "managing agent":

> (1) whether the individual is invested with general powers allowing him to exercise judgment and discretion in corporate matters; (2) whether the individual can be relied upon to give testimony, at his employer's request, in response to the demands of the examining party; (3) whether any person or persons are employed by the corporate employer in positions of higher authority than the individual designated in the area regarding which the information is sought by the examination; (4) the general responsibilities of the individual respecting the matters involved in the litigation; and (5) whether the individual can be expected to identify with the interests of the corporation.

  *See JSC Foreign Economic Ass'n Technostroyexport v. Int'l Dev. and Trade Servs., Inc*., 220 F.R.D. 235, 237 (S.D.N.Y.2004). The examining party carries a "modest" burden to establish the status of the witness, *Cambridge Capital LLC*, 2022 WL 889143 at *1, and all doubts are to be resolved in favor of the examining party. *Afram Lines*, 159 F.R.D. at 414. The notion of a modest burden makes the most sense in respect of current employees and "when the only pretrial consequence of determining the deponent's status is whether he will be served with a subpoena and tendered a witness fee." *Id.* However, a former employee may be deposed under Fed.R.Civ.P. 30(b)(1) where it is shown that the individual's interests were still aligned with those of the

corporate party and the individual still maintained a close relationship with the corporate party. *Ginsberg v. Govt. Properties Tr. Inc.*, 2008 WL 558039, at *1 (S.D.N.Y. 2008). The witness's deposition testimony itself may ultimately provide the best evidence of their status. *See Afram Lines*, 159 F.R.D. at 413-14 (stating that it is proper to defer final determination of managing agent status until trial since at that time the examining party will have had full discovery regarding that status).

### A. Factor 1: Mr. Thiam is Invested with General Powers Allowing him to Exercise Judgment and Discretion Over Defendants' Bathroom Attendants

In at least five (5) Court filings[1], and in three (3) responses to Plaintiffs' interrogatories[2], Defendants aver that, for decades, prior to August 2023, their bathroom attendants were not employees, but rather, independent contractors, "brought in", "scheduled, and assigned to work" at various restrooms in Defendants' Nightclubs by Mr. Thiam. Defendants have also produced dozens of text messages, illustrating Mr. Thiam's authority over bathroom attendants.[3] Defendants also aver in their April 15, 2024 Responses and Objections to Plaintiffs' Interrogatories, at No. 11 (annexed hereto as Exhibit "D"), that Mr. Thiam is currently an employee, responsible for scheduling bathroom attendants. Thus, there is ample evidence that Mr. Thiam has had – and continues to have –"significant responsibility" over Defendants' bathroom attendants. *Schindler El. Corp.,* 2007 WL 1771509 *8.

### B. Factor 2: Defendants' Counsel Testified That They Have Control over Mr. Thiam

In multiple Court filings [*see, e.g.,* Dckt. Nos. 68, 73, 74, 80], the undersigned expressed concerns over Defendants' efforts in locating the identities of prospective FLSA Collective opt-in employees. When presented with the issue during the February 15, 2024 telephonic conference before Your Honor [Dckt. No. 70], Defendants' counsel responded as follows:

> The Court: But [Mr. Thiam] is an agent of your client at this point?
>
> Mr. Kimmel: He's an agent of my client. To the extent my client has control over their employees, **we have control over [Mr. Thiam]…**
>
> The Court: Okay…[T]o the extent that Plaintiff[s] [have] propounded discovery requests on your client, you're not taking the position that those discovery requests don't apply to [Mr. Thiam]?
>
> Mr. Kimmel: ***No, Your Honor***.

---

[1] *To wit*: (i) Defendants' October 4, 2023 Answer with Affirmative Defenses [Dckt. No. 41]; (ii) Defendants' August 21, 2023 memorandum of law in opposition to Plaintiffs' motion for a preliminary injunction [Dckt. No. 23]; (iii) the August 21, 2023 declaration of Shaun Kevlin, signed under penalty of perjury under 28 U.S.C. § 1746 [Dckt. No. 24]; (iv) Defendants' position statement in the October 19, 2023 joint letter [Dckt. No. 43]; and (v) Defendants' November 29, 2023 Answer with Affirmative Defenses [Dckt. No. 51].

[2] *To wit*, Defendants': (i) January 19, 2024 Responses and Objections at No. 1 (annexed hereto as Exhibit "A"); (ii) March 8, 2024 Responses and Objections at No. 1 (annexed hereto as Exhibit "B"); and (iii) March 15, 2024 Responses and Objections at No. 2 (annexed hereto as Exhibit "C").

[3] *See* DEFS 238-261; DEFS 294-312 (annexed hereto as Exhibit "E").

[*See* Ex. F at 23:4-15; *see also id*. at 8:13-20; 15:22-25; 21-22:1-25] (emphasis added). Defendants' counsel subsequently purported to have complied with their discovery obligations under Fed.R.Civ.P. 33 and 34 in producing responsive discovery in Mr. Thiam's possession, in response to Plaintiffs' discovery requests [*see, e.g.,* Dckt. No. 82 at p. 2, ¶ 1]. Defendants counsel subsequently willingly scheduled Mr. Thiam's deposition, over the course of several months – without any objections. [*See* Dckt. No. 83 at § I].

Thus, it is more than likely that Mr. Thiam "would, if [Defendants] required to produce him, appear for a deposition." *Cambridge Capital LLC*, 2022 WL 889143 at *1 (citations omitted). *See also Afram Lines* at 415 ("an agent's history of cooperating with a party in discovery may be probative of the party's ability to rely on the agent to testify.")

### C. Factors 3 and 4: Mr. Thiam was Purportedly Vested with Exclusive Authority over Defendants' Bathroom Attendants

Defendants purport that, prior to August 2023, "…Defendants had absolutely no involvement in the setting of [bathroom attendants'] schedules or directing their activities in any way." [*See* Kevlin Decl. at ¶ 4; *see also* Dckt. No. 23 at *6]. As set forth more fully in § I(A), *supra*, Mr. Thiam was vested with this exclusive authority, pursuant to some nebulous "arrangement" with Defendants. [Dckt. No. 24 at ¶ 3]. The undersigned deposed three (3) of Defendants' general managers on May 14, 2024, May 15, 2024 and May 16, 2024.[4] None of these witnesses testified substantively as to their relationships with any of Defendants' bathroom attendants. Instead, they testified that Mr. Thiam was the sole responsible party. Thus, Mr. Thiam appears to be the only deponent, capable of substantively testifying as to Defendants' bathroom attendants' employment, prior to August 2023.

### D. Factor 5: Mr. Thiam can be Expected to Identify with Defendants' Interests

It is apparent from the evidence that Mr. Thiam has had (and continues to have) significant responsibilities and stature within Defendants' organization. [*See* Exs. A – D]. In response, there is no evidence to suggest that Mr. Thaim's interests would be adverse to those of Defendants. *See Schindler El. Corp.,* 2007 WL 1771509 *8 ("Courts have accorded managing agent status to individuals who…retained some role in the corporation or at least maintained interests consonant with rather than adverse to its interests") (citation omitted).

The evidence of Mr. Thiam's decades long, intimate relationship and shared interests with Defendants' is more than sufficient to preliminarily conclude that Mr. Thiam is a managing agent of Defendants.

### II. Plaintiffs are Entitled to Discovery Concerning Defendants' Illegal Misclassification Policy Across All of their Nightclubs

In each of Plaintiffs' 30(b)(6) notices of deposition, propounded on November 27, 2023, Plaintiffs identified that they would be seeking to illicit testimony regarding:

---

[4] *To wit*: Thomas Campbell, Charles Castro, and Shaun Kevlin.

> "The total number of bathroom attendants who worked at any business owned by Defendant…including their names, schedules, rates of pay, job descriptions, and managers' identity/identities."

[*See* Ex. G at p. 3, No. 18]. The undersigned, unsuccessfully, sought to illicit this information from Defendants' witnesses, during the May 14, 2024, May 15, 2024 and May 16, 2024 depositions.[5] Plaintiffs' Interrogatories Nos. 3, 4 and 5 sought this same information. [*See* Ex. A].

On May 10, 2024 at approximately 1:20 p.m., after the conclusion of Plaintiff Mbaye's deposition, the undersigned met-and-conferred with Defendants' counsel, Mohammad Adil Yaqoob – in-person. Mr. Yaqoob unequivocally stated that they would not be producing ***any*** discovery, regarding any bathroom attendants who worked at any nightclubs, outside of New York.

Plaintiffs are specifically seeking to compel Defendants to provide fulsome responses, without objections, to Plaintiffs' Interrogatories Nos. 3, 4 and 5.[6] This information is critical in developing the factual predicate of Plaintiffs' anticipated motion for a nationwide collective and/or class action. *See, e.g., Zambrano v. Strategic Delivery Solutions, LLC,* 2022 WL 3369597 (S.D.N.Y. 2015) (conditionally certifying nationwide collective action); *Meo v. Lane Bryant, Inc.*, 2019 WL 5157024 (E.D.N.Y. 2019) (same); *Mason v. Lumber Liquidators, Inc*., 2019 WL 2088609 (E.D.N.Y. 2019) (same).

We thank the Court for its attention to this matter, and are available at the Court's convenience to answer any questions related to the foregoing.

LEVIN-EPSTEIN & ASSOCIATES, P.C.

By:   */s/ Jason Mizrahi*
Jason Mizrahi
60 East 42nd Street, Suite 4747
New York, NY 10170
Tel. No.:  (212) 792-0048
Email: Jason@levinepstein.com
*Attorneys for Plaintiffs*

VIA ECF: All Counsel

Encl.

Defendants may file a letter, not to exceed four pages, in response by **May 30, 2024**.  So Ordered.

Dale E. Ho
United States District Judge
Dated: May 24, 2024
New York, New York

---

[5] *To wit*: Thomas Campbell, Charles Castro, and Shaun Kevlin.
[6] Plaintiffs had sought to obtain this information by deposing Defendant Eric Langan – or another representative with knowledge of Defendants' classification policies vis-à-vis bathroom attendants. In the interests of judicial economy, Plaintiffs are willing to obtain this information via written discovery.