

Jeffrey A. Kimmel

Akerman LLP
1251 Avenue of the Americas, 37th
Floor | New York, NY 10020
D: 212-259-6435 | C: 917-837-0121

May 30, 2024

**VIA ECF**

The Honorable Judge Dale E Ho
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

**Re:** *Mbaye et al v. RCI Hospitality Holdings, Inc. et al*
<u>Case No. 1:23-cv-02967(DEH)</u>

Dear Judge Ho:

We represent Defendants RCI Hospitality Holdings, Inc., Peregrine Enterprises Inc., RCI 33rd Ventures, Inc., 48 West 33rd Street Corp., RCI Dining Services (37th Street), Inc., Eric Langan, and Kes Senevi (collectively "Defendants") in the above-captioned matter. We write in opposition to Plaintiffs' renewed letter motion to compel discovery. Specifically, Defendants write to oppose Plaintiffs' motion to compel the deposition of Mustafa Diop and responses to certain interrogatories. Plaintiffs' renewed motion fares no better than their original motion and should be denied.

**A. Defendants Are Not Required to Produce Mustafa Diop for a Deposition**

Plaintiffs once again offer no basis to require Defendants to produce Mustafa Diop for a deposition. Mustafa Diop (referred to by Plaintiffs in their letter as "Mr. Thiam") is currently a restroom attendant employee with one of the Clubs at issue in this case. Prior to August 2023, Mr. Diop was not an employee of any Club, but rather a third party with whom the Clubs contracted for the services of restroom attendants. One of Defendants' primary defenses in this case is that prior to August 2023 Defendants were not Plaintiffs' employers, but that Mr. Diop may have been. As such, this firm cannot produce Mr. Diop for a deposition, or represent him.

Plaintiffs argue that Defendants must produce Mr. Diop because he is a "managing agent" of one or more of the Defendants. Plaintiffs are wrong. To determine whether an individual is a managing agent for the purposes of a motion to compel a deposition, Court consider:

The Honorable Dale E. Ho
May 30, 2024
Page 2

_____

1) whether the individual is invested with general powers allowing him to exercise judgment and discretion in corporate matters; 2) whether the individual can be relied upon to give testimony, at his employer's request, in response to the demands of the examining party; 3) whether any person or persons are employed by the corporate employer in positions of higher authority than the individual designated in the area regarding which the information is sought by the examination; 4) the general responsibilities of the individual respecting the matters involved in the litigation; and 5) whether the individual can be expected to identify with the interests of the corporation.

"The burden is on the examining party to establish the status of the witness." *Id*. at 237. Moreover, "[t]he determination as to whether a deponent is an officer, director, or managing agent of a corporate party is made at the time the deposition is noticed, rather than at the time that the events in question occurred." *Saperstein v. Palestinian Authority*, 2009 WL 10667908, at *6 (S.D.Fla., 2009) (quoting *E.E.O.C. v. Honda of America Mfg., Inc.*, No 2:06-cv-0233, 2007 WL 682088, at * 2 (S.D. Ohio 2007)).  None of the factors used to determine whether an employee is a managing agent support Plaintiffs' claim that Mr. Diop is a managing agent of any of the Defendants.

First, Mr. Diop has "no general powers allowing him to exercise judgment and discretion in corporate matters." He is simply a restroom attendant/porter with some responsibilities concerning the scheduling of other restroom attendants/porters. *In fact, pursuant to the parties' conditional certification stipulation, Mr. Diop was sent a notice notifying him that he can join this lawsuit as an opt-in plaintiff.* Plaintiffs argue that Mr. Diop's activities as a third party prior to August 2023 constitute the powers of a managing agent. However, as noted above, the determination as to whether an individual is a managing agent is made when the deposition is noticed, and when Mr. Diop's deposition was noticed he was a restroom attendant employee. Moreover, even when he was a third party, he exercised no "judgment and discretion in corporate matters" of defendants but simply supplied restroom attendants for the Clubs' bathrooms.

Plaintiffs cite to the transcript of a prior court conference in this case in support of their argument, but in an attempt to mislead this court, completely ignore the portion of the transcript where counsel for Defendants clearly convey that Mr. Diop is not represented by this firm and is simply an employee of a club operated by one of the Defendants. *See* Plaintiffs' Exhibit F at 22:22-25 ("The Court: Okay. Well, so do you represent Mr. Diop or not at this point? Mr. Kimmel: He's an employee—Your Honor, I do not represent him.").

Second, Mr. Diop cannot be relied upon to give testimony at Defendants' request. Counsel for Defendants have repeatedly attempted to contact Mr. Diop regarding certain discovery matters, and Mr. Diop's responses have been sporadic at best.

Third, Plaintiffs are entirely incorrect in their assertion that Mr. Diop is the only individual capable of testifying regarding the Clubs' relationships with restroom attendants prior to August 2023. In fact, Thomas Campbell, Charlie Castro, and Shaun Kevlin, have each testified about the

fact that restroom attendants were not employees of any of the Clubs but rather the Clubs contracted with restroom attendants through Mr. Diop prior to August 2023.

Fourth, as noted above, while Mr. Diop was the third party through whom Defendants' contracted restroom attendants prior to August 2023, Defendants' witnesses, and Plaintiffs themselves testified to the Clubs' relationship (or lack thereof) between the restroom attendants and the Clubs. Plaintiffs already have sufficient testimony concerning this topic.

Fifth, it is clear that Defendants' interests and interests of Mr. Diop are not aligned in this matter. Indeed, as noted above, one of Defendants' principal defenses in this case is that Mr. Diop, not Defendants, may have been Plaintiffs' employer. Further, since Mr. Diop received a notice of conditional collective certification, he could potentially join the case as an opt-in plaintiff, which further supports the fact that his interests are at odds with Defendants'.

Accordingly, it is clear that Mr. Diop is not a "managing agent" of any of the Defendants, and Defendants are therefore not under any obligation to produce him for a deposition.

**B.     Plaintiffs are Not Entitled to Information Regarding Restroom Attendants Nationwide in Response to Certain Interrogatories**

For the first time in this litigation, Plaintiffs are asking Defendants to produce information related to restroom attendants working for clubs located nationwide in response to Plaintiffs' Interrogatories Nos. 3, 4, and 5. In fact, despite the fact that Plaintiffs have previously sought to compel responses to these same interrogatories (except for Interrogatory No. 4), they had never mentioned their assertion that Defendants should be required to produce nationwide discovery in response to these interrogatories until now. Defendants initially responded to these interrogatories on January 19, 2024.

Moreover, Plaintiffs have not met their obligation to meet-and-confer regarding these perceived deficiencies—despite their attempt to frame their out-of-the-blue demand to depose Eric Langan, after the deposition of Plaintiff Elhadji Mbaye as a meet-and-confer conference. Nor have Plaintiffs sent Defendants a written deficiency letter related to these requests.

Beyond Plaintiffs' failure to meet-and-confer regarding these discovery requests, Plaintiffs request for nationwide discovery is plainly improper substantively. Indeed, as articulated in Defendants' opposition to Plaintiffs' original letter motion, this Court has already conditionally certified a collective (as stipulated by the parties) of restroom attendants who worked for three Clubs located only in New York City [*see* ECF Dkt. No. 72], restroom attendants working for clubs other than these three Clubs are plainly not part of the collective. Plaintiffs cannot certify a nationwide New York Labor Law ("NYLL") class of restroom attendants either since employees outside of the state of New York are not subject to the protections of the NYLL. Further, the pertinent allegations in the operative Complaint in this action relate solely to restroom attendants working for the three Clubs located in New York City.

The Honorable Dale E. Ho
May 30, 2024
Page 4

_____

      Moreover, since this Court lacks personal jurisdiction over any potential opt-ins that do not reside in the state of New York, any discovery regarding these individuals would be plainly irrelevant. *See Kimble v. Opteon Appraisal, Inc.*, 2024 WL 208000, at *8 (W.D.N.Y., 2024) ("[f]or the foregoing reasons, I hold that this Court lacks personal jurisdiction over out-of-state plaintiffs who did not work for Opteon in New York and did not reside in New York during the period in which Opteon allegedly was violating the FLSA.").

      Accordingly, Defendants respectfully request that the Court deny Plaintiffs' renewed motion to compel discovery.

Respectfully Submitted,

*/s/ Jeffrey A. Kimmel*
Jeffrey A. Kimmel
Partner
For the Firm

cc:    Plaintiffs' attorney (via ECF)