

Jeffrey A. Kimmel

Akerman LLP
1251 Avenue of the Americas, 37th
Floor | New York, NY 10020
D: 212-259-6435 | C: 917-837-0121

June 12, 2024

**VIA ECF**

The Honorable Judge Dale E Ho
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

**Re:**   *Mbaye et al v. RCI Hospitality Holdings, Inc. et al*
           <u>Case No.  1:23-cv-02967(DEH)</u>

Dear Judge Ho:

    We represent Defendants RCI Hospitality Holdings, Inc., Peregrine Enterprises Inc., RCI 33rd Ventures, Inc., 48 West 33rd Street Corp., RCI Dining Services (37th Street), Inc., Eric Langan, and Kes Senevi (collectively "Defendants") in the above-captioned matter. We write in opposition to Plaintiffs' second renewed letter motion to compel discovery. Specifically, Defendants write to oppose Plaintiffs' motion to compel the names and rates of compensation of all restroom attendants working for all clubs affiliated with RCI Hospitality Holdings, Inc. nationwide. Plaintiffs' second renewed motion fares no better than their prior motions and should be denied because the nationwide discovery sought is (1) not relevant to the allegations in the Complaint which relate only to the three clubs located in New York City; (2) no nationwide collective has been certified, nor is one alleged in the Complaint, so discovery related to restroom attendants nationwide is at best premature; (3) Plaintiffs' request for rates of compensation of restroom attendants is an invalid contention interrogatory under the relevant local rules; and (4) this Court does not have personal jurisdiction over any potential out of state opt-in plaintiffs.

**A.**   **The Names and Rates of Compensation for Restroom Attendants Outside of the State of New York are Not Relevant to the Allegations in the Complaint**

    Plaintiffs' motion for production of the names and rates of compensation for restroom attendants across clubs located nationwide should be denied because such information is irrelevant to the pertinent allegations in the operative Complaint in this action which relate solely to restroom attendants working for the three clubs located in New York City.

The Honorable Dale E. Ho
June 12, 2024
Page 2

_____

Plaintiffs argue that the requested discovery is relevant as to "whether or not Defendants maintained a company-wide policy of misclassifying their bathroom attendants, and failing to pay minimum wages, under the FLSA." However, Plaintiffs fail to explain why a company-wide policy, if any, would be at all relevant to this case or how the names or compensation information of restroom attendants nationwide are relevant to any company-wide policies. Indeed, such information bears no relevance to Defendants' policies. In any event, company policies related to restroom attendants other than the attendants located in New York City are entirely irrelevant to the allegations in the Amended Complaint, which relate solely to restroom attendants working for the three Clubs located in New York City.

**B.    Plaintiffs are Not Entitled to Information Regarding Restroom Attendants Nationwide Because No Nationwide Collective Has Been Certified or is Even Alleged in the Complaint.**

As previously articulated in Defendants' opposition to Plaintiffs' original letter motion and first renewed motion, Plaintiffs have already moved for, Defendants have consented to, and this Court has already conditionally certified, a collective (as stipulated by the parties) of restroom attendants who worked for three clubs located only in New York City [see ECF Dkt. No. 72], restroom attendants working for clubs other than these three clubs are plainly not part of the collective. Notice was sent to the putative collective members and the notice period ended on June 7, 2024. To Defendants' knowledge, no additional opt-in plaintiffs joined the case. Moreover, pursuant to the parties' case management plan, the deadline to join additional parties (November 19, 2023) has passed and therefore any motion to conditionally certify a nationwide collective would be untimely.

Plaintiffs argue that the Court is permitted to modify the existing collective as the case progresses. However, it is undisputed that a nationwide collective has not been conditionally certified by this Court and Plaintiffs are seeking to obtain a nationwide collective list before a nationwide collective has been certified. Courts regularly deny Plaintiffs' requests for pre-certification collective class lists. *See Charles v. Nationwide Mut. Ins. Co., Inc.*, No. 09 CV 94 (ARR), 2010 WL 7132173, at *5-7 (E.D.N.Y. May 27, 2010) (in FLSA and Rule 23 action, denying pre-certification discovery of class list as premature); *Searson v. Concord Mortgage Corp.*, No. CV 07-3909 (DRH)(ARL), 2008 WL 961624, at *1 (E.D.N.Y. Apr. 8, 2008) (denying pre-certification motion to compel class list as premature, noting that "the discovery sought by the plaintiffs is improper because the class has not been conditionally certified"); *Gold v. Clear Channel Communications*, No. 1:07-CV-08204 (S.D.N.Y. Mar. 7, 2008) (rejecting argument that plaintiffs were "hobbled" in their effort to prepare their conditional certification motion and denied pre-certification discovery of class list, finding that establishing relevancy of such information through conditional certification was "the whole point"); *Barfield v. New York City Health & Hospitals Corp.*, No. 05 Civ. 6319 (JSR), 2005 WL 3098730, at *1 (S.D.N.Y. Nov. 18, 2005) (denying plaintiff's motion for conditional certification and, consequently, plaintiff's request for order directing plaintiff provide names and last known addresses of all potential opt-in plaintiffs); *see also Lapointe v. Target Corp.*, No. 16-CV-216 (GTS/CFH), 2017 WL 3288506, at *3

(N.D.N.Y. Mar. 24, 2017) ("[t]he Court agrees that the broad discovery which plaintiff is seeking is not appropriate at this time."). Indeed, one of the purposes of seeking conditional certification is to obtain a collective class list. Here, Plaintiffs are attempting to circumvent that process and seeking a nationwide collective class list without first obtaining conditional certification of a nationwide collective.

Accordingly, the Court should deny Plaintiffs' request for information regarding restroom attendants working nationwide as no nationwide class or collective has been alleged in the Complaint and if Plaintiffs nevertheless intend to move for certification of such collective or class, it is premature to request such information.

C.  **Plaintiffs' Request for Rates of Compensation for Restroom Attendants Nationwide is an Improper Contention Interrogatory**

According to Local Civil Rule 33.3(a), "at the commencement of discovery, interrogatories will be restricted to those seeking names of witnesses with knowledge of information relevant to the subject matter of the action, the computation of each category of damage alleged, and the existence, custodian, location and general description of relevant documents, including pertinent insurance agreements, and other physical evidence, or information of a similar nature." Plaintiffs' request for compensation information is not a category of information that is permissibly sought under Local Civil Rule 33.3(a). Plaintiffs cite to Local Civil Rule 33.3(c) for the proposition that service of contention interrogatories is permitted within 30 days prior to the end of discovery. However, Plaintiffs ignore that the Interrogatory No. 4, which requests such information, was not served within 30 days of the close of discovery but rather on November 27, 2023. Plaintiffs are simply now retroactively construing this interrogatory to cover clubs located nationwide.

D.  **Plaintiffs' Request for Nationwide Interrogatory Responses is Improper because this Court does Not Have Personal Jurisdiction over Out-of-State Opt-In Plaintiffs.**

Plaintiffs' motion should also be denied because this Court lacks personal jurisdiction over any potential opt-ins that do not reside in the state of New York and therefore any discovery regarding these individuals would be plainly irrelevant. *See Kimble v. Opteon Appraisal*, Inc., 2024 WL 208000, at *8 (W.D.N.Y., 2024) ("[f]or the foregoing reasons, I hold that this Court lacks personal jurisdiction over out-of-state plaintiffs who did not work for Opteon in New York and did not reside in New York during the period in which Opteon allegedly was violating the FLSA."). *Bethel v. BlueMercury, Inc.*, No. 21 CIV. 2743 (KPF), 2022 WL 3594575, at *11 (S.D.N.Y. Aug. 22, 2022) ("[a]fter reviewing the parties' submissions and the decisions discussed above, the Court concludes that due process precludes it from exercising specific personal jurisdiction over claims brought by opt-in plaintiffs who worked as Store Managers in states other than New York."); *Perez Perez v. Escobar Construction, Inc.,* 540 F.Supp.3d 395, 408 (S.D.N.Y., 2021) ("[a]ccordingly, we will limit the proposed collective to employees falling into the previously-mentioned job categories who worked at one of defendants' sites in New York."). *Pettenato v. Beacon Health Options*, Inc., 425 F.Supp.3d 264 (S.D.N.Y., 2019) ("Plaintiffs' request to conditionally certify a nationwide collective is therefore DENIED.").

The Honorable Dale E. Ho
June 12, 2024
Page 4

---

Plaintiffs argue that Defendants have forfeited the right to assert a personal jurisdiction defense since they did not assert the defense in their Answer. Plaintiffs are wrong. When Defendants filed their Answer to the Amended Complaint on November 29, 2023, the only parties to this case were four restroom attendants who worked exclusively at clubs located in New York City. Defendants could not have known that it would potentially have to defend themselves against claims arising out activities in other states. Several courts have declined to find forfeiture of personal jurisdiction under comparable circumstances. *See e.g., Bethel*., 2022 WL 3594575, at *8 ("[t]hus, at the time Defendant filed its answer, the only claims against it were asserted by Plaintiff herself, and it was not certain that Defendant would be required to defend itself against claims arising out of its alleged activities in other states. Several district courts have declined to find waiver under comparable circumstances."); *Kurtz v. RegionalCare Hosp. Partners, Inc*., No. 4:19 Civ. 5049 (RMP), 2021 WL 6246619, at *3 (E.D. Wash. Sept. 9, 2021) (finding that defendants did not waive their personal jurisdiction defense by failing to include it in their answer because "there were no foreign plaintiffs, or opt-in putative collective members" at the time they filed the answer); *Fortney v. Walmart Inc*., No. 2:19 Civ. 04209, 2020 WL 7237281, at *2 (S.D. Ohio Dec. 8, 2020) (finding that the defendant did not waive its personal jurisdiction defense by not including it in its answer because the court had not ruled on the motion for conditional certification at the time the answer was filed); *Hager v. Omnicare, Inc*., No. 19 Civ. 484 (FWV), 2020 WL 5806627, at *3 (S.D.W. Va. Sept. 29, 2020) (concluding that the defendant did not waive its personal jurisdiction challenge to a putative FLSA collective by failing to raise the issue in an earlier motion to dismiss because at the time of the prior motion there were no out-of-state opt-in plaintiffs in the case); *Chavira v. OS Rest. Servs., LLC*, No. 18 Civ. 10029 (ADB), 2019 WL 4769101, at *2 (D. Mass. Sept. 30, 2019) (finding that "the defense of personal jurisdiction was not available to Defendants[,]" and thus not waived by them, "when they filed their motion to dismiss in May 2018 because the only plaintiff asserting claims was employed in [the forum state]").

Accordingly, Defendants respectfully request that the Court deny Plaintiffs' motion for nationwide collective discovery.

Respectfully Submitted,

*/s/ Jeffrey A. Kimmel*
Jeffrey A. Kimmel
Partner
For the Firm

cc:   Plaintiffs' attorney (via ECF)