**LEVIN-EPSTEIN & ASSOCIATES, P.C.**

---

60 East 42nd Street • Suite 4700 • New York, New York 10165
T: 212.792.0048 • E: Jason@levinepstein.com

June 7, 2024

***VIA ECF***
The Honorable Dale E. Ho, U.S.D.J.
U.S. District Court, Southern District of New York
40 Foley Square
New York, NY 10007

      Re:    *Mbaye et al v. RCI Hospitality Holdings, Inc. et al*
             **Case No.: 23-cv-02967**

Dear Honorable Judge Ho:

     Pursuant to Your Honor's Individual Motion Practice Rule 2(e), and the directives contained in Your Honor's June 3, 2024 Order [Dckt. No. 96], the instant letter motion respectfully serves to compel Defendants to supplement their discovery responses to Plaintiffs' Interrogatories Nos. 3 and 4(b)[1], to produce: (i) the names; and (ii) historical rates of compensation, of all current and former non-exempt bathroom attendants employed by Defendants on or after the date that is three (3) years before the filing of the initial complaint ("Covered Employees").

     During a telephonic meet-and-conferral held on June 6, 2024 at 3:24 p.m., Defendants' counsel reaffirmed Defendants' position that: (i) the discovery sought is irrelevant; (ii) Defendants previously stipulated to conditional certification of a collective action, on or around March 4, 2024 [Dckt. No. 72]; (iii) the requested discovery goes beyond the scope of Local Civil Rule ("LCR") 33.3; and (iv) the Court lacks jurisdiction over any out-of-state Covered Employees.

     As set forth more fully below, Plaintiffs are entitled to discovery concerning Defendants' illegal misclassification policy, across all of their nightclubs, because this information is critical in developing the factual predicate of Plaintiffs' anticipated motion for a nationwide[2] collective action, under the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq*. (the "FLSA").

     **I.**    **Legal Standard**

     Under Rule 26, "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." Fed.R.Civ.P. 26(b)(1). "Relevance for purposes of discovery…is an extremely broad concept." *Tabatabai v. New York City Dept. of Educ*., 2024 WL 2033485, at *1 (S.D.N.Y. 2024) (citation omitted). Discovery is relevant "if there is a possibility that the information sought may [ ] have a bearing on *any* party's claim or defense." *MacCartney v. O'Dell*, 2018 WL 5023947, at *2 (S.D.N.Y. 2018) (emphasis in original). Indeed, "[b]roader discovery is warranted when a plaintiff's claims are premised on a pattern or practice of discrimination at the organization-wide level, as opposed to specific allegations of discrimination

---

[1] *See* Dckt. No. 93-1.
[2] Plaintiffs' anticipated motion covers thirteen (12) states, *to wit*: Arizona, Colorado, Florida, Illinois, Indiana, Kentucky, Louisiana, Maine, Minnesota, New York, North Carolina, Pennsylvania, and Texas. *See* https://www.sec.gov/Archives/edgar/data/935419/000162828023041580/rick-20230930.htm at p. 4 (last accessed June 7, 2024).

1

made against an individual supervisor." *Ophir v. Koneksa Health Inc.*, 2024 WL 1892567, at *1 (S.D.N.Y. 2024). As this Court has previously ruled in its March 19, 2024 Order, it is "proper for courts in collective actions to order the discovery of [information and records] for potential collective members." [Dckt. No. 82 at p. 2]. *See also Whitehorn v. Wolfgang's Steakhouse, Inc.*, 2010 WL 2362981, at *3 (S.D.N.Y. 2010) ("Given the Supreme Court's direction that the broad remedial goal of the FLSA should be enforced to the full extent of its terms, pre-certification discovery is appropriate to enable Plaintiff to define the class and identify similarly situated employees.")

## II.     Analysis

### A. The Requested Discovery is Highly Relevant to Plaintiffs' Collective Action Claims

Plaintiffs are four (4) individuals, who worked as bathroom attendants at three (3) of Defendants' 69[3] adult nightclubs. Plaintiffs, and Covered Employees, were exploited by Defendants' company-wide policy and practice of wage theft, because they were not paid any wages for the hours they worked; Plaintiffs only received gratuities from customers. [Dckt. No. 50] [*Am. Compl.* at ¶ 2; *see also id.* at ¶¶ 59, 140].

Defendants sole defense in this action is that, prior to August 2023, their bathroom attendants were classified as independent contractors[4], and that "…Defendants had absolutely no involvement in the setting of [bathroom attendants'] schedules or directing their activities in any way."[5]

However, according to recent SEC filings, RCIHH maximizes its profitability and stock price by developing "comprehensive policies" across all of their 69 adult nightclubs. These "comprehensive policies" include a "'no tolerance' policy on illegal drug use in or around [Defendants'] facilities." To that end, Defendants "continually monitor the actions of entertainers, waitresses and customers to ensure that proper behavior standards are met[,] and tout that their "management believes that our policies are reasonably effective in achieving their purposes." Bathroom attendants are integral to the efficacy of RCIHH's "comprehensive policies." According to two (2) sworn affidavits, each dated August 12, 2021, by two (2) of RCIHH's General Managers:

> "[S]afety and security are paramount [at Defendants' Nightclub]."
>
> "[General Managers] are tasked with overseeing…staff and independent contractors performing security and entertainment services, monitoring patron activity at [Defendants' Nightclub], ensuring continued security presence and a safe, orderly atmosphere…

---

[3] *See* https://www.sec.gov/Archives/edgar/data/935419/000162828023041580/rick-20230930.htm at p. 4 (last accessed June 7, 2024).
[4] *See, e.g.,* Dckt. Nos. 23, 24, 41, 43, 51.
[5] *See* Dckt. No. 24 at ¶ 4; *see also* Dckt. No. 23 at *6.

> Accordingly, [Defendants']…*employ[] bathroom attendants to discourage drug use or other illegal activity*..."

(Emphasis added).[6] These affidavits, signed under penalty of perjury under 28 U.S.C. § 1746, are corroborated by, *inter alia*; (i) a third affidavit[7], executed by Defendants' attorney-of-record; (ii) bathroom attendant agreements[8]; (ii) text messages from Defendants' managers[9]; and (iii) deposition testimony[10]. Thus, the requested discovery is relevant into whether or not Defendants maintained a company-wide policy of misclassifying their bathroom attendants, and failing to pay minimum wages, under the FLSA.

### B. The March 4, 2024 Stipulation Has No Bearing on the Instant Motion to Compel

A district court "may continually evaluate, as the case progresses, whether [opt-in] notice should be provided, [or] whether an existing class should be modified… *Myers v Hertz Corp.*, 624 F3d 537, 558 (2d Cir. 2010). Thus, the March 4, 2024 Stipulation [Dckt. No. 72] has no bearing on the instant motion.

### C. The Requested Discovery is Within the Scope of LCR 33.3.

S.D.N.Y. LCR 33.3(c) provides that "[a]t the conclusion of other discovery, and at least 30 days prior to the discovery cut-off date, interrogatories seeking the claims and contentions of the opposing party may be served unless the Court has ordered otherwise." The existing fact discovery deadline is June 17, 2024. [*See* Dckt. No. 90]. Thus, the requested discovery falls within the scope of LCR 33.3.

### D. This Court Has Personal Jurisdiction over the Covered Employees

As a preliminary matter, Defendants did not raise personal jurisdiction as a defense in its answer to the Amended Complaint. [*See* Dckt. No. 51 at pp. 18-21]. As such, Defendants "have forfeited its defense to the Court's exercise of personal jurisdiction." *Meo v. Lane Bryant, Inc.*, 2019 WL 5157024, at *11 (E.D.N.Y. 2019); *Mason v. Lumber Liquidators, Inc*., 2019 WL 2088609, at *4 (E.D.N.Y. 2019). Nevertheless, Plaintiffs will address Defendants' arguments.

It is undisputed that Defendants transact business in New York, and Plaintiffs' Collective Action claims arise of those transactions. Therefore, general jurisdiction exists. This Court need not conduct a *Brystol-Myers*[11] analysis over whether or not specific jurisdiction exists, because: (i) *Bristol-Myers* does not prevent a plaintiff in federal court from asserting federal claims on behalf of a nationwide class; and (ii) Plaintiffs' claims are asserted under a "federal statute designed to address employment practices nationwide." *See, e.g., Zambrano v. Strategic Delivery*

---

[6] *See* Dckt. Nos. 58-3; 58-4 at ¶¶ 4-6.
[7] *See* Dckt. No. 38-5 at ¶ 21.
[8] *See* Dckt. No. 58-7 [*e.g.,* Defs. 000252, 253] ("No bathroom attendant…100+ guest through the door so far…its becoming a security breach.")
[9] *See* Dckt. No. 93-5.
[10] Plaintiffs are prepared to supply the Court with relevant excerpts of deposition transcripts, at the Court's request.
[11] *Bristol-Myers Squibb v. Superior Court of Californa*, 137 S.Ct. 1773 (2017).

*Solutions, LLC,* 2022 WL 3369597 (S.D.N.Y. 2015) (conditionally certifying nationwide collective action); *Meo*, 2019 WL 5157024 (same) (declining to apply *Brystol-Myers*); *Mason*, 2019 WL 2088609 (same); *see also Simon v. Philip Morris, Inc.,* 86 F. Supp. 2d 95, 124-25 (E.D.N.Y. 2000) ("The New York class members may be considered the jurisdictional representatives of the entire nationwide class in much the same way as the named plaintiffs are its citizenship representatives for purposes of determining diversity competence of the federal court."; *Hickman v. TL Trans., LLC*, 317 F. Supp. 3d 890, 899 n. 2 (E.D. Pa. 2018) (noting the "compelling reasons to doubt" that *Bristol-Meyers* applies to out-of-state FLSA plaintiffs); *Swamy v. Title Source, Inc.,* 2017 WL 5196780, at *2 (N.D. Cal. 2017) ("It is undisputed that Title Source is subject to personal jurisdiction in California to claims brought by Swamy, the sole named plaintiff in this action, which is all that is needed to satisfy the requirement of personal jurisdiction in an FLSA action."); *accord. Jackson v. Bank of Am., N.A.,* 2018 WL 2381888, at *6 (W.D.N.Y. 2018) ("lack of specific jurisdiction potentially would not be an impediment to unnamed members of a class"); *Garcia v. Vasilia*, 319 F. Supp. 3d 863, 880 (S.D. Tex. 2018) ("[D]eclin[ing] to extend the *Bristol-Myers*' requirement to analyze personal jurisdiction with regards to each individual plaintiff to the FLSA collective action jurisdictional analysis.")

Thus, personal jurisdiction is satisfied in this case because the Court has jurisdiction over Plaintiffs claims.

### III. Conclusion

In light of the foregoing, it is respectfully requested that the Court compel Defendants to supplement their discovery responses to Plaintiffs' Interrogatories Nos. 3 and 4(b), to produce: (i) the names; and (ii) historical rates of compensation, of all Covered Employees.

We thank the Court for its attention to this matter, and are available at the Court's convenience to answer any questions related to the foregoing.

                                            LEVIN-EPSTEIN & ASSOCIATES, P.C.

                                            By:  */s/ Jason Mizrahi*
                                                 Jason Mizrahi
                                                 60 East 42nd Street, Suite 4747
                                                 New York, NY 10170
                                                 Tel. No.:  (212) 792-0048
                                                 Email: Jason@levinepstein.com
                                                 *Attorneys for Plaintiffs*

VIA ECF: All Counsel

Application **DENIED**.

It is axiomatic that a "party seeking [] discovery must make a prima facie showing that the discovery sought is more than merely a fishing expedition." *C.K. through P.K. v. McDonald*, 345 F.R.D. 262, 266 (E.D.N.Y. 2023), *aff'd*, 2024 WL 127967 (E.D.N.Y. Jan. 11, 2024).  "To that end, the discovery sought by the parties must be, as stated by Rule 26 [of the Federal Rules of Civil Procedure], proportional to the needs of the case, taking into consideration such aspects as . . . the importance of the information sought to the asserted claims or defenses."  *Id.*

Courts in this district have disagreed over whether to grant precertification discovery.  *Compare Da Silva Moore v. Publicis Groupe*, 868 F. Supp. 2d 137, 169-70 (S.D.N.Y. 2012) (noting discovery should be limited to the named plaintiffs and company policies prior to class certification) w*ith Whitehorn v. Wolfgang's Steakhouse*, Inc., No. 09 Civ. 1148, 2010 WL 2362981, at *2 (S.D.N.Y. June 14, 2010) ("While some district courts have exercised [] discretion to deny pre-certification disclosure of contact information, the weight of authority in this district counsels in favor of allowing such disclosures in FLSA cases.") (cleaned up).  At any rate, "[t]he determination whether to permit precertification discovery is entirely within the discretion of the court."  *Lapointe v. Target Corp.*, No. 16 Civ. 216, 2017 WL 3288506, at *3 (N.D.N.Y. Mar. 24, 2017).

Here, Plaintiffs have stipulated and agreed to the conditional certification of a collective action consisting of restroom attendants in three New York City nightclubs, *see* ECF No. 72 at 1.  Plaintiffs now seek the names and historical rates of compensation of all current and former non-exempt restroom attendants employed at an additional 66 nightclubs, across an additional 12 states over the last four years ("the requested discovery").  Plaintiffs have not moved for a nationwide collective action, but they represent that the requested discovery "is critical in developing the factual predicate of Plaintiffs' anticipated motion for a nationwide collective action."  ECF No. 97.

The parties met before the Court on June 20, 2024 to discuss their discovery dispute.  Having reviewed the parties' letters and oral arguments on the matter, the Court within its discretion concludes that Plaintiffs have failed to demonstrate that the requested discovery is proportional to their asserted claims here, as the case stands today.  Accordingly, as stated above, Plaintiffs' motion is denied.

SO ORDERED.  The Clerk of Court is respectfully requested to terminate ECF No. 97.

Dale E. Ho
United States District Court
New York, New York
Dated: June 20, 2024