

Jeffrey A. Kimmel

Akerman LLP
1251 Avenue of the Americas, 37th
Floor | New York, NY 10020
D: 212-259-6435 | C: 917-837-0121

July 17, 2024

<u>**VIA ECF**</u>

The Honorable Judge Dale E Ho
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

**Re:** *Mbaye et al v. RCI Hospitality Holdings, Inc. et al*
 <u>Case No.  1:23-cv-02967(DEH)</u>

Dear Judge Ho:

We represent Defendants RCI Hospitality Holdings, Inc., Peregrine Enterprises Inc., RCI 33rd Ventures, Inc., 48 West 33rd Street Corp., RCI Dining Services (37th Street), Inc., Eric Langan, and Kes Senevi (collectively "Defendants") in the above-captioned matter. We respectfully write jointly, with counsel for Plaintiffs, to submit this joint status letter ahead of the July 25, 2024 case management conference.

**<u>Whether Any Party Intends to File a Dispositive Motion</u>**

<u>Defendants' Position</u>

Defendants intend to file a motion for summary judgment on the issue of the Plaintiffs' status as non-employees.[1]

<u>Plaintiffs' Position</u>

Defendants' contemplated motion for summary judgment is doomed to fail given that Defendants have not – and cannot – satisfy their initial burden of "demonstraing the absence of a genuine issue of material fact" as to whether or not Plaintiffs were independent contractors. Defendants stand to

---

[1] Plaintiffs' comments regarding the merits of Defendants' anticipated motion for summary judgment are inappropriate for this letter which is intended to apprise the Court of the parties' intent to file dispositive motions, not to argue the merits of any intended motion. In any event, Defendants believe that a motion for summary judgment is appropriate in this case.

The Honorable Dale E. Ho
July 17, 2024
Page 2

_____

gain nothing by engaging in costly, piecemeal litigation. *See, e.g., Kariuki v. SHAC, LLC et al.,* 2016 WL 6069927 (D. Nev. 2018) (denying motion for summary judgment in FLSA action filed by bathroom attendants employed at gentlemen's clubs); *see also Hart v. Rick's Cabaret Intern., Inc.,* 967 F. Supp 2d 901 (S.D.N.Y. 2013) (denying Rick's motion for summary judgment in FLSA action filed by exotic dancers, and opining on the fact-intensive burden of establishing the independent contractor analysis).

Judicial economy would militate towards the scheduling of a trial date, as early as reasonably practicable.

### **Settlement Efforts and Whether the Parties Request a Referral for Settlement Discussions**

Defendants' Position

The parties engaged in mediation through the District's Mediation Program in August 2023 but those efforts were ultimately unsuccessful.

Since then, counsel for Defendants has repeatedly approached Plaintiffs' counsel to discuss settlement. Most recently Defendants' counsel emailed Plaintiffs' counsel on June 26, 2024 suggesting they engage in settlement discussions. Plaintiffs' counsel has not responded to that email and has not otherwise indicated an interest in engaging in settlement discussions. Defendants respectfully request a referral to the assigned Magistrate Judge for a settlement conference.

Plaintiffs' Position

Plaintiffs are amenable to the scheduling of a settlement conference, before a Magistrate Judge. However, Plaintiffs respectfully submit that the scheduling of the settlement conference should not affect any other scheduled dates, including the trial date, or otherwise operate to suspend the action.

Respectfully Submitted,

*/s/ Jeffrey A. Kimmel*
Jeffrey A. Kimmel
Partner
For the Firm

cc:    Plaintiffs' attorney (via ECF)