UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
EDHADJI MBAYE, et al.,

                Plaintiffs,                         **ORDER**
                                                                    23-CV-2967 (DEH) (JW)

      -against-

RCI HOSPITALITY HOLDINGS, INC., et al.,

                Defendants.
------------------------------------------------------------------

**JENNIFER E. WILLIS, UNITED STATES MAGISTRATE JUDGE:**

This matter has been referred for settlement. Dkt. No. 111.

Should the Parties wish to schedule a settlement conference, the Parties are directed to contact Courtroom Deputy Christopher Davis via email **by August 12** at WillisNYSDChambers@nysd.uscourts.gov to provide three mutually agreeable dates in **September, October, or November**. Any conference will be held in person at Courtroom 228, 40 Foley Square, New York, New York. Should the Parties not wish to schedule a settlement conference at this time, they should inform the Court via email by the same deadline.

Parties must attend in person with their counsel. **The Parties should be prepared for the settlement conference to last all day.** Corporate Parties must send the person with decision-making authority to settle the matter to the conference. **At least a week prior to the conference, the Court will hold a pre-conference call with the attorneys.**

The Parties **are required** to prepare pre-conference submissions in accordance with Judge Willis's Standing Order for All Cases Referred for Settlement. These letters must be submitted **three days prior to the date of the pre-conference phone call**. See § 3 of the Standing Order, ("no later than three days before the pre-conference telephone call, counsel for each Party must send the Court

by email a letter, marked "Confidential Material for Use Only at Settlement Conference," which should not be sent to the other parties. The letter should be sent to WillisNYSDChambers@nysd.uscourts.gov. This *ex parte* letter must not exceed three pages…The letter should include, at a minimum, the following: (a) the history of settlement negotiations, if any, including any prior offers or demands; (b) your evaluation of the settlement value of the case and the rationale for it; (c) any case law authority in support of your settlement position; and (d) any other facts that would be helpful to the Court in preparation for the conference.").

**The Parties are also required to jointly fill out the attached form** and submit it via email at least **three days prior to the pre-conference phone call.**

Finally, should either Party wish to discuss a possible declaration of bankruptcy, a limited ability to pay an award, or lack of access to cash to fund a settlement, the Parties are strongly encouraged to discuss such issues with opposing counsel prior to the settlement conference and to provide documents in their confidential *ex parte* letters that speak to their financial condition.

SO ORDERED.

DATED:   New York, New York
         July 26, 2024

_____
JENNIFER E. WILLIS
United States Magistrate Judge

2

# SETTLEMENT CONFERENCE FORM

**This form should be completed jointly by the Parties and emailed to WillisNYSDChambers@nysd.uscourts.gov no later than three days before the pre-conference telephone call. The answers to this form will be kept confidential and fall within Rule 408 of the Federal Rules of Evidence. Please cite to the relevant docket entry where appropriate.**

1. **Has a deadline for fact discovery been set in this case?**
   Yes_____   No_____
   If yes, the discovery deadline is/was_____

   **If so, is discovery closed?**

   Yes_____   No_____
   If yes, the discovery deadline is/was_____

   **Does either Party intend to seek to reopen discovery?**

   Yes_____ No_____

2. **Is there a deadline for expert discovery?**

   Yes_____   No_____

   If yes, the expert discovery deadline is/was_____

3. **Is either Party waiting to receive records (medical records, payroll records, expert reports, etc.) important to its case?**

   Yes_____   No_____
   If yes, what are those records?_____
   Is the Party still prepared to settle even without receipt of those documents?
   _____

4. **Has a Motion to Dismiss or Motion on the Pleadings Been Filed?**

   Yes_____   No_____

   If yes, did the District Judge rule on the Motion to Dismiss?

   Yes_____   No_____

If yes, please list the surviving claims below:

_____

5. **Has a Motion for Summary Judgment Been Filed?**

   Yes_____   No_____

   If yes, did the District Judge rule on the Motion?

   Yes_____   No_____

   If yes, what did the District Judge rule?

   Granted_____   Denied_____   Granted in part _____

6. **Are attorney's fees part of the damages calculation? If so, to date, what are the total attorney fees accumulated in the case?**

   Yes_____   No_____

   If yes, $_____

7. **Is this a fee-shifting case, if so, please identify the relevant statute.**

   Yes_____   No_____

   If yes, the relevant statute is:_____

8. **What are the estimated attorney fees for each side for the next stages of the litigation?**

   Plaintiff $_____   Prefer Not to answer_____

   Defendant $_____   Prefer Not to answer_____

9. **Are there any financial constraints affecting the settlement discussions the Court should be aware of?**

   Yes_____   No_____
   If yes, what are those financial constraints? _____

10. **What was Plaintiff's last best offer? When was this offer made?**

    $_____

    Date of Offer: _____

4

11. **What was Defendant's last best offer? When was this offer made?**

   $_____

   Date of Offer: _____

12. **If this case were to go to trial, do the Parties anticipate it will be a bench trial or a jury trial?**

   Bench Trial_____

   Jury Trial_____

13. **Does either Party intend to raise an inability to pay defense?**

   **Plaintiff/Cross Defendant**

   Yes_____ No_____

   **Defendant/Cross Plaintiff**

   Yes_____ No_____

   **If so, have the Parties shared any financial documents demonstrating an inability to pay?**

   Yes_____ No_____

14. **Are there any other impediments to settlement that the Court should be aware of?**

   Yes_____  No_____

   If yes, please describe._____

5