**LEVIN-EPSTEIN & ASSOCIATES, P.C.**

420 Lexington Avenue • Suite 2458 • New York, New York 10170
T: 212.792.0048 • E: Jason@levinepstein.com

November 3, 2026

***VIA ECF***
The Hon. Dale E. Ho, U.S.D.J.
U.S. District Court, Southern District of New York
40 Foley Square
New York, NY 10007

Re: *Mbaye et al v. RCI Hospitality Holdings, Inc. et al*
**Case No.: 23-cv-02967 (DEH)**

Dear Honorable Judge Ho,

This law firm represents Plaintiffs Elhadji Mbaye, Modou Diop, Talla Samb, and Tahirou Diakite (collectively, the "Plaintiffs") in the above-referenced matter.

Pursuant to Fed.R.Civ.P. 51(c)(1), Plaintiffs respectfully object to two (2) provisions of the Court's draft Preliminary Jury Instructions dated November 9, 2026 (the "Draft"), and propose alternative language for each. Given that the jury will hear these instructions before the first witness, and because both provisions bear directly on issues Defendants[1] will contest at trial, Plaintiffs respectfully request that the Court revise them before opening statements and carry the revisions into the final charge.

**I. Section X.A (NYLL Employment Status) Departs From the Court's Summary Judgment Ruling**

Section X.A instructs the jury that the NYLL test "is distinct from the test under the FLSA" and that jurors "may consider the following factors": whether the Plaintiff (1) worked at his own convenience; (2) was free to engage in other employment; (3) received fringe benefits; (4) was on the purported employer's payroll; and (5) was on a fixed schedule. Draft § X.A. As framed, the instruction is incomplete and invites an inconsistent verdict, for three reasons.

*First*, it departs from the Court's own analysis. At summary judgment, the Court recognized that "'[e]mployee' is defined nearly identically (and with equal circularity) in the FLSA and NYLL," that "there appears to have never been a case in which a worker was held to be an employee for purposes of the FLSA but not the NYLL (or vice versa)," and that there is "general support for giving FLSA and the New York Labor Law consistent interpretations." Opinion & Order at p. 14 [Dckt. No. 147] (the "O&O") (quoting *Hart v. Rick's Cabaret Int'l, Inc.*, 967 F. Supp. 2d 901, 922, 924 (S.D.N.Y. 2013), and *Luna v. HDMP LLC*, No. 13 Civ. 3325, 2014 WL 12543796, at *2 (E.D.N.Y. Aug. 28, 2014)). The Court then resolved the NYLL question by returning to "the ultimate question" of economic dependence. O&O at pp. 14-15. The Draft does the opposite. By telling jurors the two tests are "distinct," it invites the split verdict that, as the Court observed, no court has reached.

*Second*, the five (5) factors are illustrative, not exhaustive. The authority the Court relied upon provides that courts analyze "factors *such as*" these five. O&O at p. 14 (quoting *Vera v. The*

[1] "Defendants" collectively refers to RCI Hospitality Holdings, Inc. ("RCIHH"), Peregrine Enterprises Inc. (d/b/a Rick's Cabaret New York), RCI 33rd Ventures, Inc. (d/b/a Hoops Cabaret and Sports Bar), 48 West 33rd Street Corp. (d/b/a Hoops Cabaret and Sports Bar), RCI Dining Services (37th Street), Inc. (d/b/a Vivid Cabaret).

*6 Grp., LLC*, 2025 WL 405816, at *5 (E.D.N.Y. Feb. 5, 2025)) (emphasis added). The Draft converts that open list into a closed one, and omits the Court's own guidance that "[n]o factor is dispositive," that "any relevant evidence may be considered," and that "mechanical application of the test is to be avoided." O&O at p. 6 (quoting *Hart*, 967 F. Supp. 2d at 912, and *Brock v. Superior Care, Inc.*, 840 F.2d 1054, 1059 (2d Cir. 1988)). It also omits the standard the Court applied to control: whether Defendants were "the ultimate decision maker on the main conditions of [Plaintiffs'] work, including schedule, worker responsibilities, and compensation." O&O at pp. 6-7 (citation omitted).

*Third*, two of the five factors are circular on this record. Whether Plaintiffs "received fringe benefits" or were "on the purported employer's payroll" is the product of Defendants' classification decision, which is the very decision the jury must evaluate. Defendants admit that they paid Plaintiffs no wages "because they were not employees of Defendants." Answer ¶ 2 [Dckt. No. 51]. Thus, factors (3) and (4) should – at minimum – be qualified.

The error is not harmless. The FLSA reaches back two or three years, 29 U.S.C. § 255(a); the NYLL reaches back six. N.Y. Lab. Law §§ 198(3), 663(3). Most of Plaintiffs' damages, and all of their wage-notice and wage-statement claims, turn on this instruction.

> <u>Proposed Section X.A</u>
>
> Like the FLSA, the NYLL applies only to employees and not to independent contractors. The NYLL defines "employee" in nearly the same way as the FLSA, and the two laws are generally interpreted consistently. Under the NYLL, the critical question is the degree of control that a Defendant exercised over the results produced by the Plaintiff or the means used to achieve those results. Control may be present even if it was restricted or exercised only occasionally. In answering this question, you should consider the totality of the circumstances, including the evidence you considered in deciding whether the Plaintiff was an employee under the FLSA. Factors you may consider include, among others, whether the Plaintiff:
>
> 1. was on a fixed schedule;
> 2. worked at his own convenience;
> 3. was free to engage in other employment;
> 4. worked under conditions, including schedule, responsibilities, and compensation, decided by the Defendant;
> 5. was on the Defendant's payroll; and
> 6. received fringe benefits.
>
> No single factor is controlling, and you need not find that all, or any particular number, of these factors are present. If you find that a Plaintiff was not on a payroll, or did not receive fringe benefits, because a Defendant chose to classify him as an independent contractor, those facts do not by themselves establish that he was an independent contractor, and you should decide what weight, if any, to give them. Likewise, the label the parties used, or the terms of any written agreement, do not control. What matters is the actual working relationship.

*Alternatively*, if the Court retains the five-factor list, Plaintiffs request three conditional modifications: (i) replace "is distinct from the test under the FLSA" with "is phrased differently from the test under the FLSA, but the two laws are generally given consistent interpretations," O&O at p. 14; (ii) replace "You may consider the following factors" with "You may consider factors such as the following, among others," *id.*; and (iii) add, after the list, the final paragraph of Plaintiffs' proposal above. The proposal's statement that control may be "restricted, or exercised only occasionally" tracks O&O at p. 9 (quoting *Hart*, 967 F. Supp. 2d at 912), and its "label" sentence rests on *Brock*, 840 F.2d at 1059 (an employer's "self-serving label" is not controlling).

## II. Section X.G Misstates the Record on the Dance-Dollar Gratuities

Section X.G states that Defendants retained "approximately 2% of 'funny money' gratuities." Draft § X.G. The record shows ten percent. Vivid's general manager testified that a worker who turns in $20 in dance dollars receives $18 back, a "10 percent surcharge," and that the remaining $2 "[g]oes to the company." Castro Tr. 143:3-15 (PX 3). No evidence supports a two-percent figure, which appears to conflate the $2 retained on a $20 conversion with a percentage. An instruction from the Court that understates the amount at issue by a factor of five would prejudice Plaintiffs before any evidence is heard.

Because the amount is for the jury, Plaintiffs propose neutral language:

> Plaintiffs claim that Defendants unlawfully withheld a portion of the gratuities that Plaintiffs received from patrons in "dance dollars" (sometimes called "funny money"), by retaining a percentage of those gratuities when Plaintiffs converted them to cash.

In the alternative, Plaintiffs request that "approximately 2%" be replaced with "approximately 10%." Castro Tr. 143:3-15.

Plaintiffs reserve all objections to the remaining provisions of the Draft and to the final charge. Given the November 9, 2026 trial date, Plaintiffs respectfully request that the Court adopt the proposed revisions before opening statements.

Thank you, in advance, for your time and attention to this matter.

LEVIN-EPSTEIN & ASSOCIATES, P.C.

By: */s/ Jason Mizrahi*
Jason Mizrahi, Esq.
420 Lexington Avenue, Suite 2458
New York, NY 10170
Tel. No.: (212) 792-0048
Email: Jason@levinepstein.com
*Attorneys for Plaintiffs*