akerman

Jeffrey A. Kimmel

Akerman LLP
1251 Avenue of the Americas
37th Floor
New York, NY 10020

D: 212 259 6435
T: 212 880 3800
jeffrey.kimmel@akerman.com

November 4, 2026

**VIA ECF**
The Honorable Judge Dale E. Ho
United States District Court
Southern District of New York
40 Foley Square, Courtroom 905
New York, NY 10007

**Re: Mbaye et al v. RCI Hospitality Holdings, Inc. et al**
**Case No. 1:23-cv-02967(DEH)**

Your Honor:

We represent Defendants and write in response to Plaintiffs' two November 3, 2026 letters: (i) their objection to Sections X.A and X.G of the Court's Preliminary Jury Instructions (the "PJI") (ECF No. 176), and (ii) their request for leave to supplement the Joint Pretrial Order by adding proposed exhibits 26 through 30 and revising current exhibit descriptions (ECF No. 177). Both requests should be rejected because Plaintiffs waited until after the final pretrial conference to raise issues they were required to raise before or at that conference. Plaintiffs had the draft PJI before the conference, this Court advised the parties that the Court would discuss the trial materials and hear objections at the conference, and the Court asked the parties to raise objections then and made clear that objections not raised would be waived. Plaintiffs nevertheless waited until the next day, six days before jury selection, to serve new objections to the PJI and to seek late changes to the Joint Pretrial Order. Rules 51(c)(2) and 16(e) do not permit that approach.

## I. Plaintiffs' Preliminary Jury Instruction Revisions Are Untimely Under Rule 51(c)(2).

Pursuant to Rule 51 this Court informed the parties of its proposed instructions and gave the parties "an opportunity to object on the record and out of the jury's hearing before the instructions and arguments are delivered." Fed. R. Civ. P. 51(b)(1)-(2). An objection is timely only if a party "objects at the opportunity provided under Rule 51(b)(2)," or, if a party "was not informed of an instruction . . . before that opportunity to object." Fed. R. Civ. P. 51(c)(2)(A)-(B). Plaintiffs satisfy neither prong as to either Section X.A or Section X.G. The Court scheduled the November 2, 2026 pretrial conference on September 30, 2026. *See* ECF No. 173. Chambers circulated the draft PJI to counsel on October 30, 2026. At the November 2, 2026 conference, the opportunity the Court provided, Your Honor asked the parties to raise any objections to the draft PJI and stated that objections not raised at the conference would be waived. Plaintiffs raised no objections to either Section X.A or Section X.G. Only the next day did Plaintiffs propose an

entirely new, six-factor NYLL instruction and a different formulation of the gratuities claim.

Under Rule 51 a party that fails to timely object waives the right to do so. *Fogarty v. Near N. Ins. Brokerage, Inc.*, 162 F.3d 74, 79 (2d Cir. 1998). A court is entitled to rely on the conference as the "proceeding explicitly designed" for parties to set forth and litigate objections to any errors or omissions in the jury charge. *Emamian v. Rockefeller Univ.*, 971 F.3d 380, 387-88 (2d Cir. 2020). Plaintiffs offer no justification for holding their objections back until after the conference.

The objections also contradict Plaintiffs' own prior requests. Joint Proposed Instruction No. 14, submitted with the Joint Pretrial Order on August 11, 2026, listed the same five NYLL factors that appear in Section X.A. Having endorsed the five factors as "the actual test," Plaintiffs cannot now fault the Court for adopting them. Likewise, the challenged "approximately 2%" language in Section X.G came from Joint Proposed Instruction No. 17, to which Plaintiffs did not preserve the objection they now press. *See Shade v. Hous. Auth. of New Haven*, 251 F.3d 307, 312 (2d Cir. 2001); *Wright v. Wilburn*, 194 F.R.D. 54, 59 (N.D.N.Y. 2000).

## II. Plaintiffs' Section X.A Objection Also Fails Because the PJI Tracks the Court's NYLL Ruling.

Even if the Court reaches the merits, Plaintiffs' proposed revisions to Section X.A are not neutral clarifications. They would import FLSA economic-realities language into the NYLL instruction even though the Court's Opinion and Order (ECF No. 147) (the "Order") treated the NYLL inquiry as separate and differently phrased. The Court recognized that the Second Circuit's NYLL standard is "phrased differently than the FLSA inquiry," that "the critical inquiry pertains to the degree of control exercised by the purported employer over the results produced or the means used to achieve the results," and that courts analyze the same five factors that Section X.A lists. *See* Order at 14. The Court then described "the separate NYLL inquiry." *Id.* Section X.A restates that holding in plain language.

The controlling NYLL authority confirms the PJI language: the five factors come from *Bynog v. Cipriani Grp., Inc.*, 1 N.Y.3d 193, 198 (2003), and courts applying the NYLL focus on "the degree of control exercised by the purported employer over the results produced or the means used to achieve the results." *Velu v. Velocity Express, Inc.*, 666 F. Supp. 2d 300, 307 (E.D.N.Y. 2009).

## III. Plaintiffs' Section X.G Objection Warrants, At Most, Replacing "Approximately 2%" With "$2."

Defendants agree that there was a typographical error in this section. Defendants propose replacing "approximately 2%" with a neutral dollar-based formulation in Section X.G. The current sentence states: "Plaintiffs claim that Defendants unlawfully withheld tips from them, by retaining approximately 2% of 'funny money' gratuities." If the Court reaches Plaintiffs' objection, Defendants respectfully submit that the sentence should instead read: "Plaintiffs claim that Defendants unlawfully withheld tips from them, by retaining $2 for each $20 Dance Dollar redeemed." Plaintiffs' requested "approximately 10%" formulation should be rejected because one

reconversion example does not establish a case-wide percentage. Plaintiffs still must prove whether any gratuities were retained and, if so, the amount.

**IV. Plaintiffs' Rule 16(e) Exhibit Request Is Untimely and Prejudicial.**

Plaintiffs' Rule 16(e) request is independently untimely. Rule 16(e) permits modification of a final pretrial order only to prevent injustice, and Plaintiffs identify no newly discovered evidence or comparable justification for waiting until after the final pretrial conference to seek five new exhibits and revise exhibit descriptions. Not only is proposed exhibit 26 illegible, but it is redundant because Plaintiffs describe it as photographs of Plaintiffs' exhibit 11, which is already listed, and they acknowledge the photographs were produced in January 2024.

Proposed exhibits 27-1 and 27-2 are two *Hart* decisions totaling seventy-eight pages, and the Court already addressed *Hart* at the final pretrial conference: any use of *Hart* is limited, if at all, to Defendants' knowledge of the legal standard concerning classification and cannot be used to suggest that restroom attendants should be treated like entertainers. Plaintiffs' proposal to submit the actual decisions as evidence and tell the jury about the facts of the *Hart* litigation, its parties, and its rulings would exceed that limitation and invite a collateral mini-trial. Proposed exhibits 28 and 29 were produced and explored in deposition, so Plaintiffs had every opportunity to list them in the Joint Pretrial Order. Proposed exhibit 30 is a 2014 *Hart* declaration concerning entertainer dance-dollar forms which is entirely irrelevant to this this case. None justifies reopening the Joint Pretrial Order on the eve of trial. Again, the Court has already ruled that while the facts of the *Hart* case may be mentioned, Plaintiffs cannot use *Hart* as evidence that Plaintiffs or any restroom attendants were employees, suggest that restroom attendants should be classified like entertainers, or invite the jury to infer that any Defendant has a propensity to misclassify workers.

For these reasons, Defendants respectfully request that the Court: (i) deny Plaintiffs' November 3 requests at ECF Nos. 176 and 177; (ii) leave Section X.A as drafted; (iii) revise Section X.G only to replace "approximately 2%" with "$2" if the Court reaches that issue; and (iv) deny Plaintiffs' Rule 16(e) request. Any revision to Section X.G should not be treated as a concession on liability, retention, or amount. We thank the Court for its time and attention to this matter.

Dated: New York, NY
November 4, 2026

**AKERMAN LLP**

By: */s/ Jeffrey A. Kimmel*
Jeffrey A. Kimmel