akerman

Jeffrey A. Kimmel

Akerman LLP
1251 Avenue of the Americas
37th Floor
New York, NY 10020
D: 212 259 6435
T: 212 880 3800
jeffrey.kimmel@akerman.com

November 6, 2026

**VIA ECF**
The Honorable Judge Dale E. Ho
United States District Court
Southern District of New York
40 Foley Square, Courtroom 905
New York, NY 10007

**Re: Mbaye et al v. RCI Hospitality Holdings, Inc. et al**
**Case No. 1:23-cv-02967(DEH)**

Your Honor:

We write in opposition to Plaintiffs' letter-motion to call Charles Castro ("Mr. Castro") and Thomas Campbell ("Mr. Campbell") in their case-in-chief and to amend the Joint Pretrial Order. *See* ECF No. 185. The motion comes three months too late and should be denied.

## I. Plaintiffs Agreed to the Joint Pre-Trial Order And Passed On Every Chance to Raise This.

Plaintiffs signed the Joint Pre-Trial Order filed on August 11, 2026, which lists Mr. Castro and Mr. Campbell as Defendants' witnesses. They do not claim they objected then. At the November 2, 2026 final pretrial conference, the Court asked repeatedly whether the parties had any other issues. Each time, Plaintiffs said they had none. Defense counsel read Defendants' witness list into the record, naming Mr. Castro and Mr. Campbell. Plaintiffs then raised Shaun Kevlin ("Mr. Kevlin"), and only Mr. Kevlin. The Court asked, "Anything else on the witnesses," and Plaintiffs stated they had nothing else. Nov. 2, 2026 Tr. at 70. At the November 5, 2026 conference, the Court again asked Plaintiffs, several times, to raise any remaining issues, and made them confirm they had none. The Court asked Plaintiffs to "confirm" that they had no other objections to the preliminary charge, warned that it would "deem any further objections that you try to raise after today as waived," and asked, "Do you understand that?" Plaintiffs said they did. Nov. 5, 2026 Tr. at 7-8. The Court asked whether Plaintiffs had "any other exhibits"; they said no. *Id*. at 14. The Court then warned that "[w]e're not having trial by ambush next week." *Id*. at 14-15. Before adjourning, the Court asked whether there was "anything else that the parties would like to raise." Plaintiffs raised only the Forms 10-K, then stated, "Nothing further from the plaintiffs." *Id*. at 41-43.

## II. The Shaun Kevlin Issue Does Not Excuse the Delay.

Plaintiffs attempt to rely on Mr. Kevlin's unavailability. As this Court is aware, the issue with Mr. Kevlin's testimony was particular to Mr. Kevlin and his unavailability was not initiated

by Defense counsel in this case, but rather by his personal attorney. Plaintiffs learned on November 2nd that Defendants would not call Mr. Kevlin. They could have made this request at any point over the next three days, including at the November 5th conference called specifically to address witnesses. They did not. Instead, they filed this motion on the last business day before trial after multiple opportunities to raise it.

**III. Plaintiffs Suffer No Prejudice.**

Plaintiffs deposed Mr. Campbell on May 14, 2024 and Mr. Castro on May 15, 2024. They have designated portions of both depositions. Defendants have told the Court and Plaintiffs that they will call both witnesses. Accordingly, Plaintiffs will have an opportunity to cross-examine each of them. *See* Fed. R. Evid. 611(b), (c). Plaintiffs lose nothing. What they actually seek is to take over Defendants' witnesses and rearrange the order of Defendants' case. Rule 16(e) permits modification of a final pretrial order only "to prevent manifest injustice." A party's own decision to wait until the eve of trial to request relief solely because of a strategic change in their trial plan is not manifest injustice.

**IV. The Remaining Relief Is Unwarranted.**

Plaintiffs also ask the Court to order Defendants to produce both witnesses on Monday and Tuesday, and to require Defendants to conduct their direct examination during Plaintiffs' case. Plaintiffs never asked for either before today, and both would hand Plaintiffs control of the order of Defendants' proof. Moreover, Plaintiffs' request to examine Mr. Castro and Mr. Campbell with leading questions is moot. Plaintiffs may lead on cross-examination when Defendants call them. Fed. R. Evid. 611(c). Defendants will present their witnesses in their own case, and Plaintiffs may cross-examine them then.

Defendants respectfully request that the Court deny Plaintiffs' letter-motion in its entirety.

Dated: New York, New York
November 6, 2026

**AKERMAN LLP**

By: */s/ Jeffrey A. Kimmel*
Jeffrey A. Kimmel
Reeya Khurana
Adil Yaqoob
1251 Avenue of the Americas, 37th Floor
New York, NY 10020
Tel.: (212) 880-3800
jeffrey.kimmel@akerman.com
reeya.khurana@akerman.com
adil.yaqoob@akerman.com

*Attorneys for Defendants*